JUDGE MARRERO

08 CV 3466

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
E. GLUCK CORPORATION,                                       :

                  Plaintiff,                       :         **COMPLAINT**

                v.                                :

ADAM ROTHENHAUS,                                            :

              Defendant.                         :
------------------------------------------------------------X



APR 0 9 2008

U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff, E. Gluck Corporation, by and through its undersigned counsel, for its Complaint against defendant Adam Rothenhaus states and alleges as follows:

1.    This is a case of trademark infringement, unfair competition and cybersquatting under the Lanham Act, 15 U.S.C. § 1051 et seq.

### THE PARTIES

2.    Plaintiff E. Gluck Corporation ("Gluck" and/or "plaintiff") is a New York Corporation having a principal place of business in Long Island City, New York.

3.    Plaintiff is one of the largest watch companies in the United States.  As part of its business, plaintiff creates, designs and has manufactured for sale watches, which it sells under various trademarks. The trademarks owned by plaintiff include the NOW trademark at issue herein.

4.    Plaintiff's NOW trademark is the subject of a valid United States Trademark Registration, first registered in 1986.  Over the last twenty-two (22) years, plaintiff has extensively advertised and promoted its NOW

branded watch and has achieved substantial commercial success selling watches under the NOW trademark.

5. Upon information and belief, defendant Adam Rothenhaus ("Rothenhaus") is an individual residing in New York, NY.

6. Upon information and belief, defendant is distributing watches under the trademark THE NOW WATCH.

7. Upon information and belief, defendant has distributed through retailers located in this jurisdiction and via the Internet, watches under said trademark.

8. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 et. seq. (the Lanham Act)  and has jurisdiction over the parties.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## PLAINTIFF'S BUSINESS AND TRADEMARK RIGHTS

10. Plaintiff has been manufacturing and selling watches nationwide since 1956.  At present, plaintiff is one of the largest manufacturers and wholesale merchants of watches in the United States.

11. For over twenty years, i.e., since 1986, plaintiff has continuously marketed and sold watches under its NOW trademark.  Plaintiff's NOW branded watches have been, and continue to be, sold nationwide to the public through thousands of retailers and on the internet.

12.  In accordance with the provisions of the Lanham Act, plaintiff has registered its NOW trademark in the United States Patent and Trademark Office and is the owner of the United States Patent and Trademark Registration No. 1,446,294 for watches in international class 14.  A copy of plaintiff's Registration certificate is attached hereto as **Exhibit A**.

13.  Plaintiff's United States Trademark Registration is now an "incontestable" trademark registration.

14.  Plaintiff's Registration constitutes *prima facie* evidence of plaintiff's ownership of the NOW trademark for watches and of plaintiff's exclusive right to use this mark.

15.  By reason of the activities described herein, plaintiff owns valuable goodwill associated with the trademark NOW in the United States.

## DEFENDANTS INFRINGING ACTIVITIES

16.  Without plaintiff's knowledge, permission or consent, defendant designed, had manufactured, advertised, and has distributed in commerce a watch that he identifies as "THE NOW WATCH."

17.  A photograph of defendants' watch from his Website is attached hereto as **Exhibit B**.

18.  Upon information and belief, and once again without plaintiff's knowledge, permission or consent defendant registered the domain name <thenowwatch.com> and, accordingly, is using plaintiff's NOW trademark

3

as the dominant part of the domain name. The domain name is associated with a Website offering the subject watches for sale.

19.    Furthermore on February 7, 2006, defendant filed Application Serial No. 78/809,166 to register THE NOW WATCH with the United States Patent and Trademark Office.   However, said application for registration was refused by the Trademark Office because of a likelihood of confusion with the plaintiff's prior registered mark.  A copy of the "Office Action" rejecting defendant's application on this basis is attached hereto as **Exhibit C**.


## COUNT I
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

20.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 of the complaint as if fully set forth herein.

21.    This count arises under Section 32 of the Trademark Act of 1946; as amended, 15 U.S.C. § 1114(1).

22.    The unauthorized use, advertising, and promotion of a watch by defendant under a trademark incorporating the term NOW is likely to cause confusion, or to cause mistake, or to deceive, purchasers in relation to plaintiff's "NOW" trademark.

23.    The activities of the defendant complained of herein constitute infringement of plaintiff's federally registered "NOW" trademark.

24.    Plaintiff has provided defendant with notice that he has violated plaintiff's rights.  In addition, the Trademark Office has also advised defendant that

its use of the subject would violate the rights of plaintiff. Notwithstanding such notices from both plaintiff and the Trademark Office, the activities of the defendant have continued.

25.    Defendant is not and has never been authorized or licensed by plaintiff to conduct the activities described herein, nor has he received permission from plaintiff to conduct said activities.

26.    By reason of defendant's acts alleged herein, plaintiff has been damaged and unless defendant is restrained from continuing his wrongful acts, the damage to plaintiff, which is irreparable, will increase. The monetary damages to plaintiff, will be, unless defendants ceases his wrongful acts, in excess of $150,000.

27.    Plaintiff has no adequate remedy at law.

## COUNT II
## ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT

28.    Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 27 as if set forth herein.

29.    This cause of action for federal trademark cyberpiracy arises under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

30.    Upon information and belief defendant registered and has maintained the domain name www.thenowwatch.com with the knowledge of plaintiff's ownership of a federal registration for NOW, and plaintiff's longstanding use of the NOW mark in association with the sale of watches.

5

31. Upon information and belief, defendant acquired and has maintained this domain name with the bad faith intent to profit from the fame and notoriety of plaintiff's NOW mark.

32. Defendant's acts have and will continue to irreparably injure plaintiff, for which plaintiff has no adequately remedy at law.

33. Upon information and belief, defendant has profited by the activities complained of herein, and plaintiff has been damaged by such activities in an amount as yet unknown but believed to be in excess of $150,000.

## COUNT III
## UNFAIR COMPETITION UNDER THE LANHAM ACT

34. Plaintiff repeats and realleges the allegations contained in paragraph 1 through 33 of this complaint as if fully set forth herein.

35. This Count arises under Section 43 of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

36. By reason of the foregoing acts of the defendant as alleged herein, defendant has falsely described, represented, and designated the origin of his products.

37. Defendant's activities are likely to cause and have caused confusion amongst the public, and are likely to deceive customers concerning the source of the products supplied by the defendant.

38. Plaintiff has no control over the quality of the defendant's products that are promoted, advertised, and sold under such false and misleading

designation of origin, with the result that plaintiff's valuable goodwill in its "NOW" mark is being damaged.

39.    Upon information and belief, defendant will continue to make such false designations of origins for and in connection with its products unless restrained by this court.

40.    By reason of the foregoing acts of defendant, as alleged herein, plaintiff is suffering irreparable harm and has been damaged. Since it has no adequate remedy at law, plaintiff seeks a permanent injunction enjoining defendant from promoting, advertising, distributing and selling products under the "NOW" name, together with damages in an amount thus far not determined, but which is likely, if defendant do not cease his activities, to be in excess of $150,000.

**WHEREFORE**, Plaintiff prays for the following relief:

(1)    That defendant, and all those acting in active concert or participation with him, each and all of them, be enjoined and restrained, during the pendency of this action and permanently, from engaging in or performing any and all of the following:

(A)    Directly or indirectly infringing plaintiff's "NOW" trademark in any manner, including generally, but not limited to, advertising, promoting, distributing and selling products which bear terms which infringe said trademarks and specifically, using or displaying the name or mark "THE NOW WATCH."

(B)     Using any designation, trademark, trade name, logo or design that tends falsely to represent, or is likely to confuse, misled or deceive purchasers, defendant's customers, or members of the public into believing that unauthorized products promoted originate from plaintiff, or that said products have been sponsored, authorized or licensed by or associated with plaintiff or is in some way connected or affiliated with plaintiff.

(C)     Otherwise infringing plaintiff's "NOW" trademark or competing unfairly with plaintiff any matter or damaging Plaintiff's respective goodwill, reputation or business; and

(2)     That defendant abandon his Application for Trademark Registration, and that defendant be permanently prohibited from seeking to register the any mark incorporating the term "NOW" for watches or watch related products.

(3)     That defendant be required to deliver up for destruction all infringing products, promotional material, boxes, labels, packages, containers and all other materials, together with all means, including plates, molds, matrixes etc. for making or reproducing the same pursuant to 15 U.S.C. § 1118 and the common law.

(4)     That damages be awarded to plaintiff in the full amount plaintiff has sustained as a consequence of defendant's acts, together with any and all profits of defendant, which are attributable or arise out of or form such wrongful acts or infringement.

(5)     That plaintiff recover from defendant all of its litigation expenses, including

        reasonable attorney fees and costs pursuant to 15 U.S.C. §1117 and all

        other applicable laws.

(6)     That plaintiff have such other, further or additional relief as this court may

        deem just and proper.


                                        Respectfully submitted,

                                        GOTTLIEB, RACKMAN & REISMAN
                                        Attorneys for Plaintiff


Dated:        April 8, 2008             _____
                                        Richard S. Schurin (RS0199)
                                        270 Madison Avenue 8th Floor
                                        New York, NY 10016
                                        (212) 684-3900

# EXHIBIT A

Int. Cl.: 14

Prior U.S. Cl.: 27

United States Patent and Trademark Office

Reg. No. 1,446,294

Registered July 7, 1987

## TRADEMARK
### PRINCIPAL REGISTER

# NOW

E. GLUCK CORPORATION (NEW YORK COR-
   PORATION)
29-10 THOMSON AVENUE
LONG ISLAND CITY, NY 11101

   FOR: WATCHES, IN CLASS 14 (U.S. CL. 27).

FIRST USE 9-16-1986; IN COMMERCE
9-16-1986.

   SER. NO. 628,672, FILED 11-5-1986.

C. A. SIDOTI, EXAMINING ATTORNEY

# EXHIBIT B



**Because the Time Is Always Now!**

| Order The Now Watch | Store Locations | About Us | Our Community | Contact Us | Home |

the now watch

NOW

Contact Us  |  © Copyright 2007 The Now Watch  |  Website Design: Weaver - Powerful Affordable Websites

# EXHIBIT C

| Document Description: **Offc Action Outgoing** | Mail / Create Date: **01-Aug-2006** |
|---|---|

Previous Page    Next Page    You are currently on page 1 of 2

**To:**        Rothenhaus, Adam (arothenhaus@nyc.rr.com)

**Subject:**   TRADEMARK APPLICATION NO. 78809166 - THE NOW WATCH - N/A

**Sent:**      8/1/06 11:05:41 AM

**Sent As:**   ECOM117@USPTO.GOV

**Attachments:** Attachment - 1

---

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**        78/809166

**APPLICANT:**        Rothenhaus, Adam

**CORRESPONDENT ADDRESS:**
   ROTHENHAUS, ADAM
   20 E 9TH ST APT 6W
   NEW YORK, NY 10003-5944

### *78809166*

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:**      THE NOW WATCH

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  N/A

**CORRESPONDENT EMAIL ADDRESS:**
   arothenhaus@nyc.rr.com

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
4. Your telephone number and e-mail
   address.

---

## OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION:** If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number  78/809166

The assigned examining attorney has reviewed the referenced application and determined the following.

## Section 2(d) - Likelihood of Confusion Refusal

Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 1,446294.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq*.  See the enclosed registration.

Taking into account the relevant *Du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis.  First, the marks are compared for similarities in appearance, sound, connotation and commercial impression.  *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973).  Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely.  *In re National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq*.

The goods are highly related: watches and watch faces.

The marks are highly similar and convey the same meaning using the same wording forming the major portion of the marks: NOW ;THE NOW WATCH. The addition of the generic name ,WATCH to  the applicant's mark does not obviate likelihood of confusion.

For these reasons, registration is refused under the provisions of Section 2(d) of the Trademark Act.

If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following informality.

## Disclaimers

The applicant must disclaim the descriptive wording "WATCH" apart from the mark as shown. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.03(a).  The wording is merely descriptive because it is the generic name of the item for which applicant's particular goods are used—for watches. .

The computerized printing format for the *Trademark Official Gazette* requires a standard form for a disclaimer. TMEP §1213.08(a)(i).  A properly worded disclaimer should read as follows:

> No claim is made to the exclusive right to use WATCH apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

The Office can require an applicant to disclaim exclusive rights to an unregistrable part of a mark, rather than refuse registration of the entire mark.  Trademark Act Section 6(a), 15 U.S.C. §1056(a).  Under Trademark Act Section 2 (e), 15 U.S.C. §1052(e), the Office can refuse registration of the entire mark where it is determined that the entire mark is merely descriptive, deceptively misdescriptive, or primarily geographically descriptive of the goods.  Thus, the Office may require the disclaimer of a portion of a mark which, when used in connection with the goods or services, is merely descriptive, deceptively misdescriptive, primarily geographically descriptive, or otherwise unregistrable (e.g., generic).  TMEP §1213.03(a).  If an applicant does not comply with a disclaimer requirement, the Office may refuse registration of the entire mark.  TMEP §1213.01(b).

A "disclaimer" is thus a written statement that an applicant adds to the application record that states that applicant

does not have exclusive rights, separate and apart from the entire mark, to particular wording and/or to a design aspect. The appearance of the applied-for mark does not change.

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

Please note, there is no required format or form for responding to this Office action. The Office recommends applicants use the Trademark Electronic Application System (TEAS) to respond to Office actions online at http://www.uspto.gov/teas/index.html. However, if applicant responds on paper via regular mail, the response should include the following information: (1) the name and law office number of the examining attorney; (2) the serial number of this application; (3) the mailing date of this Office action; and, (4) applicant's telephone number.

When responding to this Office action, applicant must make sure to respond to each refusal and requirement raised. If there is a refusal to register the proposed mark, then applicant may wish to argue against the refusal, i.e., submit arguments and/or evidence as to why the refusal should be withdrawn and why the mark should register. If there are other requirements, then applicant should simply set forth in writing the required changes or statements and request that the Office enter them into the application record. Applicant must also sign and date its response.

Applicant should include the following information on all correspondence with the Office: (1) the name and law office number of the trademark examining attorney; (2) the serial number of this application; (3) the mailing date of this Office action; and, (4) applicant's telephone number. 37 C.F.R. §2.194(b)(1); TMEP §302.03(a).

Applicant should provide a current telephone number with its response to expedite processing. TMEP §302.03(a).

Applicant should set forth a current business address in its response. TMEP §803.05.

Henry S. Zak
/Henry S. Zak/
Examining Attorney
Law Office 117
(571) 272-9354

## HOW TO RESPOND TO THIS OFFICE ACTION:
- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED**

**RESPONSE.**
- **REGULAR MAIL RESPONSE:** To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE: The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a certificate of mailing. 37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

---

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- ***General trademark information****: Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- ***Technical help****: For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- ***Questions about USPTO programs****: Please e-mail USPTO Contact Center (UCC).*

*NOTE: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

Document Description: **Offc Action Outgoing**    Mail / Create Date: **01-Aug-2006**

Back

**Print: Aug 1, 2006**                    **73628672**

**TYPED DRAWING**

**Serial Number**
73628672

**Status**
SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED

**Word Mark**
NOW

**Standard Character Mark**
No

**Registration Number**
1446294

**Date Registered**
1987/07/07

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
E. GLUCK CORPORATION CORPORATION NEW YORK 29-10 THOMSON AVENUE LONG
ISLAND CITY NEW YORK 11101

**Goods/Services**
Class Status -- ACTIVE.  IC 014.  US  027.  G & S: WATCHES.  First
Use: 1986/09/16.  First Use In Commerce: 1986/09/16.

**Filing Date**
1986/11/05

**Examining Attorney**
UNKNOWN

**Attorney of Record**
JAMES REISMAN

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail* TrademarkAssistanceCenter@uspto.gov, *or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail* TDR@uspto.gov. *If outside of the normal business hours of the USPTO, please e-mail* Electronic Business Support, *or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail* USPTO Contact Center (UCC).

**NOTE**: *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*