## GOTTLIEB, RACKMAN & REISMAN, P.C.
### COUNSELORS AT LAW
PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N.Y. 10016-0601
PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com · E-MAIL: Info@grr.com

JAMES REISMAN
MICHAEL I. RACKMAN
GEORGE GOTTLIEB
BARRY A. COOPER
DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
AMY B. GOLDSMITH
TIBERIU WEISZ
MARIA A. SAVIO
RICHARD S. SCHURIN

OF COUNSEL
DIANA MULLER*

* MEMBER OF THE BAR
OF ARGENTINA ONLY

DONNA MIRMAN BROOME
BARBARA H. LOEWENTHAL
MARC P. MISTHAL
FRANK D. DECOLVENAERE
STEVEN STERN
YUVAL H. MARCUS

PATENT AGENT
ZOYA V. CHERNINA

May 12, 2008

**Via Facsimile**
Hon. Victor Marrero
United States District Court Judge
Southern District of New York
Daniel Moynihan United States Courthouse
500 Pearl Street, Suite 660
New York, N.Y. 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-12-08
```

    Re:    E. Gluck Corporation v. Adam Rothenhaus
             08 Civ. 3466 (VM) (RLE)

Dear Judge Marrero:

    This firm represents plaintiff E. Gluck Corporation ("plaintiff" and/or "Gluck") in the above referenced matter. We write pursuant to Your Honor's Individual Rules to request a pre-motion conference for the purpose of filing a motion for a preliminary injunction.

    As described in its Complaint herein, Gluck is one of the largest watch companies in the United States. Gluck sells watches under various brands, including ARMITRON and others. One of its most important trademarks is "NOW." Over the last twenty years, Gluck has sold tens of millions of watches in the United States under its NOW mark, and Gluck's NOW trademark is the subject of a valid United States trademark registration (Reg. No. 1,446,294). Gluck's NOW trademark was first registered more than 20 years ago.

    In this case, Gluck alleges that the defendant Adam Rothenhaus ("defendant" and/or "Rothenhaus") has infringed Gluck's NOW trademark, by selling a watch that he calls "The NOW Watch." "NOW" appears prominently on the face of defendant's watch. Gluck also asserts claims of unfair competition and cybersquatting.

    By way of background, and as alleged in Gluck's Complaint, on or about February 7, 2006, and without plaintiff's knowledge or consent, defendant filed an application in the United States Trademark Office to register the mark "THE NOW WATCH." Defendant's application was filed on an "intent-to-use" basis. Defendant's application was rejected by the trademark examiner, who cited

Hon. Victor Marrero
U.S. District Court Judge
May 12, 2008
Page 2

plaintiff's federal registration as a bar to registration. As described by the trademark examiner, "Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 1,446,294." (See the "Office Action" attached as Exhibit C to the Complaint.)

Notwithstanding the rejection of his trademark application (which had been filed on an "intent-to-use" basis), in late March of 2008, plaintiff learned that defendant had begun actually using the subject trademark in commerce. Plaintiff's counsel thereafter sent defendant a cease and desist letter. When defendant's counsel failed to substantively respond by the date requested, suit was commenced on April 8, 2008. Subsequent to suit being filed, we have exchanged correspondence with defendant's counsel, Elizabeth Shieldkret, and have recently spoken to her on the phone. To date, defendant has refused to stop selling the subject infringing watches, necessitating that plaintiff file a motion for a preliminary injunction.

We appreciate Your Honor's consideration of this request.

Respectfully submitted,
GOTTLIEB, RACKMAN & REISMAN

Richard S. Schurin

cc:   E. Shieldkret, Esq.

> Request GRANTED. A pre-motion conference is scheduled for 5-23-08 at 9:15 a.m. to discuss the matter set forth above by plaintiff
>
> SO ORDERED:
> 5-12-08
> DATE    VICTOR MARRERO, U.S.D.J.