IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| E. GLUCK CORPORATION,<br><br>                          Plaintiff,<br><br>    v.<br><br>ADAM ROTHENHAUS,<br><br>                         Defendant. | Civil Action No.:<br>08 Civ. 3466 (VM)<br><br>Filed Electronically |

**DECLARATION OF ELIZABETH SHIELDKRET
IN SUPPORT OF DEFENDANT'S MOTION FOR
SANCTIONS PURSUANT TO RULE 11, FED. R. CIV. P.**

I, Elizabeth Shieldkret, under penalty of perjury, state as follows:

1.    I am a member of the bar of this Court and counsel for the named-Defendant Adam Rothenhaus, in this action. I make this declaration in support of Plaintiff's Motion for Sanctions Pursuant to Rule 11, Fed. R. Civ. P.

2.    Attached as Exhibit 1 hereto is a true and correct copy of my May 9, 2008 letter to Plaintiff's counsel, Richard S. Schurin, Esq.

3.    Attached as Exhibit 2 hereto is a true and correct copy of my April 28, 2008 letter to Plaintiff's counsel, Richard S. Schurin, Esq.

4.    On the afternoon of Friday, May 9, 2008, Plaintiff's counsel, Richard S. Schurin, Esq., telephoned me. Among other things, he said his client was aggressive and wanted to pursue a TRO and preliminary injunction the following week. He told me that my client could avoid that by acceding to all the demands in Plaintiff's cease and desist letter. I told him I would convey his

offer to my client, that I doubted he would accept those terms, and that Mr. Schurin would hear from me on Monday. He said words to the effect that he did "not want to hear from [me] on Monday" as he would already be preparing the papers. Mr. Schurin never mentioned any emergency necessitating a TRO.

Dated: May 13, 2008       By: *Elizabeth Shieldkret*
                          Elizabeth Shieldkret (ES 0625)
                          85-86 67th Avenue
                          Rego Park, NY 11374
                          (718) 997-0290
                          es@eshieldkret.com

                          Attorney for Defendant,
                          Adam Rothenhaus

2

Exhibit 1

**ELIZABETH SHIELDKRET**
ATTORNEY AT LAW
85-86 67TH AVENUE
REGO PARK, NY 11374
TEL: 718-997-0290
FAX: 718-997-0291
es@eshieldkret.com
www.eshieldkret.com

May 9, 2008

By Fax
<u>Confirmation By Mail</u>

Richard S. Schurin, Esq.
Gottlieb Rackman & Reisman, P.C.
270 Madison Avenue
New York, NY  10016-0601

Re: <u>Gluck v. Rothenhaus</u>, 08 Civ. 3466 (VM)

Dear Mr. Schurin:

You called me today to tell me that you planned to seek a TRO and preliminary injunction next week on behalf of your client in the above-referenced action. You also said you would seek a default judgment if my client did not answer the complaint on May 12, 2008.

I told you that you had not properly served my client and I explained how the affidavit of service contained false statements which were contradicted by documents from your own office. You told me that it "didn't matter" that an affidavit you filed with the court contained false statement and you believed the "nail and mail" service you used was proper. You said you would not withdraw the affidavit.[1]

You asked me to identify my client's defenses. I told you that I believed you had not made a reasonable inquiry into the facts and law before signing the complaint. Specifically, I asked you whether you had caselaw to support your position. You told me you have been "practicing intellectual property law for ten years" and that you were not aware of any case where a defendant could use "the same mark on the same goods." I told you my client's use was not a mark. You did not seem to understand the difference. I also asked you whether, in response to my April 14, 2008 inquiry, you had found a case to support your position. You had not.

---

[1] You identified the affiant who signed above the signature block for your firm as a "paralegal" though there was no such designation on the affidavit.

Richard S. Schurin, Esq.   Page 2 of 2
May 9, 2008

I tried to explain that I had given you an opportunity to withdraw the flawed affidavit and complaint but you did not understand. You said "if you use those words, 'not understand' again, I'll hang up on you."

I told you there have been numerous instances when correspondence from your office did not contain the enclosures it purported to contain. You promised that you would (1) have personally delivered to me any papers you sought to rely on to obtain injunctive relief, (2) not seek *ex parte* relief and (3) give me the opportunity to participate in scheduling a hearing with the Court.

Very truly yours,

*Elizabeth Shieldkret*

Elizabeth Shieldkret

Exhibit 2

**ELIZABETH SHIELDKRET**
ATTORNEY AT LAW
85-86 67TH AVENUE
REGO PARK, NY 11374
TEL: 718-997-0290
FAX: 718-997-0291
es@eshieldkret.com
www.eshieldkret.com

April 28, 2008

By Fax
Confirmation By Mail

Richard S. Schurin, Esq.
Gottlieb Rackman & Reisman, P.C.
270 Madison Avenue
New York, NY 10016-0601

Re: Gluck v. Rothenhaus, 08 Civ. 3466 (VM)

Dear Mr. Schurin:

You faxed me a letter on April 17, 2008 stating that you were enclosing a copy of the Complaint in the above-referenced action. You did not fax the Complaint. Your hard copy of the letter was not postmarked until April 21, 2008 and again, contrary to your written representation, did not contain a copy of the Complaint.

It appears that you attempted to serve Mr. Rothenhaus, but that service was defective for numerous reasons. To date, Mr. Rothenhaus has not been properly served. It is not necessary to attempt to serve Mr. Rothenhaus again if you send either Mr. Rothenhaus or me a waiver of service pursuant to Rule 4(d), Fed. R. Civ. P.

Pursuant to DR 7-104(B), this is notice that Mr. Rothenhaus would like to speak with Mr. Gluck to discuss this matter. Can you arrange a time for your client to meet with Mr. Rothenhaus next week or soon thereafter? This is not a waiver of your duties under DR 7-104(A).

Very truly yours,

*Elizabeth Shieldkret*

Elizabeth Shieldkret