UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------X    Civil Action No. 08 CV 3466 (VM)

E. GLUCK CORPORATION,

                    **Plaintiff,**    **FIRST AMENDED COMPLAINT**

        v.

ADAM ROTHENHAUS,

                  **Defendant.**

----------------------------------------------------X

       Plaintiff, E. Gluck Corporation, by and through its undersigned counsel, for its

First Amended Complaint against defendant Adam Rothenhaus states and alleges as

follows:

1.     This is a case of trademark infringement, unfair competition and cybersquatting

       under the Lanham Act, 15 U.S.C. § 1051 et seq.

<u>**THE PARTIES**</u>

2.     Plaintiff E. Gluck Corporation ("plaintiff") is a New York Corporation having a

       principal place of business in Long Island City, New York.

3.     Plaintiff is one of the largest watch companies in the United States.  As part of its

       business, plaintiff creates, designs and has manufactured for sale, watches

       which it sells under various trademarks. The trademarks owned by plaintiff

       include the NOW trademark at issue herein.

4.     Plaintiff's NOW trademark is the subject of a valid and incontestable United

       States Trademark Registration, first registered in 1986.  Over the last twenty-two

       (22) years, plaintiff has extensively advertised and promoted its NOW branded

watch and has achieved substantial commercial success selling watches under the NOW trademark.

5. Upon information and belief, defendant Adam Rothenhaus ("Rothenhaus") is an individual residing in New York, NY.

6. Upon information and belief, defendant is distributing watches under the trademark THE NOW WATCH.

7. Upon information and belief, defendant has distributed through retailers located in this jurisdiction and via the Internet, watches under said trademark.

8. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 et. seq. (the Lanham Act) and has jurisdiction over the parties.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## PLAINTIFF'S BUSINESS AND TRADEMARK RIGHTS

10. Plaintiff has been selling watches nationwide since 1956. At present, plaintiff is one of the largest wholesale merchants of watches in the United States.

11. For over twenty years, i.e., since 1986, plaintiff has continuously marketed and sold watches under its NOW trademark. Plaintiff's NOW branded watches have been, and continue to be, sold nationwide to the public through thousands of retailers. Copies of representative sample of plaintiff's marketing and advertising efforts are attached hereto as **Exhibit A.**

12. Plaintiff's NOW branded watches have been sold, and continue to be sold, to consumers through the largest retailers in the United States, including Wal-Mart, Target, J.C. Penny, Kohl's, Sears, K-Mart and many others.

2

13.    In accordance with the provisions of the Lanham Act, plaintiff has also registered its NOW trademark in the United States Patent and Trademark Office ("USPTO") and is the owner of Trademark Registration No. 1,446,294 for watches in international class 14. A copy of plaintiff's Registration certificate is attached hereto as **Exhibit B**.

14.    Plaintiff's United States Trademark Registration is now "incontestable" under Section 15 of the Lanham Act.   Section 15(b) of the Lanham Act provides, in relevant part, that:

"(b) To the extent that the right to use the registered mark has become incontestable under section 15 [§1065], the registration shall be conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce."

15 U.S.C. §1115(b) (emphasis supplied).

15.    By reason of the activities described herein, plaintiff owns valuable goodwill associated with the trademark NOW in the United States.

## DEFENDANT'S INFRINGING ACTIVITIES

## DEFENDANT'S FAILED EFFORTS TO REGISTER "THE NOW WATCH"

16.    On February 7, 2006, without plaintiff's knowledge or consent, defendant filed Application Serial No. 78/809,166 with the USPTO to register the trademark THE NOW WATCH.   Defendant's application was filed on an intent-to-use basis, indicating that the mark was not in use. A copy of the defendant's application retrieved from the USPTO's Website is attached hereto as **Exhibit C**.

3

17.    On August 1, 2006, the defendant's application for registration was refused by

the Trademark Office because of a likelihood of confusion with the plaintiff's prior

registered mark.  The trademark examiner stated in relevant part:

"Registration of the proposed mark is refused because of a likelihood of
confusion with the mark in U.S. Registration No. 1,446,294.
…

The goods are highly related: watches and watch faces.

The marks are highly similar and convey the same meaning using the same
wording forming the major portion of the marks: NOW; THE NOW WATCH.  The
addition of the generic name WATCH to the applicant's mark does not obviate
likelihood of confusion.

For these reasons, registration is refused under the provisions of Section 2(d) of
the Trademark Act."

A copy of this Office Action rejecting the defendant's application, retrieved from

the USPTO's Website, is attached hereto as **Exhibit D.**

18.    Not to be deterred, on October 12, 2006, defendant sought to overcome the

USPTO's rejection of its trademark application.  A copy of the defendant's

"Response to Office Action," retrieved from the USPTO's Website, is attached

hereto as **Exhibit E.**

19.    However, on December 1, 2006, the USPTO responded to defendant's

submission and maintained its rejection.   The trademark examiner stated in

relevant part:

"After careful consideration of the applicant's arguments for allowance, the
refusal to register under the provisions of Section 2(d) are maintained for the
following reasons:
 …

SIMILARITY OF THE GOODS

The goods in issue appear to be either identical or highly similar.  While the applicant has identified the goods as "watch faces" an examination of the picture of applicant's proposed goods shows the terms NOW placed to identify the watch, rather than only an element of the goods, such a watch face.  Therefore, the goods appear to be identical, or highly similar – watches.

If the goods or services of the respective parties are closely related, the degree of similarity between marks required to support a finding of likelihood of confusion is not as great as would apply with diverse goods or services.  *Century 21 Real Estate Corp. v. Century Life of America*, 970 F.2d 874, 877, 23 USPQ2d 1698, 1701 (Fed. Cir. 1992) …

SIMILARITY OF THE MARKS

…

While the applicant claims that each word in its mark has been carefully selected to create a distinct commercial impression, the generic word "watch" would only be perceived by viewers as the name of the goods, not necessarily effecting the meaning of the word which creates the major commercial impression in both marks, NOW.

The mere addition of a term to a registered mark does not obviate the similarity between the marks nor does it overcome a likelihood of confusion under Section 2(d).  *In re Chatam International, Inc.*, 380 F. 3d 1340, 71 USPQ2d 1944 (Fed. Cir. 2004)
…

For these reasons, the marks, in fact, create the same commercial impression for identical goods – watches."

A copy of this "Office Action," retrieved from the USPTO's Website, is attached

hereto as **Exhibit F**.

20.    On December 24, 2007, defendant <u>yet again</u> sought to overcome the USPTO's

rejection.  A copy of the defendant's second "Response to Office Action" is

attached hereto as **Exhibit G**.

21.    On January 25, 2008, the USPTO again rejected, for a third time, defendant's

application for registration.  This time, the Trademark Examiner responding both

to defendant's new substitute drawing and its argument to overcome plaintiff's

registered mark, stated in relevant part:

"Even if the substitute drawing were acceptable, the initial refusal to register
under the provision of Section 2(d) based on cited registration no. 1,446,294
would be maintained.

The goods are identical or highly related:  watches and watch faces.
…

Under the proposed new drawing of the mark, the watch face is the most
prominent element of the entire mark, THE NOW WATCH, being in different
colors, and being the largest feature of the overall mark; the fact that the term
"watch" is generic and disclaimed entitles it to much less weight in determining
the predominant features of the goods, most noticed by potential consumers.
The different size and shade of the letters composing the word NOW in the watch
face also emphasize the term as the predominant feature of the overall mark.  As
such, while other wording may be contained in the applicant's mark, the term
most likely to be remembered by consumers is the term NOW, identical in
appearance, pronunciation and meaning to the cited registered mark NOW.

For these reasons, the 2(d) refusal to register is maintained."

A copy of this "Office Action," retrieved from the USPTO's Website, is attached

hereto as **Exhibit H**.

<u>DEFENDANT'S REGISTRATION AND MAINTENANCE OF HIS DOMAIN NAME –
WWW.THENOWWATCH.COM</u>

22.    Upon information and belief, and once again without plaintiff's knowledge,

permission or consent, in or about February 2005, defendant registered the

domain name <thenowwatch.com>. Said domain name is associated with

defendant's commercial Website offering watches for sale.

23.    Upon information and belief, at the time defendant registered the domain name

<thenowwatch.com>, defendant had actual and constructive notice of plaintiff's

trademark rights in the trademark NOW, and knew that his use of THE NOW

WATCH would create a likelihood of confusion.  Upon information and belief, defendant has registered and maintained the domain name <thenowwatch.com> with the intent to divert consumers from plaintiff and knew that his registration and use of the domain name, <thenowwatch.com> in association with the sale of watches would violate plaintiff's rights.

DEFENDANT'S SALE OF WATCHES

24.    In March, 2008, plaintiff learned that without plaintiff's knowledge, permission or consent, defendant had manufactured, advertised, and began distributing in United States commerce, a watch that he identifies as "THE NOW WATCH."

25.    The term "NOW" appears on the face of the defendant's watch, and the term THE NOW WATCH on the box in which the watch is packaged.  A photograph of defendant's watch and its packaging are attached hereto as **Exhibit I.**

26.    Defendant also indicates on a page on his Website that he is seeking to market his watch to a "diverse range" of consumers through various channels of trade, including "mainstream shopping malls."  A copy of this page printed from defendant's Website is attached hereto as **Exhibit J**.

27.    On March 25, 2008, plaintiff's attorney sent a letter to defendant demanding that defendant cease using the name "The Now Watch", the domain name, thenowwatch.com, or any other confusingly similar term in connection with the sale of watches.  A copy of that cease and desist letter is attached hereto as **Exhibit K**.

28.    Having received no response to its March 25, 2008 letter, on April 9, 2008, plaintiff commenced the instant action.

7

## COUNT I
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

29.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 of the Amended Complaint as if fully set forth herein.

30.    This count arises under Section 32 of the Trademark Act of 1946; as amended, 15 U.S.C. § 1114(1).

31.    The unauthorized use, advertising, and promotion of a watch by defendant under a trademark incorporating the term NOW is likely to cause confusion, or to cause mistake, or to deceive, purchasers in relation to plaintiff's "NOW" trademark.

32.    The activities of the defendant complained of herein constitute infringement of plaintiff's federally registered and incontestable "NOW" trademark.

33.    Plaintiff has provided defendant with notice that he has violated plaintiff's rights. In addition, the USPTO has also advised defendant that his use of the subject mark would create a likelihood of confusion.  Notwithstanding such notices from both plaintiff and the USPTO, the activities of the defendant have continued.

34.    Defendant is not and has never been authorized or licensed by plaintiff to conduct the activities described herein, nor has he received permission from plaintiff to conduct said activities.

35.    By reason of defendant's acts alleged herein, plaintiff has been damaged and unless defendant is restrained from continuing his wrongful acts, the damage to plaintiff, which is irreparable, will increase. The monetary damages to plaintiff, will be, unless defendants ceases his wrongful acts, in excess of $150,000.

36.    Plaintiff has no adequate remedy at law.

8

## COUNT II
## ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT

37.    Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 36 of this Amended Complaint as if set forth herein.

38.    This cause of action for federal trademark cyberpiracy arises under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

39.    Upon information and belief, defendant registered and has maintained the domain name <thenowwatch.com> with the knowledge of plaintiff's ownership of a federal registration for NOW, and plaintiff's longstanding use of the NOW mark in association with the sale of watches.

40.    Upon information and belief, defendant has registered and maintained the domain name <thenowwatch.com>, with the intent to divert customers from plaintiff.

41.    Upon information and belief, defendant registered and has maintained this domain name with the intent to profit from the fame and notoriety of plaintiff's NOW mark.

42.    Upon information and belief and for the reasons described herein and to be discovered in this case, defendant has acted in bad faith in registering and maintaining his domain name.

43.    Defendant's acts have and will continue to irreparably injure plaintiff, for which plaintiff has no adequately remedy at law.

44.    Upon information and belief, defendant has profited by the activities complained

of herein, and plaintiff has been damaged by such activities in an amount as yet

unknown but believed to be in excess of $150,000.

**COUNT III**
**UNFAIR COMPETITION UNDER THE LANHAM ACT**

45.    Plaintiff repeats and realleges the allegations contained in paragraph 1 through

44 of this Amended Complaint as if fully set forth herein.

46.    This Count arises under Section 43 of the Trademark Act of 1946, as amended,

15 U.S.C. § 1125(a).

47.    By reason of the foregoing acts of the defendant as alleged herein, defendant

has falsely described, represented, and designated the origin of his products.

48.    Defendant's activities are likely to cause and have caused confusion amongst the

public, and are likely to deceive customers concerning the source of the products

supplied by the defendant.

49.    Plaintiff has no control over the quality of the defendant's products that are

promoted, advertised, and sold under such false and misleading designation of

origin, with the result that plaintiff's valuable goodwill in its "NOW" mark is being

damaged.

50.    Upon information and belief, defendant will continue to make such false

designations of origins for and in connection with its products unless restrained

by this court.

51.    By reason of the foregoing acts of defendant, as alleged herein, plaintiff is

suffering irreparable harm and has been damaged. Since it has no adequate

remedy at law, plaintiff seeks a permanent injunction enjoining defendant from promoting, advertising, distributing and selling products under the "NOW" name, together with damages in an amount thus far not determined, but which is likely, if defendant do not cease his activities, to be in excess of $150,000.

**WHEREFORE**, Plaintiff prays for the following relief:

(1)    That defendant, and all those acting in active concert or participation with him, each and all of them, be enjoined and restrained, during the pendency of this action and permanently, from engaging in or performing any and all of the following:

   (A)    Directly or indirectly infringing plaintiff's "NOW" trademark in any manner, including generally, but not limited to, advertising, promoting, distributing and selling products which bear terms which infringe said trademarks and specifically, using or displaying the name or mark "THE NOW WATCH."

   (B)    Using any designation, trademark, trade name, logo or design that tends falsely to represent, or is likely to confuse, misled or deceive purchasers, defendant's customers, or members of the public into believing that unauthorized products promoted originate from plaintiff, or that said products have been sponsored, authorized or licensed by or associated with plaintiff or is in some way connected or affiliated with plaintiff.

   (C)    Otherwise infringing plaintiff's "NOW" trademark or competing unfairly with plaintiff any matter or damaging Plaintiff's respective goodwill, reputation  or business; and

11

(2)    That defendant abandon his Application for Trademark Registration, and

that defendant be permanently prohibited from seeking to register

any mark incorporating the term "NOW" for watches or watch related products.

(3)    That defendant be required to deliver up for destruction all infringing products,

promotional material, boxes, labels, packages, containers and all other materials,

together with all means, including plates, molds, matrixes etc. for making or

reproducing the same pursuant to 15 U.S.C. § 1118 and the common law.

(4)    That damages be awarded to plaintiff in the full amount plaintiff has

sustained as a consequence of defendant's acts, together with any and all

profits of defendant, which are attributable or arise out of or form such

wrongful acts or infringement.

(5)    That statutory damages be awarded to plaintiff.

(6)    That plaintiff recover from defendant all of its litigation expenses, including

reasonable attorney fees and costs pursuant to 15 U.S.C. §1117 and all

other applicable laws.

(7)    That plaintiff have such other, further or additional relief as this court may

deem just and proper.

Respectfully submitted,
GOTTLIEB, RACKMAN & REISMAN
Attorneys for Plaintiff

Dated: June 4, 2008

Richard S. Schurin (RS0199)
270 Madison Avenue 8th Floor
New York, NY 10016
(212) 684-3900

12

**EXHIBIT A**

# Armitron. America's Watch™

A Brand name dedicated to offering the American consumer timepieces that feature superior quality, and trendsetting designs at exceptional prices.

## Strict Quality Control Methods

Assures you a perfect watch, every time, all the time. Created over 46 years ago, Armitron is a major force in the worldwide watch industry. In its state of the art facility of over 300,000 square feet, Armitron watches are handled with the utmost care and are subjected to a variety of quality control tests. Bascoscopes check micron plating on metals, and water resistant watches are individually tested on the highest caliber monitoring equipment. Those who own an Armitron watch can be assured that they have . . . .

## The Best Priced Quality Watch in America

It's all in the details, from the markers on the dial, to the integrated stainless steel bracelet. Careful attention is paid to every detail. The brand Armitron is one you can be proud to wear , and proud to give.



# Armitron Product Line

Armitron is a timepiece for everyone, men, women, and children. Choose from a large selection of fine watches that will fit your lifestyle and your pocketbook. Exceptional quality and design are present throughout all product categories which include: Gentlemen's analog, digital multi function watches and ladies fashion styles offered in the Now collection. In addition, there are fun and exciting Character watch licenses such as: Looney Tunes, Scooby-Doo, PowerPuff Girls, Peanuts, Garfield and Bob the Builder.

## All-Sport®

A collection of sport watches for men and women that combines high-end technology and styling at exceptional prices.

Features Include:




• Dual times • 24-hour Alarms
• Chronograph • Durable Cases
• Instalime/Night Vision Display
• Water Resistant • Stainless Steel

• 1 touch Release Safety Clasps
• Unidirectional Bezels
• 3 Subdial Month/Day / Date

## Now®

A collection of fashion-forward watch styles for today's fashion conscious women.

Features Include:

• Genuine Single Cut Diamonds
• Hand Set Genuine Austrian Crystals
• Genuine Rubies & Sapphires
• Genuine Mother-Of-Pearl
• 23K Gold Plating • Calendar
• Water Resistant
• Faceted Crystals









Case 1:18-cv-00480-VM-RLE    Document 10-2    Filed 06/04/2008    Page 4 of 7



FALL 1993



Case 1:08-cv-03490-TM-PLB    Document 10-2    Filed 06/04/2008    Page 6 of 7



NEW

75/1526 OPL

Crushed
Opal Dial

NEW

75/1524 LAP

Lapis
Dial

NEW

75/1526 MAL

Malachite
Dial

NEW

75/1524 MAL

Malachite
Dial

NEW

75/1526 MOP

Mother of
Pearl Dial

NEW

75/1524 MOP

Mother of
Pearl Dial

NEW

75/1526 ONX

Onyx
Dial

NEW

75/1524 ONX

Onyx
Dial

NOW® by Armitron®

GENUINE STONE
DIALS

Case 1:03-cv-03483-VM-RLE    Document 16-2    Filed 06/04/2008    Page 7 of 7



NW36
16"H x 11½"W x 4"D



98/NWBNSM
SMALL ON-COUNTER BANNER
17"H x 7½"W



98/NW 64
NOW 64 pc. ON COUNTER DISPLAY
21"H x 13"W

98/NWBR
NOW BRACELET DISPLAY



98/NWV3BK
9"H x 5½"W



98/NWICS
WATCH TRAY
16"W x 11¾"D



**EXCITING NEW FIXTURES
CREATE DYNAMIC IN STORE
PRESENTATIONS!**

**Armitron®
POINT OF PURCHASE**



# 20% OFF FASHION WATCHES





# C O N T E N T S



## N O W
PAGES 2-10

| | |
|---|---|
| SILVER BRACELETS | PAGE 2 |
| MESH BRACELETS | PAGE 3 |
| ANTIQUE | PAGE 4 |
| BANGLES | PAGE 5 |
| REVERSIBLES, GOLD BRACELETS, PENDANT | PAGE 6 |
| EXPANSIONS | PAGE 7 |
| TWO-TONE BRACELETS | PAGE 8 |
| BOXED SETS | PAGE 9 |
| STRAPS | PAGE 10 |
| FIXTURES | PAGE 31, 32 |



## A L L - S P O R T
PAGES 11-32

| | |
|---|---|
| DURASTEEL | PAGE 12-14 |
| COLOR DIALS | PAGE 16 |
| MEN'S BRACELETS | PAGE 17 |
| LADIES' BRACELETS | PAGE 18 |
| EXPANSIONS | PAGE 19-21 |
| POCKET WATCHES | PAGE 21 |
| STRAPS | PAGE 22 |
| INSTALITE | PAGE 23,25-28,30 |
| ANA-DIGIS | PAGE 24 |
| DIGITALS | PAGE 29 |
| CLEAR STRAPS | PAGE 30 |
| FIXTURES | PAGE 31,32 |



## C H A R A C T E R
PAGES 33-51

| | |
|---|---|
| CLASSIC COLLECTION | PAGE 34-36 |
| MUSICALS | PAGE 36,41,42 |
| ROTATING DISCS | PAGE 38 |
| INSTALITE STRAPS, CLOISONNE | PAGE 39 |
| SCULPTED DIALS | PAGE 40 |
| BOXED SETS | PAGE 43 |
| MINIS | PAGE 44 |
| BRACELETS | PAGE 45 |
| POCKET WATCHES | PAGE 46 |
| JELLIES | PAGE 47-49 |
| FIXTURES | PAGE 50-51 |

LIFETIME
LIMITED
WARRANTY

ARMITRON® AMERICA'S WATCH



Lot #1038
75/1851
$45
**NEW**

Lot #1003
75/1811
$55

Lot #1034
75/1853 BLU
$50
**NEW**

Lot #1104
25/4603
$45

Lot #1035
75/1853 SIL
$50
**NEW**

Lot #1076
75/1651
$55



page 2 by Armitron.



Lᴏᴛ #1090
◄ 75/1753
$40

Lᴏᴛ #1574 ➤
25/6067
$40

Lᴏᴛ #1036
75/1845
$40
**NEW**

Lᴏᴛ #1026
75/1831 ➤
$40

Lᴏᴛ #1039
◄ 75/1849
$40
**NEW**

Lᴏᴛ #1027
75/1841 ➤
$40

Lᴏᴛ #1037
75/1847 BLU ➤
$45
**NEW**



by Armitron.    page 3



LOT #1024
75/1803 ➤
$55

LOT #1025
75/1833 ➤
$50

LOT #1009
◄ 75/1823
$45

LOT #1031
◄ 25/6103
$45

LOT #1023
◄ 75/1835
$55



NOW®

page 4 | byArmitron.





LOT #1108
75/1793 ▶
$50

LOT #1111
◀ 75/1796
$45

LOT #1042
◀ 75/1854 BLK
$60
**NEW**

LOT #1088
◀ 75/1728
$45

LOT #1033
◀ 75/1855 SIL
$55
**NEW**

LOT #1089
75/1729 ▶
$45



LOT #1052
25/5596 ►
$55

LOT #1019
25/5834 ►
$50

LOT #1006
75/1816 ◄
$55

LOT #1176
75/1718 ◄
$45

LOT #1136
75/6004 ◄
$55
REVERSIBLE

LOT #1119
75/6000 ►
$55
REVERSIBLE

LOT #1028
75/1828 ◄
$50
MOTHER OF
PEARL DIAL

REVERSIBLE
BRACELET

NOW®

page 6  by Armitron.

EXPANSIONS



LOT #1126
75/1804 ➤
$50

LOT #1092
75/1733 ➤
$45

LOT #1002
75/1806 ➤
$45

LOT #1029
75/1836 ➤
$50
MOTHER OF
PEARL DIAL

LOT #1094
75/1741 ➤
$45

LOT #1091
◄ 75/1732
$45

LOT #1001
75/1806 ➤
$45

LOT #1097
◄ 75/1731
$45
INSTALITE
DIAL



NOW

byArmitron.   page 7

LOT #1081
◄ 75/1743
$50

LOT #1084
75/1749 ►
$50

LOT #1005
75/1815 ►
$60

LOT #1102
◄ 75/1789
$55

LOT #1105
75/1766 ►
$65



LOT #1106
◄ 75/1767
$65

LOT #1004
75/1813 ►
$60

MOTHER OF
PEARL DIAL

# NOW®
page 8 | by Armitron.



LOT #1113
75/1764 SET ►
$85

LOT #1112
◄ 75/1556 BKST
$55

LOT #1115
75/1604 SET ►
$55

LOT #1116
◄ 75/1603 SET
$55

BOXED SETS



NOW
byArmitron.   page 9



LOT #1146
75/1676 HNY ➤
$35

LOT #1041
▼75/1842 HNY
$45
**NEW**

LOT #1169
75/1708 HNY ➤
$40

LOT #1411
◄75/1507
$40

LOT #1123-0009
75/1619 BLK ➤
$40

LOT #1067-2003
75/1595 HNY ➤
$40

LOT #1154
75/1626 WHT ➤
$40

LOT #1142-1004
◄75/1668 TAN
$40

LOT #1123-2005
75/1619 WHT ➤
$40

LOT #1142-0006
75/1668 BLK ➤
$40

LOT #1128
75/1626 BLK ➤
$40



NOW ®

CELEBRITY HEALTH AND FITNESS AWARDS OF 1999

# SELF

**The New Feel-Full Weight Loss Trick, pg. 92**



**12-PAGE PULLOUT BONUS!**

## FITNESS, BEAUTY & HEALTH MEGA-MANUAL

All the insider advice you need for Y2K— from shapeup moves to makeup musts

### The #1 Total-Body Workout
**SELF** unveils your best at-home get-fit plan

### STEAL THESE STRATEGIES
### Stay-Slim Secrets of Wo
### Who Eat What They Want

**10 MORTIFYING QUESTIONS YOU'D REALLY RATHER NOT ASK YOUR DOC** (We did it for yo

**Exclusive Interview**
HILLARY CLIN
SANE AND BO

**GET IT NOW! 53** Best Beauty Buys by Mail

DECEMBER 1999 $2.79
CANADA/FOREIGN $3.95

0 319465 2

**QUICK—WHAT'S YOUR HEALTH DESTINY?**
Find out if your future's a done deal

DECEMBER 1999

Fitness, Beauty & Health Mega-Manual • Stay-Slim Secrets

H13

37126



BE DIFFERENT, BE BEAUTIFUL.



The Now Collection from $40
FOR THE NEAREST ARMITRON RETAILER CALL
800-840-2933 EXT.SE

Case 1:08-cv-03466-VM-RLE    Document 10-5    Filed 06/04/2008    Page 2 of 6



# BAZAAR

## FASHION TO THE MAX

### EXTREME BIKINIS & MAJOR MINIS

## STATUS SCENTS

**THE DESIGNER FRAGRANCE FRENZY**

## DECKED OUT

**SUPER YACHTS ARE BACK**

## THRILL SEEKERS

**ATHLETES ON THE EDGE**

MAY | $3.00
05

0 754724 7



Armitron
Now

. . . a beautiful time.

From thirty five dollars

For the Armitron retailer
nearest you, call:
800-840-2933 ext.H



teenVOGUE

**SPECIAL PRICE $1.99**

10 PRO TIPS TO GET GREAT SKIN

FASHION HEATS UP

mandy moore
daring new role, edgy look to match

60 cool picks

chic shorts, breezy dresses, sassy sunglasses, & bright white denim

CARNAL KNOWLEDGE
what should you learn about sex at school?

sister style
from Beyoncé and Solange to Mary-Kate and Ashley Olsen

USA $1.99
CANADA $2.99
FOREIGN $2.95

0 751144

MAY 2004
www.teenvogue.com



# BE DIFFERENT, BE BEAUTIFUL.



The Now Collection from $40
FOR THE NEAREST ARMITRON RETAILER CALL
800-840-2933 EXT.SE

Case 1:08-cv-03466-VM-RLE    Document 10-5    Filed 06/04/2008    Page 1 of 1



# BAZAAR

## FASHION TO THE MAX

### EXTREME BIKINIS & MAJOR MINIS

## STATUS SCENTS

### THE DESIGNER FRAGRANCE FRENZY

## DECKED OUT

### SUPER YACHTS ARE BACK

## THRILL SEEKERS

### ATHLETES ON THE EDGE

MAY 2000

HEARST MAGAZINES

MAY | $3.00

05

0 754724 7

# Armitron Now

... a beautiful time.



From thirty five dollars

For the Armitron retailer
nearest you, call:
800-840-2933 ext.H



teenVOGUE

SPECIAL PRICE $1.99

**FASHION HEATS UP**

# 60

# cool picks

## chic shorts, breezy dresses, sassy sunglasses, & bright white denim

**sister style**
from Beyoncé and Solange to Mary-Kate and Ashley Olsen

# 10 PRO TIPS TO GET GREAT SKIN

# mandy moore
daring new role, edgy look to match

**CARNAL KNOWLEDGE**
what should you learn about sex at school?

USA    $1.99
CANADA  $2.99
FOREIGN $2.95

MAY 2004
www.teenvogue.com

0  751144  2

0 5>

teen VOGUE

## shopping spree



42

Palladium canvas sneaker, about $65. (888) 368-7996.



43

Claus Porto Violet Bath Foam, $35. www.lafcony.com.



44

Ayah New York metallic leather clutch, about $160. Barneys New York, NYC.



45

Vivienne Tam tiered chiffon dress, about $325. Vivienne Tam, NYC.



kirsten dunst



# plum gorgeous

*Purple reigns supreme on lavender watches and grape-colored high-tops.*



46

Francesco Biasia embroidered bag, about $180. (800) 865-5422.



47

Now by Armitron watch, about $35. (800) 840-2933.



48

Wendy Mink plastic earrings, about $118. Henri Bendel, NYC.



49

Maybelline New York Forever Metallics lip color in Silver Lilac, $8. Drugstores.



50

XOXO Footwear satin heel, about $76. (866) 969-6444.



Case 1:06-cv-08924-VM-ALP    Document 1516    Filed 09/09/2008    Page 4 of 7

**EXCLUSIVE: INSIDE JULIA ROBERTS' NEW HOME**

The Malibu house where she'll raise her twins

# WEEKLY IN TOUCH

**NEW $1.99**

MARY-KATE OLSEN

**MORE TROUBLE
Can she handle
the split from
her boyfriend?**

BILL CLINTON

**How his surgery
is giving him a
new lease on life**

# IS IT ALREADY OVER?

**Friends reveal why J. Lo
and Marc's relationship
is so fragile now**

An expert says:
**"THIS IS NOT A
HAPPY COUPLE"**

SEPTEMBER 20, 2004 • $1.99

38>

0  71486  03658  6



**Steal her Style!**

# Selma Blair's
# knack
# for black

**W**hen it came time to attend the Spanish premiere of *Hellboy*, Selma, a onetime aspiring fashion photographer, felt that a frilly look wouldn't do! "Because I do love fashion, I know I can't wear anything that's going to wear me," she says, citing her lean frame. Instead, Selma chose simple draped black pieces. The 32-year-old clotheshorse, who wore Karl Lagerfeld when she wed rocker Ahmet Zappa, is starting a line of wraparound belts inspired by the ones her mother wore. It'll be a cinch!

**THE EARRINGS**
An all-black outfit, like Selma's, needs dramatic jewelry. Fada NYC's earrings work because the shape is bold, but the filigree is pretty. $8, (212) 564-8380.

**THE WATCH**
An oversized watch, like those in Armitron's Now Collection, looks like a piece of jewelry because of its chunky, sensuous links. $40, (800) 840-2933 for stores.

**THE NECKLACE**
Wearing chokers made of large, round beads is all the rage right now, and Fada NYC's necklace fits the bill. $12, (212) 564-8380.

**Grand total: $222**

**SWEATER AND CAMISOLE**
For a polished-but-breezy look, Selma wears a soft sweater, like this one by Warehouse, and layers it over a camisole. Sweater; $38, (212) 583-1880. H&M camisole; $6, hm.com for stores.

**THE SKIRT**
The lines and angles of Selma's skirt, which are echoed in this one by Heart Soul, add depth and visual interest. Showing just a sliver of belly is a subtly sexy style. $29, sears.com for stores.

SELMA BLAIR

**THE SHOES**
For a vampy-but-girly feel, ankle-wrapped shoes with a closed toe — like these Joan & David Circa ones — are just the thing. $92, macys.com for stores.

Case 1:06-cv-05455-VM-RLE    Document 10-6    Filed 08/04/2008    Page 6 of 7

www.luckymag.com

# Lucky.

NOVEMBER 2004

THE
PRETTIEST
PARTY
MAKEUP
PAGE 154

INSIDER
STYLE
WHAT
FASHION
EDITORS
REALLY
WEAR

## Glam details:

Our exquisite 11-page
jewelry guide

How to get
an instantly
feminine look

## everyday sexy!

- shapes made to perfect your body
- hot pieces everyone will notice
- work dressing like you've never seen it

## LUCKY BREAKS

PAGE 247

Alicia Silverstone
shops organic
PAGE 110

*bracelet* *continued*








*Futuristic* and '60s-inspired at the same time. **STAINLESS-STEEL DIGITAL "CHOCOLAT" $2,550** CHANEL, 800-550-0005 FOR LOCATIONS

*Asymmetrical* perfection with plenty of gleam and polish. **"DÉCLARATION" $4,750** CARTIER, 800-227-8437







*This sharp* cufflike design is impressive in its boldness— pair it with a clean-cut suit. **STAINLESS-STEEL CUFF, $350** ALFEX, 800-827-7590 FOR STORES

*A shot of hot pink* makes it a bit funky. **SWAROVSKI "NOW" COLLECTION, $55** ARMITRON, 800-840-2933 FOR STORES

*The jeweled* bracelet packs a lot of style punch. **DIAMOND AND PINK TOPAZ "DEBUTANTE" WITH INTER-CHANGEABLE BANDS, $4,495** CORUM, BAILEY BANKS & BIDDLE, 800-651-4222









*Simplicity* at its best: streamlined and timeless. **STAINLESS-STEEL "BARELETO" $595** MOVADO, SELECT MACY'S, 800-343-0121

*A fanciful* opalescent face, offset by strikingly bright metal. **STEEL "BZERO1" WITH MOTHER-OF-PEARL FACE, $1,800** BULGARI, 800-285-4274

*Glimmer* to wear with jeans—or a floor-length gown. **CRYSTAL-DETAIL STAINLESS STEEL, $199** BULOVA, SELECT MACY'S, 800-343-0121

*A great* option for the office—it's modern, uncluttered, and entirely professional. **STAINLESS STEEL, $695** GUCCI, 212-826-2600

**EXHIBIT B**

Int. Cl.: **14**

Prior U.S. Cl.: **27**

**Reg. No. 1,446,294**

## United States Patent and Trademark Office

Registered July 7, 1987

## TRADEMARK
### PRINCIPAL REGISTER

# NOW

E. GLUCK CORPORATION (NEW YORK COR-
PORATION)
29-10 THOMSON AVENUE
LONG ISLAND CITY, NY 11101

FOR: WATCHES, IN CLASS 14 (U.S. CL. 27).

FIRST USE 9-16-1986; IN COMMERCE
9-16-1986.

SER. NO. 628,672, FILED 11-5-1986.

C. A. SIDOTI, EXAMINING ATTORNEY

**Thank you for your request. Here are the latest results from the** <u>TARR web server.</u>

**This page was generated by the TARR system on** 2008-05-27 16:59:23 ET

**Serial Number:** 73628672 <u>Assignment Information</u>         <u>Trademark Document Retrieval</u>

**Registration Number:** 1446294

**Mark (words only):** NOW

**Standard Character claim:** No

**Current Status:** This registration has been renewed.

**Date of Status:** 2007-07-17

**Filing Date:** 1986-11-05

**Transformed into a National Application:** No

**Registration Date:** 1987-07-07

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at** <u>TrademarkAssistanceCenter@uspto.gov</u>

**Current Location:** 830 -Post Registration

**Date In Location:** 2007-07-17

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. E. GLUCK CORPORATION

**Address:**
E. GLUCK CORPORATION
29-10 THOMSON AVENUE
LONG ISLAND CITY, NY 11101
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** New York

---

## GOODS AND/OR SERVICES

**International Class:** 014
**Class Status:** Active

WATCHES
**Basis:** 1(a)
**First Use Date:** 1986-09-16
**First Use in Commerce Date:** 1986-09-16

---

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2007-07-17 - First renewal 10 year

2007-07-17 - Section 8 (10-year) accepted/ Section 9 granted

2007-07-13 - Assigned To Paralegal

2007-06-18 - Combined Section 8 (10-year)/Section 9 filed

2007-06-18 - TEAS Section 8 & 9 Received

2006-10-20 - Case File In TICRS

1992-11-28 - Section 8 (6-year) accepted & Section 15 acknowledged

1992-09-04 - Section 8 (6-year) and Section 15 Filed

1987-07-07 - Registered - Principal Register

1987-04-14 - Published for opposition

1987-03-13 - Notice of publication

1987-02-03 - Approved for Pub - Principal Register (Initial exam)

1987-02-03 - Assigned To Examiner

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
JAMES REISMAN

**Correspondent**
JAMES REISMAN
GOTTLIEB, RACKMAN & REISMAN, P.C.
8th Floor
270 Madison Avenue
New York NY 10016
Phone Number: 212-684-3900
Fax Number: 212-684-3999

---

**EXHIBIT C**

Document Description: **TEAS Plus New Application**    Mail / Create Date: **07-Feb-2006**

| Previous Page | Next Page | You are currently on page 1 of 2 | |

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 78809166**
**Filing Date: 02/07/2006**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| TEAS Plus | YES |
| **MARK INFORMATION** | |
| *MARK | The Now Watch |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | The Now Watch |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Rothenhaus, Adam |
| *STREET | 20 East 9th Street Apt. 6W |
| *CITY | New York |
| *STATE (Required for U.S. applicants) | New York |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 10003 |

| PHONE | 212-982-2336 |
|---|---|
| EMAIL ADDRESS | arothenhaus@nyc.rr.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## LEGAL ENTITY INFORMATION

| *TYPE | INDIVIDUAL |
|---|---|
| * COUNTRY OF CITIZENSHIP | United States |

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| *INTERNATIONAL CLASS | 014 |
|---|---|
| *DESCRIPTION | Watch faces |
| *FILING BASIS | SECTION 1(b) |

## ADDITIONAL STATEMENTS INFORMATION

| *TRANSLATION (if applicable) | |
|---|---|
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |

## CORRESPONDENCE INFORMATION

| *NAME | Rothenhaus, Adam |
|---|---|
| *STREET | 20 East 9th Street Apt. 6W |
| * CITY | New York |
| * STATE (Required for U.S. applicants) | New York |
| * COUNTRY | United States |
| * ZIP/POSTAL CODE (Required for U.S. applicants only) | 10003 |
| PHONE | 212-982-2336 |
| * EMAIL ADDRESS | arothenhaus@nyc.rr.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| NUMBER OF CLASSES | 1 |
|---|---|
| FEE PER CLASS | 275 |
| TOTAL FEE DUE | 275 |

## SIGNATURE INFORMATION

| * SIGNATURE | /Adam Rothenhaus/ |
|---|---|
| * SIGNATORY NAME | Adam Rothenhaus |
| SIGNATORY POSITION | Owner |
| * SIGNATURE DATE | 02/07/2006 |

## FILING INFORMATION SECTION

| SUBMIT DATE | Tue Feb 07 16:40:27 EST 2006 |
|---|---|
| TEAS STAMP | USPTO/FTK-66.108.84.90-20 060207164027921015-788091 66-30026732fcf52dfc2b2ac7 83f4ddc3819ff-CC-373-2006 0207160609084795 |

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 78809166**
**Filing Date: 02/07/2006**

To the Commissioner for Trademarks:
**MARK:** The Now Watch (Standard Characters, see mark)
The literal element of the mark consists of The Now Watch. The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Adam Rothenhaus, a citizen of United States, residing at 20 East 9th Street Apt. 6W, New York, New York, United States, 10003, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 014:  Watch faces

If the applicant is filing under Section 1(b), intent to use, the applicant declares that it has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(b), as amended.

If the applicant is filing under Section 1(a), actual use in commerce, the applicant declares that it is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

If the applicant is filing under Section 44(d), priority based on foreign application, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and asserts a claim of priority based on a specified foreign application(s). 15 U.S.C. Section 1126(d), as amended.

If the applicant is filing under Section 44(e), foreign registration, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and submits a copy of the supporting foreign registration(s), and translation thereof, if appropriate. 15 U. S.C. Section 1126(e), as amended.

The USPTO is authorized to communicate with the applicant or its representative at the following email address: arothenhaus@nyc.rr.com.

A fee payment in the amount of $275 will be submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or

imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /Adam Rothenhaus/  Date: 02/07/2006
Signatory's Name: Adam Rothenhaus
Signatory's Position: Owner
Mailing Address:
    Rothenhaus, Adam
    20 East 9th Street Apt. 6W
    New York, New York 10003

RAM Sale Number: 373
RAM Accounting Date: 02/08/2006

Serial Number: 78809166
Internet Transmission Date: Tue Feb 07 16:40:27 EST 2006
TEAS Stamp: USPTO/FTK-66.108.84.90-20060207164027921
015-78809166-30026732fcf52dfc2b2ac783f4d
dc3819ff-CC-373-20060207160609084795


TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information:** *Please e-mail* TrademarkAssistanceCenter@uspto.gov, *or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help:** *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail* TDR@uspto.gov. *If outside of the normal business hours of the USPTO, please e-mail* Electronic Business Support, *or call 1-800-786-9199.*
- **Questions about USPTO programs:** *Please e-mail* USPTO Contact Center (UCC).

**NOTE:** *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

**EXHIBIT D**

Document Description: **Offc Action Outgoing**       Mail / Create Date: **01-Aug-2006**

| | |
|---|---|
| **To:** | Rothenhaus, Adam (arothenhaus@nyc.rr.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 78809166 - THE NOW WATCH - N/A |
| **Sent:** | 8/1/06 11:05:41 AM |
| **Sent As:** | ECOM117@USPTO.GOV |
| **Attachments:** | Attachment - 1 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**      78/809166

**APPLICANT:**      Rothenhaus, Adam

# *78809166*

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**CORRESPONDENT ADDRESS:**
  ROTHENHAUS, ADAM
  20 E 9TH ST APT 6W
  NEW YORK, NY 10003-5944

**MARK:**      THE NOW WATCH

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  N/A

**CORRESPONDENT EMAIL ADDRESS:**
  arothenhaus@nyc.rr.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION:** If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number  78/809166

The assigned examining attorney has reviewed the referenced application and determined the following.

## Section 2(d) - Likelihood of Confusion Refusal

Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 1,446294. Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq.* See the enclosed registration.

Taking into account the relevant *Du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq.*

The goods are highly related: watches and watch faces.

The marks are highly similar and convey the same meaning using the same wording forming the major portion of the marks: NOW ;THE NOW WATCH. The addition of the generic name ,WATCH to the applicant's mark does not obviate likelihood of confusion.

For these reasons, registration is refused under the provisions of Section 2(d) of the Trademark Act.

If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following informality.

## Disclaimers

The applicant must disclaim the descriptive wording "WATCH" apart from the mark as shown. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.03(a). The wording is merely descriptive because it is the generic name of the item for which applicant's particular goods are used—for watches. .

The computerized printing format for the *Trademark Official Gazette* requires a standard form for a disclaimer. TMEP §1213.08(a)(i). A properly worded disclaimer should read as follows:

> No claim is made to the exclusive right to use WATCH apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

The Office can require an applicant to disclaim exclusive rights to an unregistrable part of a mark, rather than refuse registration of the entire mark. Trademark Act Section 6(a), 15 U.S.C. §1056(a). Under Trademark Act Section 2 (e), 15 U.S.C. §1052(e), the Office can refuse registration of the entire mark where it is determined that the entire mark is merely descriptive, deceptively misdescriptive, or primarily geographically descriptive of the goods. Thus, the Office may require the disclaimer of a portion of a mark which, when used in connection with the goods or services, is merely descriptive, deceptively misdescriptive, primarily geographically descriptive, or otherwise unregistrable (e.g., generic). TMEP §1213.03(a). If an applicant does not comply with a disclaimer requirement, the Office may refuse registration of the entire mark. TMEP §1213.01(b).

A "disclaimer" is thus a written statement that an applicant adds to the application record that states that applicant

does not have exclusive rights, separate and apart from the entire mark, to particular wording and/or to a design aspect. The appearance of the applied-for mark does not change.

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

Please note, there is no required format or form for responding to this Office action. The Office recommends applicants use the Trademark Electronic Application System (TEAS) to respond to Office actions online at http://www.uspto.gov/teas/index.html. However, if applicant responds on paper via regular mail, the response should include the following information: (1) the name and law office number of the examining attorney; (2) the serial number of this application; (3) the mailing date of this Office action; and, (4) applicant's telephone number.

When responding to this Office action, applicant must make sure to respond to each refusal and requirement raised. If there is a refusal to register the proposed mark, then applicant may wish to argue against the refusal, i.e., submit arguments and/or evidence as to why the refusal should be withdrawn and why the mark should register. If there are other requirements, then applicant should simply set forth in writing the required changes or statements and request that the Office enter them into the application record. Applicant must also sign and date its response.

Applicant should include the following information on all correspondence with the Office: (1) the name and law office number of the trademark examining attorney; (2) the serial number of this application; (3) the mailing date of this Office action; and, (4) applicant's telephone number. 37 C.F.R. §2.194(b)(1); TMEP §302.03(a).

Applicant should provide a current telephone number with its response to expedite processing. TMEP §302.03(a).

Applicant should set forth a current business address in its response. TMEP §803.05.

Henry S. Zak
/Henry S. Zak/
Examining Attorney
Law Office 117
(571) 272-9354

## HOW TO RESPOND TO THIS OFFICE ACTION:

- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED

**RESPONSE.**
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address, and include the serial number, law office number, and examining attorney's name. **NOTE:  The filing date of the response will be the** *date of receipt in the Office,* not the postmarked date. To ensure your response is timely, use a certificate of mailing.  37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- ***General trademark information:*** *Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- ***Technical help:*** *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- ***Questions about USPTO programs:*** *Please e-mail USPTO Contact Center (UCC).*

*NOTE: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

**Print: Aug 1, 2006**                    **73628672**

**TYPED DRAWING**

**Serial Number**
73628672

**Status**
SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED

**Word Mark**
NOW

**Standard Character Mark**
No

**Registration Number**
1446294

**Date Registered**
1987/07/07

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
E. GLUCK CORPORATION CORPORATION NEW YORK 29-10 THOMSON AVENUE LONG
ISLAND CITY NEW YORK 11101

**Goods/Services**
Class Status -- ACTIVE.  IC 014.  US  027.  G & S: WATCHES.  First
Use: 1986/09/16.  First Use In Commerce: 1986/09/16.

**Filing Date**
1986/11/05

**Examining Attorney**
UNKNOWN

**Attorney of Record**
JAMES REISMAN

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving* **technical** *glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail USPTO Contact Center (UCC).*

**NOTE**: *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

**EXHIBIT E**

Document Description: **Response to Office Action**     Mail / Create Date: **12-Oct-2006**

| Previous Page | | Next Page | | You are currently on page 1 of 2 | |

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/2009)

# Response to Office Action

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 78809166 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 117 |
| **MARK SECTION (no change)** | |
| **ARGUMENT(S)** | |

Introduction:

The application to trademark the phrase "The Now Watch" was refused due to a likelihood of confusion with the mark, U.S. Registration No. 1,446294.

Upon initial review, that conclusion seems understandable. The two marks apply to a similar class of goods. The application in question for "The Now Watch" refers to watch faces while U.S. Registration No. 1,446294 refers to watches in general.

However the marks do not connote the same meaning or purpose and significant physical portions of the marks are distinct.

Therefore upon a more in-depth examination of the meaning, purpose, and use of the two marks, it should become clear that the two marks are indeed significantly different, and therefore leave no likelihood of confusion.

A better understanding of the two marks and the two accompanying goods and services will provide us with a more complete context before we re-examine the relevant DuPont factors.

About The Now Watch:

The Now Watch is a new concept for a new kind of watch. The Now Watch is the name of the company as well as the name of its primary product. As can be seen by the two samples in the accompanying picture provided as evidence, The Now Watch uses the word "NOW" and places it prominently on the face of a watch. Thus when people wearing the watch look at their Now Watch, they can still find out the time as they would with any other watch, but will simultaneously be provided with an additional meaning with a distinct purpose. That is, when wearers look at their Now Watch, they will be reminded that it is always the present moment, in other words, now.

Therefore, the Now Watch provides multiple services distinct from any other watch on the market. Depending on the person wearing the watch, the effects of the watch can be motivational, inspirational, and/or relaxing as it helps people live in the present moment while it tells them the time.

Prominent placement of the word "NOW" on the face of the watch is the fundamental concept behind the creation and design of The Now Watch. Each Now Watch produced for men, women, and children, will have the word "NOW" prominently on the face of the watch. The marketing and promotion will also feature the concept emphasizing that every hour, every minute, and every second of every day is also "NOW."

About U.S. Registration No. 1,446294:

This mark is owned by the E Gluck Corporation. The E Gluck Corporation is better known as Armitron. It is a large and well established company producing a wide variety of watches. According to their website, Armitron refers to their female line of watches as the Armitron Now Collection. Some of their female watches have the word "now" on the face of the watch. However, that is where the similarities to The Now Watch end. Samples of the Armitron Now Collection can be viewed at their web-site: http://www.armitron.com/WomensMain.html. (The link is also mentioned in box requesting a description of what evidence submitted consists of. Once on the website, if you click on the small pictures under the words Bangles, Bracelets, and Straps, larger visuals appear for comparison purposes.)

With regard to the Armitron Now collection, the word "now" is not prominent nor a distinguishing feature of the watch. There is no indication that the watch is designed so that the wearer of the watch focuses upon the word "now" and the present moment rather than the regular time such as 4:31pm. Nor is their any indication that the marketing or the promotion of the Armitron Now Collection is focused on the concept that the time is always now. The sales description for the Armitron Now Collection implies their watches are good for any time of day but does not emphasize or even mention the meaning of the word "now" in a present moment sense.

There is further evidence that the Armitron Now Watch Collection is distinct from The Now Watch. Armitron watches in general have some kind of writing on the face of the watch describing the product on them such as the words "Armitron," "diamond," and "water resist." That is further indication that placement of the word "now" these ladies' watches is not an attempt to emphasize that the time is always now but rather a consistent way to help market, promote, and sell their products.

We can take this one step further because this tactic, putting some words on the face of the watch representing company names and characteristics of the individual watch, is common throughout the entire watch industry. Words of this nature can be seen on the faces of fashionable watches made by companies such as Cartier, Rolex, Omega, and Brietling, just to mention a few. This serves as further evidence that Armitron's placement of the word "now" on some of its watch faces merely falls in line with the industry standard, and like all of those other watches, the word is not the primary focus of the watch as it is with The Now Watch.

Application of Relevant Dupont Factors:

The Office Action of August 1, 2006, takes into account the relevant Du Pont factors and uses a two part analysis in finding a likelihood of confusion. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. In re E .I. du Pont de Nemours & Co., 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. In re National

Novice Hockey League, Inc., 222 USPQ 638 (TTAB 1984); In re August Storck KG, 218 USPQ 823 (TTAB 1983); In re Int'l Tel. and Tel. Corp., 197 USPQ 910 (TTAB 1978); Guardian Prods. Co., v. Scott Paper Co., 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 et seq.

After the above explanations and comparisons of the two marks and two accompanying products, a re-examination the relevant DuPont factors compels us to recognize that there is no likelihood of confusion.

Setting aside the comparison of the physical components, the appearance and sound, of the marks for the moment, the above description demonstrates that the connotation of the marks and the commercial impression are indeed different. The Now Watch provides an altogether new and unique purpose and set of services compared with any other conventional watches on the market including the Armitron Ladies Now Collection.

The essence of the Now Watch and the reason it was invented and designed is specifically to add a new component to the experience of wearing a watch. It connotes something more, means something more, and leaves a different commercial impression than any other conventional watch on the market. In order to distinguish itself from other regular watches its marketing and promotion emphasizes the unique benefits mentioned above that The Now Watch provides over more conventional watches.

With reference to the physical component of the two marks, a more in-depth analysis can again show the distinctions between "The Now Watch" and U.S. Registration No. 1,446294.

U.S. Registration No. 1,446294 claims just one word, the word "now." First and foremost, there is a clear distinction when two addition words are added thus seeking intellectual property rights for a three-word-phrase, "The Now Watch." Each word in this phrase has been carefully chosen so that the phase sounds best and is most likely to be remembered and repeated with reference to the specific product as described previously and shown in the picture. A brief but detailed description of the three words follows.

Use of the word "the" as opposed the word "a" or no article at all serves to emphasize that the phrase refers to a very specific product that cannot be confused or mistaken for any other product. This mark does not seek to broadly reserve the right to use the word "now" with reference to all watches for any or all purposes. The word "now" is only descriptive. It seeks only to protect the concept of this new multi purpose watch. The use of the noun, the word "watch" serves to attach an object, to the descriptive adjective "now" so that in combination, they have a specific meaning.

This explanation of the three-word-phrase should clarify any potential for confusion with the one word "now" that is protected by U.S. Registration No. 1,446294.

It should be equally apparent when looking at the two marks that they are different. Simply, one is three words and the other is one word. Granted, they share the word "now" but that does not discount the fact that three words appear different than the one word. That does not discount the fact the three words grouped together look different, read different, and sound different when actually pronounced than just one word.

With respect to the differences in physical appearance to the eye and how they sound to the ear as well as the difference in meaning, intent, connotation, commercial impression, as well as marketing, promotion, and approach to sales, the two marks are not likely to be confused for one another.

Therefore, upon further in depth examination of the meaning, purpose, and use of the mark being applied for and U.S. Registration No. 1,446294, the distinctions discussed prove to obviate a likelihood of confusion.

Disclaimers:

The initial refusal noted that the addition of the generic name, WATCH, does not distinguish the mark being applied for from U.S. Registration No. 1,446294.

No claim is made to the exclusive right to use "Watch" apart from the mark as shown. No claim is made to the exclusive right to use "Now" apart from the mark as shown. The application is only in reference to the entire phrase "The Now Watch."


Conclusion:

With the proper context surrounding the two marks, it should be clear for any watch shoppers, watch owners, or watch collectors that The Now Watch and the Armitron Ladies Now Collection are two completely different kinds of watches with different names, different meanings, different purposes, and different uses.

"The Now Watch" trademark will help all reasonably prudent consumers identify The Now Watch and distinguish this unique and specific product from any other products.

With trademark protection The Now Watch inventor and the business that grows around it merely seeks to be the only entity that can refer to this new watch concept as "The Now Watch." There is no claim to be the only entity that can use the concept, just a claim to call it "The Now Watch."

Such trademark protection should give The Now Watch entity the security it desires to move forward and manufacture, market, sell, and promote this new watch concept. The trademark will provide that head start over the competition that our intellectual property laws seek to bestow upon our inventors to promote the useful arts and sciences. It will, in fact do so.

## EVIDENCE SECTION

| EVIDENCE FILE NAME(S) | |
|---|---|
| ORIGINAL PDF FILE | evi_661088188-122157932_._The_Now_Watch_Designs.pdf |
| CONVERTED PDF FILE(S) (1 page) | \\TICRS\EXPORT2\IMAGEOUT2 \788\091\78809166\xml1\RO A0002.JPG |
| DESCRIPTION OF EVIDENCE FILE | A pdf image of The Now Watch to be compared with http://www.armitron.com/WomensMain.html, a website containing images of the products protected by U.S. Registration No. 1,446,294. |

## SIGNATURE SECTION

| RESPONSE SIGNATURE | /Adam Rothenhaus/ |
|---|---|
| SIGNATORY'S NAME | Adam Rothenhaus |
| SIGNATORY'S POSITION | applicant |
| DATE SIGNED | 10/12/2006 |
| AUTHORIZED SIGNATORY | YES |

| FILING INFORMATION SECTION | |
|---|---|
| SUBMIT DATE | Thu Oct 12 13:09:46 EDT 2006 |
| TEAS STAMP | USPTO/ROA-66.108.81.88-20 061012130946811644-788091 66-340fe1fb1a5b911121f8bc e81b4fbda6215-N/A-N/A-200 61012122157932150 |

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/2009)

## Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **78809166** has been amended as follows:
**Argument(s)**
In response to the substantive refusal(s), please note the following:

Introduction:

The application to trademark the phrase "The Now Watch" was refused due to a likelihood of confusion with the mark, U.S. Registration No. 1,446294.

Upon initial review, that conclusion seems understandable. The two marks apply to a similar class of goods. The application in question for "The Now Watch" refers to watch faces while U.S. Registration No. 1,446294 refers to watches in general.

However the marks do not connote the same meaning or purpose and significant physical portions of the marks are distinct.

Therefore upon a more in-depth examination of the meaning, purpose, and use of the two marks, it should become clear that the two marks are indeed significantly different, and therefore leave no likelihood of confusion.

A better understanding of the two marks and the two accompanying goods and services will provide us with a more complete context before we re-examine the relevant DuPont factors.

About The Now Watch:

The Now Watch is a new concept for a new kind of watch. The Now Watch is the name of the company as well as the name of its primary product. As can be seen by the two samples in the accompanying picture provided as evidence, The Now Watch uses the word "NOW" and places it prominently on the face of a watch. Thus when

people wearing the watch look at their Now Watch, they can still find out the time as they would with any other watch, but will simultaneously be provided with an additional meaning with a distinct purpose. That is, when wearers look at their Now Watch, they will be reminded that it is always the present moment, in other words, now.

Therefore, the Now Watch provides multiple services distinct from any other watch on the market. Depending on the person wearing the watch, the effects of the watch can be motivational, inspirational, and/or relaxing as it helps people live in the present moment while it tells them the time.

Prominent placement of the word "NOW" on the face of the watch is the fundamental concept behind the creation and design of The Now Watch. Each Now Watch produced for men, women, and children, will have the word "NOW" prominently on the face of the watch. The marketing and promotion will also feature the concept emphasizing that every hour, every minute, and every second of every day is also "NOW."

About U.S. Registration No. 1,446294:

This mark is owned by the E Gluck Corporation. The E Gluck Corporation is better known as Armitron. It is a large and well established company producing a wide variety of watches. According to their website, Armitron refers to their female line of watches as the Armitron Now Collection. Some of their female watches have the word "now" on the face of the watch. However, that is where the similarities to The Now Watch end. Samples of the Armitron Now Collection can be viewed at their web-site: http://www.armitron.com/WomensMain.html. (The link is also mentioned in box requesting a description of what evidence submitted consists of. Once on the website, if you click on the small pictures under the words Bangles, Bracelets, and Straps, larger visuals appear for comparison purposes.)

With regard to the Armitron Now collection, the word "now" is not prominent nor a distinguishing feature of the watch. There is no indication that the watch is designed so that the wearer of the watch focuses upon the word "now" and the present moment rather than the regular time such as 4:31pm. Nor is their any indication that the marketing or the promotion of the Armitron Now Collection is focused on the concept that the time is always now. The sales description for the Armitron Now Collection implies their watches are good for any time of day but does not emphasize or even mention the meaning of the word "now" in a present moment sense.

There is further evidence that the Armitron Now Watch Collection is distinct from The Now Watch. Armitron watches in general have some kind of writing on the face of the watch describing the product on them such as the words "Armitron," "diamond," and "water resist." That is further indication that placement of the word "now" these ladies' watches is not an attempt to emphasize that the time is always now but rather a consistent way to help market, promote, and sell their products.

We can take this one step further because this tactic, putting some words on the face of the watch representing company names and characteristics of the individual watch, is common throughout the entire watch industry. Words of this nature can be seen on the faces of fashionable watches made by companies such as Cartier, Rolex, Omega, and Brietling, just to mention a few. This serves as further evidence that Armitron's placement of the word "now" on some of its watch faces merely falls in line with the industry standard, and like all of those other watches, the word is not the primary focus of the watch as it is with The Now Watch.

Application of Relevant Dupont Factors:

The Office Action of August 1, 2006, takes into account the relevant Du Pont factors and uses a two part analysis in finding a likelihood of confusion. First, the marks are compared for similarities in appearance, sound, connotation

and commercial impression. In re E .I. du Pont de Nemours & Co., 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. In re National Novice Hockey League, Inc., 222 USPQ 638 (TTAB 1984); In re August Storck KG, 218 USPQ 823 (TTAB 1983); In re Int'l Tel. and Tel. Corp., 197 USPQ 910 (TTAB 1978); Guardian Prods. Co., v. Scott Paper Co., 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 et seq.

After the above explanations and comparisons of the two marks and two accompanying products, a re-examination the relevant DuPont factors compels us to recognize that there is no likelihood of confusion.

Setting aside the comparison of the physical components, the appearance and sound, of the marks for the moment, the above description demonstrates that the connotation of the marks and the commercial impression are indeed different. The Now Watch provides an altogether new and unique purpose and set of services compared with any other conventional watches on the market including the Armitron Ladies Now Collection.

The essence of the Now Watch and the reason it was invented and designed is specifically to add a new component to the experience of wearing a watch. It connotes something more, means something more, and leaves a different commercial impression than any other conventional watch on the market. In order to distinguish itself from other regular watches its marketing and promotion emphasizes the unique benefits mentioned above that The Now Watch provides over more conventional watches.

With reference to the physical component of the two marks, a more in-depth analysis can again show the distinctions between "The Now Watch" and U.S. Registration No. 1,446294.

U.S. Registration No. 1,446294 claims just one word, the word "now." First and foremost, there is a clear distinction when two addition words are added thus seeking intellectual property rights for a three-word-phrase, "The Now Watch." Each word in this phrase has been carefully chosen so that the phase sounds best and is most likely to be remembered and repeated with reference to the specific product as described previously and shown in the picture. A brief but detailed description of the three words follows.

Use of the word "the" as opposed the word "a" or no article at all serves to emphasize that the phrase refers to a very specific product that cannot be confused or mistaken for any other product. This mark does not seek to broadly reserve the right to use the word "now" with reference to all watches for any or all purposes. The word "now" is only descriptive. It seeks only to protect the concept of this new multi purpose watch. The use of the noun, the word "watch" serves to attach an object, to the descriptive adjective "now" so that in combination, they have a specific meaning.

This explanation of the three-word-phrase should clarify any potential for confusion with the one word "now" that is protected by U.S. Registration No. 1,446294.

It should be equally apparent when looking at the two marks that they are different. Simply, one is three words and the other is one word. Granted, they share the word "now" but that does not discount the fact that three words appear different than the one word. That does not discount the fact the three words grouped together look different, read different, and sound different when actually pronounced than just one word.

With respect to the differences in physical appearance to the eye and how they sound to the ear as well as the difference in meaning, intent, connotation, commercial impression, as well as marketing, promotion, and approach to sales, the two marks are not likely to be confused for one another.

Therefore, upon further in depth examination of the meaning, purpose, and use of the mark being applied for and

U.S. Registration No. 1,446294, the distinctions discussed prove to obviate a likelihood of confusion.


Disclaimers:

The initial refusal noted that the addition of the generic name, WATCH, does not distinguish the mark being applied for from U.S. Registration No. 1,446294.

No claim is made to the exclusive right to use "Watch" apart from the mark as shown.  No claim is made to the exclusive right to use "Now" apart from the mark as shown.  The application is only in reference to the entire phrase "The Now Watch."


Conclusion:

With the proper context surrounding the two marks, it should be clear for any watch shoppers, watch owners, or watch collectors that The Now Watch and the Armitron Ladies Now Collection are two completely different kinds of watches with different names, different meanings, different purposes, and different uses.

"The Now Watch" trademark will help all reasonably prudent consumers identify The Now Watch and distinguish this unique and specific product from any other products.

With trademark protection The Now Watch inventor and the business that grows around it merely seeks to be the only entity that can refer to this new watch concept as "The Now Watch."  There is no claim to be the only entity that can use the concept, just a claim to call it "The Now Watch."

Such trademark protection should give The Now Watch entity the security it desires to move forward and manufacture, market, sell, and promote this new watch concept.  The trademark will provide that head start over the competition that our intellectual property laws seek to bestow upon our inventors to promote the useful arts and sciences.  It will, in fact do so.


**Evidence**
Evidence in the nature of A pdf image of The Now Watch to be compared with http://www.armitron.com/WomensMain.html, a website containing images of the products protected by U.S. Registration No. 1,446294. has been attached.
**Original PDF file:**
evi_661088188-122157932_._The_Now_Watch_Designs.pdf
**Converted PDF file(s)** (1 page)
Evidence-1


**Response Signature**
Signature: /Adam Rothenhaus/     Date: 10/12/2006
Signatory's Name: Adam Rothenhaus
Signatory's Position: applicant

Serial Number: 78809166
Internet Transmission Date: Thu Oct 12 13:09:46 EDT 2006

TEAS Stamp: USPTO/ROA-66.108.81.88-20061012130946811
644-78809166-340fe1fb1a5b911121f8bce81b4
fbda6215-N/A-N/A-20061012122157932150

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail* TrademarkAssistanceCenter@uspto.gov, *or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail* TDR@uspto.gov. *If outside of the normal business hours of the USPTO, please e-mail* Electronic Business Support, *or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail* USPTO Contact Center (UCC).

**NOTE**: *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

**EXHIBIT F**

Document Description: **Offc Action Outgoing**    Mail / Create Date: **01-Dec-2006**

| | |
|---|---|
| **To:** | Rothenhaus, Adam (arothenhaus@nyc.rr.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 78809166 - THE NOW WATCH - N/A |
| **Sent:** | 12/1/06 2:52:19 PM |
| **Sent As:** | ECOM117@USPTO.GOV |
| **Attachments:** | |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    78/809166

**APPLICANT:**    Rothenhaus, Adam

**CORRESPONDENT ADDRESS:**
ROTHENHAUS, ADAM
20 E 9TH ST APT 6W
NEW YORK, NY 10003-5944

**MARK:**    THE NOW WATCH

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  N/A

**CORRESPONDENT EMAIL ADDRESS:**
arothenhaus@nyc.rr.com

**\*78809166\***

RETURN ADDRESS:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION:** If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number  78/809166

This responds to the letter received October 12, 2006. The disclaimer of the generic term "watch" is accepted. After

careful consideration of the applicant's arguments for allowance, the refusal to register under the provisions of Section 2(d) are maintained for the following reasons:

Taking into account the relevant *Du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq.*

### SIMILARITY OF THE GOODS

The goods in issue appear to be either identical or highly similar. While the applicant has identified the goods as "watch faces" an examination of the picture of applicant's proposed goods shows the term NOW placed to identify the watch, rather than only an element of the goods, such a watch face. Therefore, the goods in issue appear to be identical, or highly similar—watches.

If the goods or services of the respective parties are closely related, the degree of similarity between marks required to support a finding of likelihood of confusion is not as great as would apply with diverse goods or services. *Century 21 Real Estate Corp. v. Century Life of America*, 970 F.2d 874, 877, 23 USPQ2d 1698, 1701 (Fed. Cir. 1992), *cert. denied* 506 U.S. 1034 (1992); *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1987); *ECI Division of E-Systems, Inc. v. Environmental Communications Inc.*, 207 USPQ 443 (TTAB 1980); TMEP §1207.01(b).

### SIMILARITY OF THE MARKS

Cited registration is for the mark NOW, arbitrarily applied to the identified goods, watches. The mark applicant seeks to register consists of the words THE NOW WATCH, "watch" being disclaimed as the generic name of the goods. Disclaimed matter is typically less significant or less dominant when comparing marks. Although a disclaimed portion of a mark certainly cannot be ignored, and the marks must be compared in their entireties, one feature of a mark may be more significant in creating a commercial impression. *In re Dixie Restaurants Inc.*, 105 F.3d 1405, 41 USPQ2d 1531 (Fed. Cir. 1997); *In re National Data Corporation*, 753 F.2d 1056, 224 USPQ 749 (Fed. Cir. 1985); and *In re Appetito Provisions Co. Inc.*, 3 USPQ2d 1553 (TTAB 1987). *See also Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ 2d 1001 (Fed. Cir. 2002); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976); *In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988); *In re Equitable Bancorporation*, 229 USPQ 709 (TTAB 1986).

While the applicant claims that each word in its mark has been carefully selected to create a distinct commercial impression, the generic word "watch" would only be   perceived by viewers as the name of the goods, not necessarily effecting the meaning of the word which creates the major commercial impression in both mark, NOW.

The mere addition of a term to a registered mark does not obviate the similarity between the marks nor does it overcome a likelihood of confusion under Section 2(d). *In re Chatam International Inc.*, 380 F.3d 1340, 71 USPQ2d 1944 (Fed. Cir. 2004) ("GASPAR'S ALE and "JOSE GASPAR GOLD"); *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) ("BENGAL" and "BENGAL LANCER"); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) ("THE LILLY" and "LILLI ANN"); *In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS"); *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES"); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) ("CONFIRM" and

"CONFIRMCELLS"); *In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY'S ACCU TUNE"); *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC"); TMEP §1207.01(b)(iii).

For these reasons, the marks, in fact, create the same commercial impression for identical goods, watches.

While the applicant argues that the registrant's display of its mark on the goods differs from that of the applicant, is not as prominent , and could be perceived as identifying a quality of the watch, such arguments cannot be entertained in an ex parte proceeding.

The presumption under Trademark Act Section 7(b), 15 U.S.C. §1057(b), is that the registrant is the owner of the mark and that use of the mark extends to all goods and/or services identified in the registration.  The presumption also implies that the registrant operates in all normal channels of trade and reaches all classes of purchasers of the identified goods and/or services. *In re Melville Corp.*, 18 USPQ2d 1386, 1389 (TTAB 1991); *McDonald's Corp. v. McKinley*, 13 USPQ2d 1895, 1899 (TTAB 1989); *RE/MAX of America, Inc. v. Realty Mart, Inc.*, 207 USPQ 960, 964-5 (TTAB 1980).

Such assertions regarding differing commercial impressions, based on photographs of the respective uses of the mark on the goods cannot be accepted, since they would nullify the Section 7(b) presumptions of registrability offered to the owner of the cited mark. See In re C.F. Hathaway CO., 190 USPQ 343 (TTAB 1976)

Based on the potential use of the mark on the applicant's goods, as indicated in photographs of such items, the following issues are raised or may be raised:

**Identification of Goods**

Currently, applicant identifies its goods as "watch faces"; however, it appears as if the term applicant seeks to register is used to identify the watch as an item , rather than any one element of the watch.

However, the applicant cannot amend the identification clause in this application, since changing  the current identification from "watch faces" to "watches" expands the scope of the initial identification of goods. Unless the applicant can introduce material showing that the term is used on watch faces, as complete goods in trade, amendment of the identification may not be possible.

**Drawing**

If the current photograph will be submitted as the specimen of record, the following issue will arise:

The mark as depicted on the drawing disagrees with the mark as it appears on the specimen, and clarification is required.  37 C.F.R. §2.51; TMEP §807.12.  Specifically, the drawing displays the mark as THE NOW WATCH, and the specimen shows the mark as NOW.

Applicant must either:

(1)  submit a new drawing of the mark which agrees with the specimen but does not materially alter the mark; 37 C.F.R. §2.72(b); TMEP §§807.13(a) and 807.14 *et seq*;

(2)  submit a substitute specimen that shows use of the mark shown in the drawing, with a statement that "the substitute specimen was in use in commerce prior to filing the amendment to allege use," verified with an affidavit or a signed declaration under 37 C.F.R. §2.20; 37 C.F.R. §§2.59(b) and 2.72(b); TMEP §1104.09

(e); or

(3)  withdraw the amendment to allege use.  TMEP §1104.10.

> Henry S. Zak
> /Henry S. Zak/
> Examining Attorney
> Law Office 117
> (571) 272-9354

## HOW TO RESPOND TO THIS OFFICE ACTION:

- ONLINE RESPONSE:  You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html.  If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS.  **NOTE:  Do not respond by e-mail.  THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE.**
- REGULAR MAIL RESPONSE:  To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE:  The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a certificate of mailing. 37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- ***General trademark information:*** *Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- ***Technical help:*** *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*

**EXHIBIT G**

Document Description: **Response to Office Action**      Mail / Create Date: **24-Dec-2007**

| Previous Page | | Next Page | | You are currently on page 1 of 2 | |

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/2009)

# Response to Office Action

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 78809166 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 117 |
| **MARK SECTION (no change)** | |
| **ARGUMENT(S)** | |

This is a reply to the office action received via e-mail on June 27, 2007, from Henry S. Zak, Examining Attorney, Law Office 117, regarding serial number 78809166.

This response primarily includes the submission of a new digitized image showing the mark in JPG format in compliance with the length, width, and pixel recommendations.

As a matter of emphasis: The fundamental desire here is to register the phrase, "The Now Watch." This drawing submitted as evidence contains the full phrase "The Now Watch" as well as a design that precisely matches the phrase I am seeking to register  The design submitted in here is primarily for demonstration purposes to distinguish the mark from U.S. Registration No. 1,446294.

We seek to have the phase "The Now Watch" registered in standard form that will not materially alter the mark. We already have a copyright for the color design submitted as evidence in this application.

With that point of emphasis, as a matter of caution and to be as thorough as possible, this reply will also address the color issue as requested in the office action e-mail of June 27, 2007, despite the fact that it may not ultimately be necessary.  Thus the reply also includes:
1) a list of the colors that are claimed as a feature of the mark
2) a description of where the colors appear in the mark as requested by the office action

We do not want to represent by addressing this element of the office action e-mail of June 27, 2007, that we want to register the phase "The Now Watch" in specialized form at this juncture.

As background, it is again stipulated that the image sent back with the October 12, 2006 reply, was intended to represent a sample of The Now Watch product line, a watch, in order to differentiate the trademark I am seeking from the products protected by U.S. Registration No. 1,446294.  Since then, a similar version of The Now Watch is currently available in the marketplace in various retail stores in the New York metropolitan area and e-tail shops online.  Again, that is the product, not the mark seeking registration that can be seen most clearly in the image

supplied.

The image attached is intended to serve as evidence demonstrating how the phrase "The Now Watch" is being used in commence and should satisfy the primary purpose of this reply. That is to share the drawing in the proper JPG format of the mark we are seeking to resister and thus to distinguish it from U.S. Registration No. 1,446294.

We will next address the color requirements as set forth in 37 C.F.R. §2.52(b)(1); TMEP §807.07 et seq.

The colors red, white, black and grey appear in the mark The Now Watch.

The central part of the drawing includes all four colors. This is the circle in-between the words "The" and "Watch" where the word "NOW" appears on the face of a clock or a watch. The outer edge of the circle along the circumference is black. As we move inward from the black outer edge in, there is a grey circle, about double the thickness of the black outer edge. Moving further inward, the rest of background of the circle is black. The word "NOW" in capital letters in the center of the circle is in white.

Next we will address the hands of the watch or clock and their colors. The minute hand and the hour hand are primarily grey with a white thin rectangle on the inside of both hands. The second hand, a distinguishing feature of the mark, is red. That is the only red on the mark.

The words "The" and "Watch" appear in black. There are times such as on the current version showing on www.thenowwatch.com where the words "The" and "Watch" appear in white for design purposes. That is because the background on the web page is black, so our graphic designer made the words "The" and "Watch" appear on white in this specific version of the webpage.

For purposes of the color requirement, the words "The" and "Watch" can either be black or white, but if only one version is acceptable, let that be that the words "The" and "Watch" appear in black as the image submitted indicates. That image is in fact the company logo.

For further clarification, please see www.thenowwatch.com to see how the phrase and the image is being used in commerce and to understand what precisely it is that we want to trademark. On the site, the TM symbol is next to the image of the phrase "The Now Watch" indicating what it is we want to protect and what it is we want to register.

It is understood that there is still a question of whether there is likelihood of confusion with the mark we seek to register and  U.S. Registration No. 1,446294.

Once we are made aware that the fundamental issue regarding our mark and corresponding drawing seeking registration has been presented to the USPTO in a satisfactory manner, and thus the distinction clearly visible, we will proceed to address any further issues presented to us in the USPTO office actions to move the application process along.

## EVIDENCE SECTION

| | |
|---|---|
| EVIDENCE FILE NAME(S) | \\TICRS2\EXPORT14\788\091 \78809166\xml1\ROA0002.JP G |
| DESCRIPTION OF EVIDENCE FILE | Drawing of mark in proper JPG format |

## SIGNATURE SECTION

| RESPONSE SIGNATURE | /Adam Rothenhaus/ |
|---|---|
| SIGNATORY'S NAME | Adam Rothenhaus |
| SIGNATORY'S POSITION | applicant |
| DATE SIGNED | 12/24/2007 |
| AUTHORIZED SIGNATORY | YES |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Mon Dec 24 13:35:28 EST 2007 |
| TEAS STAMP | USPTO/ROA-66.108.80.78-20 071224133528266898-788091 66-41038549eb181896af8279 27f332e59dcb8-N/A-N/A-200 71224132417606799 |

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/2009)

# Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **78809166** has been amended as follows:

## ARGUMENT(S)
### In response to the substantive refusal(s), please note the following:

This is a reply to the office action received via e-mail on June 27, 2007, from Henry S. Zak, Examining Attorney, Law Office 117, regarding serial number 78809166.

This response primarily includes the submission of a new digitized image showing the mark in JPG format in compliance with the length, width, and pixel recommendations.

As a matter of emphasis: The fundamental desire here is to register the phrase, "The Now Watch." This drawing submitted as evidence contains the full phrase "The Now Watch" as well as a design that precisely matches the phrase I am seeking to register  The design submitted in here is primarily for demonstration purposes to distinguish the mark from U.S. Registration No. 1,446294.

We seek to have the phase "The Now Watch" registered in standard form that will not materially alter the mark.  We already have a copyright for the color design submitted as evidence in this application.

With that point of emphasis, as a matter of caution and to be as thorough as possible, this reply will also address the color issue as requested in the office action e-mail of June 27, 2007, despite the fact that it may not ultimately be

necessary. Thus the reply also includes:
1) a list of the colors that are claimed as a feature of the mark
2) a description of where the colors appear in the mark as requested by the office action

We do not want to represent by addressing this element of the office action e-mail of June 27, 2007, that we want to register the phase "The Now Watch" in specialized form at this juncture.

As background, it is again stipulated that the image sent back with the October 12, 2006 reply, was intended to represent a sample of The Now Watch product line, a watch, in order to differentiate the trademark I am seeking from the products protected by U.S. Registration No. 1,446294. Since then, a similar version of The Now Watch is currently available in the marketplace in various retail stores in the New York metropolitan area and e-tail shops online. Again, that is the product, not the mark seeking registration that can be seen most clearly in the image supplied.

The image attached is intended to serve as evidence demonstrating how the phrase "The Now Watch" is being used in commence and should satisfy the primary purpose of this reply. That is to share the drawing in the proper JPG format of the mark we are seeking to resister and thus to distinguish it from U.S. Registration No. 1,446294.

We will next address the color requirements as set forth in 37 C.F.R. §2.52(b)(1); TMEP §807.07 et seq.

The colors red, white, black and grey appear in the mark The Now Watch.

The central part of the drawing includes all four colors. This is the circle in-between the words "The" and "Watch" where the word "NOW" appears on the face of a clock or a watch. The outer edge of the circle along the circumference is black. As we move inward from the black outer edge in, there is a grey circle, about double the thickness of the black outer edge. Moving further inward, the rest of background of the circle is black. The word "NOW" in capital letters in the center of the circle is in white.

Next we will address the hands of the watch or clock and their colors. The minute hand and the hour hand are primarily grey with a white thin rectangle on the inside of both hands. The second hand, a distinguishing feature of the mark, is red. That is the only red on the mark.

The words "The" and "Watch" appear in black. There are times such as on the current version showing on www.thenowwatch.com where the words "The" and "Watch" appear in white for design purposes. That is because the background on the web page is black, so our graphic designer made the words "The" and "Watch" appear on white in this specific version of the webpage.

For purposes of the color requirement, the words "The" and "Watch" can either be black or white, but if only one version is acceptable, let that be that the words "The" and "Watch" appear in black as the image submitted indicates. That image is in fact the company logo.

For further clarification, please see www.thenowwatch.com to see how the phrase and the image is being used in commerce and to understand what precisely it is that we want to trademark. On the site, the TM symbol is next to the image of the phrase "The Now Watch" indicating what it is we want to protect and what it is we want to register.

It is understood that there is still a question of whether there is likelihood of confusion with the mark we seek to register and U.S. Registration No. 1,446294.

Once we are made aware that the fundamental issue regarding our mark and corresponding drawing seeking

registration has been presented to the USPTO in a satisfactory manner, and thus the distinction clearly visible, we will proceed to address any further issues presented to us in the USPTO office actions to move the application process along.


**EVIDENCE**
Evidence in the nature of Drawing of mark in proper JPG format has been attached.
Evidence-1

**SIGNATURE(S)**
**Response Signature**
Signature: /Adam Rothenhaus/    Date: 12/24/2007
Signatory's Name: Adam Rothenhaus
Signatory's Position: applicant

The signatory has confirmed that he/she is not represented by either an authorized attorney or Canadian attorney/agent, and that he/she is either (1) the applicant or (2) a person(s) with legal authority to bind the applicant; and if an authorized U.S. attorney or Canadian attorney/agent previously represented him/her in this matter, either he/she has filed a signed revocation of power of attorney with the USPTO or the USPTO has granted the request of his/her prior representative to withdraw.


Serial Number: 78809166
Internet Transmission Date: Mon Dec 24 13:35:28 EST 2007
TEAS Stamp: USPTO/ROA-66.108.80.78-20071224133528266
898-78809166-41038549eb181896af827927f33
2e59dcb8-N/A-N/A-20071224132417606799

---

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- ***General trademark information:*** *Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- ***Technical help:*** *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- ***Questions about USPTO programs:*** *Please e-mail USPTO Contact Center (UCC).*

***NOTE:*** *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

**EXHIBIT H**

Document Description: **Offc Action Outgoing**     Mail / Create Date: **25-Jan-2008**

Previous Page | Next Page | You are currently on page 1 of 2

| | |
|---|---|
| **To:** | Rothenhaus, Adam (arothenhaus@nyc.rr.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 78809166 - THE NOW WATCH - N/A |
| **Sent:** | 1/25/08 11:36:09 AM |
| **Sent As:** | ECOM117@USPTO.GOV |
| **Attachments:** | |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**     78/809166

**MARK:** THE NOW WATCH

**\*78809166\***

**CORRESPONDENT ADDRESS:**
ROTHENHAUS, ADAM
20 E 9TH ST APT 6W
NEW YORK, NY 10003-5944

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT:**     Rothenhaus, Adam

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
N/A
**CORRESPONDENT E-MAIL ADDRESS:**
arothenhaus@nyc.rr.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE: 1/25/2008**

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail

throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

This responds to the letter received December 24,2007. The proposed amended drawing of the mark is not accepted for the following reason:

The proposed amendment of the drawing is unacceptable because it would materially alter the essence or character of the mark. 37 C.F.R. §2.72; TMEP §§807.14 *et seq. See In re Who? Vision Systems, Inc.*, 57 USPQ2d 1211 (TTAB 2000) (amendment from TACILESENSE to TACTILESENSE found to be material alteration); *In re CTB Inc.*, 52 USPQ2d 1471 (TTAB 1999) (proposed amendment of "TURBO AND DESIGN" to typed word "TURBO" is material alteration); *In re Meditech International Corp.*, 25 USPQ2d 1159, 1160 (TTAB 1990) ("[a] drawing consisting of a single blue star, as well as a drawing consisting of a number of blue stars, would both be considered material alterations vis-à-vis a drawing consisting of the typed words 'DESIGN OF BLUE STAR'"); *In re Wine Society of America Inc.*, 12 USPQ2d 1139 (TTAB 1989) (proposed amendment to replace typed drawing of "THE WINE SOCIETY OF AMERICA" with a special form drawing including those words with a crown design and a banner design bearing the words "IN VINO VERITAS" held to be a material alteration); *In re Nationwide Industries Inc.*, 6 USPQ2d 1882 (TTAB 1988) (addition of house mark "SNAP" to product mark "RUST BUSTER" held a material alteration).

The amended drawing contains a stylized design of a watch face, not appearing in the original drawing of record, which only contains the wording THE NOW WATCH in Standard character format.

The mark in a drawing cannot be amended if the change would materially alter the mark. TMEP §807.14. The Office determines whether a proposed amendment materially alters a mark by comparing the proposed amendment with the drawing of the mark filed with the original application. 37 C.F.R. §2.72; TMEP §807.14(c).

If republication of the amended mark would be necessary in order to provide proper notice to third parties for opposition purposes, then the mark has been materially altered and the amendment is not permitted. *In re Who? Vision Systems Inc.*, 57 USPQ2d 1211, 1218 (TTAB 2000). "The modified mark must contain the essence of the original mark, and the new form must create the impression of being essentially the same mark." *Visa International Service Association v. Life Code Systems, Inc.*, 220 USPQ 740, 743 (TTAB 1983). "That is, the new and old forms of the mark must create essentially the same commercial impression." *In re Nationwide Industries Inc.*, 6 USPQ2d 1882, 1885 (TTAB 1988).

While the color claim and location statements are accurate, since the amended drawing cannot be accepted, such language will not be entered into the record.

Inquiry is made if the watch design element is an exact representation of the actual watch of the applicant, or only a stylized version. 37 C.F.R. section 2.61(b)

Even if the substitute drawing were acceptable , the initial refusal to register under the provisions of Section 2(d), based on cited registration no. 1,446,294, would be maintained.

The goods are identical or highly related: watches and watch faces.

If the goods or services of the respective parties are closely related, the degree of similarity between marks required to support a finding of likelihood of confusion is not as great as would apply with diverse goods or services. *Century 21 Real Estate Corp. v. Century Life of America*, 970 F.2d 874, 877, 23 USPQ2d 1698, 1701 (Fed. Cir. 1992), *cert. denied* 506 U.S. 1034 (1992); *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1987); *ECI Division of E-Systems, Inc. v. Environmental Communications Inc.*, 207 USPQ 443 (TTAB 1980); TMEP §1207.01(b).

The marks are compared in their entireties under a Section 2(d) analysis. Nevertheless, one feature of a mark may be recognized as more significant in creating a commercial impression. Greater weight is given to that dominant feature in determining whether there is a likelihood of confusion. *In re National Data Corp.*, 753 F.2d 1056, 224 USPQ 749 (Fed. Cir. 1985); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976). *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1987); TMEP §1207.01(b)(viii).

Under the proposed new drawing of the mark, the watch face is the most predominant element of the entire mark, THE NOW WATCH, being in different colors, and being the largest feature of the overall mark; the fact that the term "watch" is generic and disclaimed entitles it to much less weight in determining the predominant features of the goods, most noticed by potential consumers. The different size and shade of the letters composing the word NOW in the watch face also emphasize the term as the predominent  feature of the overall mark. As such, while other wording may be contained in the applicant's mark, the term most likely to be remembered by consumers is the term NOW, identical in appearance, pronunciation and meaning to the cited registered  mark NOW.

For these reasons, the 2(d) refusal to register is maintained.

> Henry S. Zak
> /Henry S. Zak/
> Examining Attorney
> Law Office 117
> (571) 272-9354

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office action should be filed using the form available at http://www.uspto.gov/teas/eTEASpageD.htm. If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification. **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail <u>TrademarkAssistanceCenter@uspto.gov</u>, or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail <u>TDR@uspto.gov</u>. If outside of the normal business hours of the USPTO, please e-mail <u>Electronic Business Support</u>, or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail <u>USPTO Contact Center (UCC)</u>.*

**NOTE**: *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

**EXHIBIT I**





**EXHIBIT J**



**Because the Time Is Always Now!**

| Order The Now Watch | Store Locations | About Us | Our Community | Contact Us | Home |

## Store Locations

If you are in the New York Metropolitan area and want to see Our Original Now Watch in person... please check out:

### Brooklyn

**1:46 Watch Repair and Design Collective**
146 North 7th Street
Brooklyn, NY
(By Bedford Avenue stop on the L train in
Williamsburg) **Map It**

**Néda**
*A Contemporary Designer Boutique*
*There are two super cool stores in Brooklyn:*

- Cobble Hill at 302 Court Street **Map It**
- Park Slope 413A Seventh Avenue **Map It**

### Manhattan

**Christopher's**
7 Greenwich Avenue
New York, NY
(Corner of Greenwich Avenue and
Christopher Street in the West Village) **Map It**

### Westchester

**Beginnings Bleus**
575 Main Street
Armonk, New York  **Map It**

Are you interested in showing The Now Watch product line in your store, boutique, gift shop, or e-tail site?

From New Age shops and Yoga outlets to mainstream shopping malls, The Now Watch product line seeks a diverse range of purchasing opportunities for our customers.

If you believe any of the NOW Watch products within our line are a good fit for your retail business, please contact us at info@thenowwatch.com to join our expanding Now Watch Network.

Contact Us   |   © Copyright 2007 The Now Watch   |   Website Design: Weaver - Powerful Affordable Websites

**EXHIBIT K**

JAMES REISMAN
MICHAEL I. RACKMAN
GEORGE GOTTLIEB
BARRY A. COOPER
DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
AMY B. GOLDSMITH
TIBERIU WEISZ
MARIA A. SAVIO
RICHARD S. SCHURIN

OF COUNSEL
DIANA MULLER*

* MEMBER OF THE BAR
  OF ARGENTINA ONLY

COUNSELORS AT LAW

PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N.Y. 10016-0601
PHONE: (212) 664-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com · E-MAIL: info@grr.com

DONNA MIRMAN BROOME
BARBARA H. LOEWENTHAL
MARC P. MISTHAL
FRANK D. DECOLVENAERE
STEVEN STERN
YUVAL H. MARCUS

PATENT AGENT
ZOYA V. CHERNINA

March 25, 2008

**VIA FEDERAL EXPRESS**
**and E-MAIL (arothenhaus@nyc.rr.com)**
Mr. Adam Rothenhaus
20 East 9th Street, Apt. 6W
New York, New York 10003

   Re:  <u>E. Gluck Corp.- Infringement of NOW Trademark</u>

Sir:

   Our firm represents E. Gluck Corp. ("Gluck") of Long Island City, New York, with respect to the protection of Gluck's trademarks and related proprietary rights. Gluck is an extremely well-known designer and marketer of watches, and sells its products throughout the world.

   Gluck is the exclusive owner of the NOW trademark used for watches. The NOW trademark is the subject of an <u>incontestable</u> registration in the United States Patent and Trademark Office. A copy of our client's registration is enclosed.

   We have recently discovered that you have registered the domain name <thenowwatch.com> and, accordingly, that you are using our client's trademark as the dominant part of your domain name. We further understand that the domain name is associated with a website offering watches, including watches bearing the term "now", for sale. A printout of the website associated with <thenowwatch.com> is also enclosed.

   We have also been advised that you filed Application Serial No. 78/809,166 to register THE NOW WATCH with the United States Patent and Trademark Office. That application has been refused based on our client's registration.

   Be advised that your use of "The Now Watch", as well as your use of the domain name <thenowwatch.com> in connection with the sale of watches with the term

Mr. Adam Rothenhaus
March 25, 2008
Page 2

"now" on their face, creates confusion as to our client's federally protected NOW mark, and therefore constitutes trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1501 et seq.  Moreover, since you were aware of Gluck's rights by virtue of the notice provided by the Trademark Office, your infringement is willful.  The penalties for willful infringement are severe, and include treble damages and attorney's fees.

Additionally, your registration of the domain name <thenowwatch.com> violates the Anti-Cybersquatting Consumer Protection Act ("ACPA") and your company's registration agreement with GoDaddy.com, Inc., which incorporates the Uniform Domain Name Dispute Resolution Policy ("UDRP").  In particular, your registration and use of the domain name <thenowwatch.com> as described above is actionable under the ACPA and UDRP because your domain name is confusingly similar to a trademark or service mark in which the complainant has rights; because you have no rights or legitimate interests in respect of the domain name; and because <thenowwatch.com> was registered and is being used in bad faith.

On behalf of our client, we request that you immediately cease and desist from using the name "The Now Watch," the domain name <thenowwatch.com> or any other confusingly similar term in connection with watches or the sale of watches. Additionally, we demand that you immediately transfer the domain name <thenowwatch.com> to our client, and that you request GoDaddy.com, Inc. to do the same.

We also advise you that any and all use of our client's trademark, whether as part of an e-mail address, domain name or the like, or in any other way, constitutes infringement of our client's trademark rights, unfair competition and dilution.

Accordingly, we call upon your company to forthwith cease and desist from any act of trademark infringement or unfair competition.  Specifically, on behalf of our client, we demand that your company:

1)    immediately cease use of the phrase "The Now Watch", the NOW mark (or any other names similar thereto);

2)    immediately transfer the domain name <thenowwatch.com> to our client;

3)    forward to us documentation reflecting the manufacture, importation and sales of the infringing items to date;

Mr. Adam Rothenhaus
March 25, 2008
Page 3

      4)    indicate to us the remaining quantity of infringing products currently in inventory under your company's control; and

      5)    provide an accounting to us for all sales of these products made to date, and agree to compensate out client accordingly.

      Our client views this matter with considerable concern.  In view thereof, we expect your affirmative response, or that of your counsel, by **5:00 P.M. on Friday, March 28, 2008**.

      Please be advised that if you do not cease use of our client's trademark and transfer the domain name, our client has already authorized us to take such steps as may be necessary to protect our client's valuable trademark rights.

      This letter constitutes notice of Gluck's trademark rights and is written without waiver of any rights and remedies that Gluck may assert to protect its intellectual property.

      Very truly yours,

      GOTTLIEB, RACKMAN & REISMAN, P.C.

      Marc P. Misthal

MPM
Enclosures
cc:    1:46 Watch Repair and Design Collective (via Federal Express) (w/encls.)
       Néda (via Federal Express) (w/encls.)
       Christopher's (via Federal Express) (w/encls.)
       Beginnings Bleus (via Federal Express) (w/encls.)
       Richard S. Schurin, Esq. (w/o encls.)

Int. Cl.: 14

Prior U.S. Cl.: 27

**United States Patent and Trademark Office**

Reg. No. 1,446,294
Registered July 7, 1987

## TRADEMARK
### PRINCIPAL REGISTER

# NOW

E. GLUCK CORPORATION (NEW YORK COR-
PORATION)
29-10 THOMSON AVENUE
LONG ISLAND CITY, NY 11101

FOR: WATCHES, IN CLASS 14 (U.S. CL. 27).

FIRST USE 9–16–1986; IN COMMERCE
9–16–1986.

SER. NO. 628,672, FILED 11–5–1986.

C. A. SIDOTI, EXAMINING ATTORNEY

Because the Time is Always Now!

| Order The Now Watch | Store Locations | About Us | Our Community | Contact Us | Home |



Contact Us    |    © Copyright 2007 The Now Watch    |    Website Design: Weaver - Powerful Affordable Websites