UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X          Civil Action No. 08 CV 3466 (VM)
E. GLUCK CORPORATION,

                              Plaintiff,
          v.

ADAM ROTHENHAUS,

                              Defendant.
-------------------------------------------------------

### AFFIDAVIT OF RICHARD S. SCHURIN, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Richard S. Schurin, being duly sworn, deposes and says:

1.       I am a shareholder of the firm known as Gottlieb, Rackman & Reisman, P.C., and with other members of my firm, represent plaintiff E. Gluck Corporation ("Plaintiff"). This Affidavit is respectfully submitted in support of Plaintiff's Motion for a Preliminary Injunction to prevent defendant Adam Rothenhaus ("Defendant") from continuing to use the marks NOW and THE NOW WATCH in connection with the promotion, advertisement, distribution, marketing and sale of watches and from continuing to maintain and operate a website under the domain name "www.thenowwatch.com."

2.       On February 7, 2006, defendant filed Application Serial No. 78/809,166 with the USPTO to register the trademark THE NOW WATCH. Defendant's application was filed on an intent-to-use basis, indicating that the mark was not in use. A copy of the defendant's application retrieved from the USPTO's Website is attached hereto as **Exhibit H**.

3.    On August 1, 2006, the defendant's application for registration was refused by the Trademark Office because of a likelihood of confusion with the plaintiff's prior registered mark.  The trademark examiner stated in relevant part:

> "Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 1,446,294.
> …
>
> The goods are highly related: watches and watch faces.
>
> The marks are highly similar and convey the same meaning using the same wording forming the major portion of the marks: NOW; THE NOW WATCH. The addition of the generic name WATCH to the applicant's mark does not obviate likelihood of confusion.
>
> For these reasons, registration is refused under the provisions of Section 2(d) of the Trademark Act."

A copy of this Office Action rejecting the defendant's application, retrieved from the USPTO's Website, is attached hereto as **Exhibit I**.

4.    Not to be deterred, on October 12, 2006, defendant sought to overcome the USPTO's rejection of its trademark application.  A copy of the defendant's "Response to Office Action," retrieved from the USPTO's Website, is attached hereto as **Exhibit J**.

5.    However, on December 1, 2006, the USPTO responded to defendant's submission and maintained its rejection.   The trademark examiner stated in relevant part:

> "After careful consideration of the applicant's arguments for allowance, the refusal to register under the provisions of Section 2(d) are maintained for the following reasons:
>  …

SIMILARITY OF THE GOODS

The goods in issue appear to be either identical or highly similar. While the applicant has identified the goods as "watch faces" an examination of the picture of applicant's proposed goods shows the terms NOW placed to identify the watch, rather than only an element of the goods, such a watch face. Therefore, the goods appear to be identical, or highly similar – watches.

If the goods or services of the respective parties are closely related, the degree of similarity between marks required to support a finding of likelihood of confusion is not as great as would apply with diverse goods or services. *Century 21 Real Estate Corp. v. Century Life of America*, 970 F.2d 874, 877, 23 USPQ2d 1698, 1701 (Fed. Cir. 1992) …

SIMILARITY OF THE MARKS

…

While the applicant claims that each word in its mark has been carefully selected to create a distinct commercial impression, the generic word "watch" would only be perceived by viewers as the name of the goods, not necessarily effecting the meaning of the word which creates the major commercial impression in both marks, NOW.

The mere addition of a term to a registered mark does not obviate the similarity between the marks nor does it overcome a likelihood of confusion under Section 2(d). *In re Chatam International, Inc.*, 380 F. 3d 1340, 71 USPQ2d 1944 (Fed. Cir. 2004)
…

For these reasons, the marks, in fact, create the same commercial impression for identical goods – watches."

A copy of this "Office Action," retrieved from the USPTO's Website, is attached

hereto as **Exhibit K**.

6.     On December 24, 2007, defendant <u>yet again</u> sought to overcome the

USPTO's rejection. A copy of the defendant's second "Response to Office Action" is

attached hereto as **Exhibit L**.

7.     On January 25, 2008, the USPTO again rejected, for a third time,

defendant's application for registration. This time, the Trademark Examiner

responding both to defendant's new substitute drawing and its argument to

overcome plaintiff's registered mark, stated in relevant part:

> "Even if the substitute drawing were acceptable, the initial refusal to register under the provision of Section 2(d) based on cited registration no. 1,446,294 would be maintained.
>
> The goods are identical or highly related:  watches and watch faces.
> …
>
> Under the proposed new drawing of the mark, the watch face is the most prominent element of the entire mark, THE NOW WACTH, being in different colors, and being the largest feature of the overall mark; the fact that the term "watch" is generic and disclaimed entitles it to much less weight in determining the predominant features of the goods, most noticed by potential consumers.  The different size and shade of the letters composing the word NOW in the watch face also emphasize the term as the predominant feature of the overall mark.  As such, while other wording may be contained in the applicant's mark, the term most likely to be remembered by consumers is the term NOW, identical in appearance, pronunciation and meaning to the cited registered mark NOW.
>
> For these reasons, the 2(d) refusal to register is maintained."

A copy of this "Office Action," retrieved from the USPTO's Website, is attached

hereto as **Exhibit M**.

    8.    By letter dated March 25, 2008, my firm advised Defendant that his

actions constituted trademark infringement and unfair competition and demanded

that he cease and desist his infringing activities.  A copy of the letter is annexed

hereto as **Exhibit N**.

9.      This request for relief against Defendant has not been previously sought by Plaintiff in this or any other action.

Dated: June 6, 2008

_____
Richard S. Schurin

**EXHIBIT H**

Document Description: **TEAS Plus New Application**      Mail / Create Date: **07-Feb-2006**

| Previous Page |    | Next Page |    You are currently on page 1 of 2

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 78809166**
**Filing Date: 02/07/2006**

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

## The table below presents the data as entered.

| Input Field | Entered |
| --- | --- |
| **TEAS Plus** | YES |
| **MARK INFORMATION** | |
| *MARK | The Now Watch |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | The Now Watch |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Rothenhaus, Adam |
| *STREET | 20 East 9th Street Apt. 6W |
| *CITY | New York |
| *STATE (Required for U.S. applicants) | New York |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 10003 |

| PHONE | 212-982-2336 |
|---|---|
| EMAIL ADDRESS | arothenhaus@nyc.rr.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## LEGAL ENTITY INFORMATION

| *TYPE | INDIVIDUAL |
|---|---|
| * COUNTRY OF CITIZENSHIP | United States |

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| *INTERNATIONAL CLASS | 014 |
|---|---|
| *DESCRIPTION | Watch faces |
| *FILING BASIS | SECTION 1(b) |

## ADDITIONAL STATEMENTS INFORMATION

| *TRANSLATION (if applicable) | |
|---|---|
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |

## CORRESPONDENCE INFORMATION

| *NAME | Rothenhaus, Adam |
|---|---|
| *STREET | 20 East 9th Street Apt. 6W |
| * CITY | New York |
| * STATE (Required for U.S. applicants) | New York |
| * COUNTRY | United States |
| * ZIP/POSTAL CODE (Required for U.S. applicants only) | 10003 |
| PHONE | 212-982-2336 |
| * EMAIL ADDRESS | arothenhaus@nyc.rr.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

| FEE INFORMATION | |
|---|---|
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 275 |
| TOTAL FEE DUE | 275 |

| SIGNATURE INFORMATION | |
|---|---|
| * SIGNATURE | /Adam Rothenhaus/ |
| * SIGNATORY NAME | Adam Rothenhaus |
| SIGNATORY POSITION | Owner |
| * SIGNATURE DATE | 02/07/2006 |

| FILING INFORMATION SECTION | |
|---|---|
| SUBMIT DATE | Tue Feb 07 16:40:27 EST 2006 |
| TEAS STAMP | USPTO/FTK-66.108.84.90-20 060207164027921015-788091 66-30026732fcf52dfc2b2ac7 83f4ddc3819ff-CC-373-2006 0207160609084795 |

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

### Serial Number: 78809166
### Filing Date: 02/07/2006

To the Commissioner for Trademarks:
**MARK:** The Now Watch (Standard Characters, see mark)
The literal element of the mark consists of The Now Watch. The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Adam Rothenhaus, a citizen of United States, residing at 20 East 9th Street Apt. 6W, New York, New York, United States, 10003, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 014:  Watch faces

If the applicant is filing under Section 1(b), intent to use, the applicant declares that it has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(b), as amended.

If the applicant is filing under Section 1(a), actual use in commerce, the applicant declares that it is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

If the applicant is filing under Section 44(d), priority based on foreign application, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and asserts a claim of priority based on a specified foreign application(s). 15 U.S.C. Section 1126(d), as amended.

If the applicant is filing under Section 44(e), foreign registration, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and submits a copy of the supporting foreign registration(s), and translation thereof, if appropriate. 15 U. S.C. Section 1126(e), as amended.

The USPTO is authorized to communicate with the applicant or its representative at the following email address: arothenhaus@nyc.rr.com.

A fee payment in the amount of $275 will be submitted with the application, representing payment for 1 class(es).

### Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or

imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /Adam Rothenhaus/  Date: 02/07/2006
Signatory's Name: Adam Rothenhaus
Signatory's Position: Owner
Mailing Address:
    Rothenhaus, Adam
    20 East 9th Street Apt. 6W
    New York, New York 10003

RAM Sale Number: 373
RAM Accounting Date: 02/08/2006

Serial Number: 78809166
Internet Transmission Date: Tue Feb 07 16:40:27 EST 2006
TEAS Stamp: USPTO/FTK-66.108.84.90-20060207164027921
015-78809166-30026732fcf52dfc2b2ac783f4d
dc3819ff-CC-373-20060207160609084795

---

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail* TrademarkAssistanceCenter@uspto.gov, *or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail* TDR@uspto.gov. *If outside of the normal business hours of the USPTO, please e-mail* Electronic Business Support, *or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail* USPTO Contact Center (UCC).

**NOTE**: *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

# EXHIBIT I

Document Description: **Offc Action Outgoing**    Mail / Create Date: **01-Aug-2006**

| Previous Page |    | Next Page |    You are currently on page |1| of |2|

| **To:** | Rothenhaus, Adam (arothenhaus@nyc.rr.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 78809166 - THE NOW WATCH - N/A |
| **Sent:** | 8/1/06 11:05:41 AM |
| **Sent As:** | ECOM117@USPTO.GOV |
| **Attachments:** | Attachment - 1 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    78/809166

**APPLICANT:**    Rothenhaus, Adam

**\*78809166\***

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**CORRESPONDENT ADDRESS:**
ROTHENHAUS, ADAM
20 E 9TH ST APT 6W
NEW YORK, NY 10003-5944

**MARK:**    THE NOW WATCH

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  N/A

**CORRESPONDENT EMAIL ADDRESS:**
arothenhaus@nyc.rr.com

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
4. Your telephone number and e-mail
   address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**:  TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION:**  If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number  78/809166

The assigned examining attorney has reviewed the referenced application and determined the following.

## Section 2(d) - Likelihood of Confusion Refusal

Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 1,446294. Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq.* See the enclosed registration.

Taking into account the relevant *Du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); *In re August Storck KG,* 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq.*

The goods are highly related: watches and watch faces.

The marks are highly similar and convey the same meaning using the same wording forming the major portion of the marks: NOW ;THE NOW WATCH. The addition of the generic name ,WATCH to the applicant's mark does not obviate likelihood of confusion.

For these reasons, registration is refused under the provisions of Section 2(d) of the Trademark Act.

If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following informality.

## Disclaimers

The applicant must disclaim the descriptive wording "WATCH" apart from the mark as shown. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.03(a). The wording is merely descriptive because it is the generic name of the item for which applicant's particular goods are used—for watches. .

The computerized printing format for the *Trademark Official Gazette* requires a standard form for a disclaimer. TMEP §1213.08(a)(i). A properly worded disclaimer should read as follows:

No claim is made to the exclusive right to use WATCH apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

The Office can require an applicant to disclaim exclusive rights to an unregistrable part of a mark, rather than refuse registration of the entire mark. Trademark Act Section 6(a), 15 U.S.C. §1056(a). Under Trademark Act Section 2 (e), 15 U.S.C. §1052(e), the Office can refuse registration of the entire mark where it is determined that the entire mark is merely descriptive, deceptively misdescriptive, or primarily geographically descriptive of the goods. Thus, the Office may require the disclaimer of a portion of a mark which, when used in connection with the goods or services, is merely descriptive, deceptively misdescriptive, primarily geographically descriptive, or otherwise unregistrable (e.g., generic). TMEP §1213.03(a). If an applicant does not comply with a disclaimer requirement, the Office may refuse registration of the entire mark. TMEP §1213.01(b).

A "disclaimer" is thus a written statement that an applicant adds to the application record that states that applicant

does not have exclusive rights, separate and apart from the entire mark, to particular wording and/or to a design aspect. The appearance of the applied-for mark does not change.

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

Please note, there is no required format or form for responding to this Office action. The Office recommends applicants use the Trademark Electronic Application System (TEAS) to respond to Office actions online at http://www.uspto.gov/teas/index.html. However, if applicant responds on paper via regular mail, the response should include the following information: (1) the name and law office number of the examining attorney; (2) the serial number of this application; (3) the mailing date of this Office action; and, (4) applicant's telephone number.

When responding to this Office action, applicant must make sure to respond to each refusal and requirement raised. If there is a refusal to register the proposed mark, then applicant may wish to argue against the refusal, i.e., submit arguments and/or evidence as to why the refusal should be withdrawn and why the mark should register. If there are other requirements, then applicant should simply set forth in writing the required changes or statements and request that the Office enter them into the application record. Applicant must also sign and date its response.

Applicant should include the following information on all correspondence with the Office: (1) the name and law office number of the trademark examining attorney; (2) the serial number of this application; (3) the mailing date of this Office action; and, (4) applicant's telephone number. 37 C.F.R. §2.194(b)(1); TMEP §302.03(a).

Applicant should provide a current telephone number with its response to expedite processing. TMEP §302.03(a).

Applicant should set forth a current business address in its response. TMEP §803.05.

Henry S. Zak
/Henry S. Zak/
Examining Attorney
Law Office 117
(571) 272-9354

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED**

**RESPONSE**.
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE: The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a certificate of mailing. 37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- ***General trademark information****: Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- ***Technical help****: For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- ***Questions about USPTO programs****: Please e-mail USPTO Contact Center (UCC).*
***NOTE:*** *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

**Print: Aug 1, 2006**                    **73628672**

**TYPED DRAWING**

**Serial Number**
73628672

**Status**
SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED

**Word Mark**
NOW

**Standard Character Mark**
No

**Registration Number**
1446294

**Date Registered**
1987/07/07

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
E. GLUCK CORPORATION CORPORATION NEW YORK 29-10 THOMSON AVENUE LONG
ISLAND CITY NEW YORK 11101

**Goods/Services**
Class Status -- ACTIVE.  IC 014.  US  027.  G & S: WATCHES.  First
Use: 1986/09/16.  First Use In Commerce: 1986/09/16.

**Filing Date**
1986/11/05

**Examining Attorney**
UNKNOWN

**Attorney of Record**
JAMES REISMAN

<u>TDR Home</u>

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
<u>FAQ: Are you seeing only the first page of this PDF document?</u>

*If you need help:*

- ***General trademark information****: Please e-mail <u>TrademarkAssistanceCenter@uspto.gov</u>, or telephone either 571-272-9250 or 1-800-786-9199.*
- ***Technical help****: For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail <u>TDR@uspto.gov</u>. If outside of the normal business hours of the USPTO, please e-mail <u>Electronic Business Support</u>, or call 1-800-786-9199.*
- ***Questions about USPTO programs****: Please e-mail <u>USPTO Contact Center (UCC)</u>.*

***NOTE****: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

# EXHIBIT J

Document Description: **Response to Office Action**    Mail / Create Date: **12-Oct-2006**

| Previous Page | | Next Page | You are currently on page 1 of 2 | |

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/2009)

# Response to Office Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 78809166 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 117 |
| **MARK SECTION (no change)** | |
| **ARGUMENT(S)** | |

Introduction:

The application to trademark the phrase "The Now Watch" was refused due to a likelihood of confusion with the mark, U.S. Registration No. 1,446294.

Upon initial review, that conclusion seems understandable. The two marks apply to a similar class of goods. The application in question for "The Now Watch" refers to watch faces while U.S. Registration No. 1,446294 refers to watches in general.

However the marks do not connote the same meaning or purpose and significant physical portions of the marks are distinct.

Therefore upon a more in-depth examination of the meaning, purpose, and use of the two marks, it should become clear that the two marks are indeed significantly different, and therefore leave no likelihood of confusion.

A better understanding of the two marks and the two accompanying goods and services will provide us with a more complete context before we re-examine the relevant DuPont factors.

About The Now Watch:

The Now Watch is a new concept for a new kind of watch. The Now Watch is the name of the company as well as the name of its primary product. As can be seen by the two samples in the accompanying picture provided as evidence, The Now Watch uses the word "NOW" and places it prominently on the face of a watch. Thus when people wearing the watch look at their Now Watch, they can still find out the time as they would with any other watch, but will simultaneously be provided with an additional meaning with a distinct purpose. That is, when wearers look at their Now Watch, they will be reminded that it is always the present moment, in other words, now.

Therefore, the Now Watch provides multiple services distinct from any other watch on the market. Depending on the person wearing the watch, the effects of the watch can be motivational, inspirational, and/or relaxing as it helps people live in the present moment while it tells them the time.

Prominent placement of the word "NOW" on the face of the watch is the fundamental concept behind the creation and design of The Now Watch. Each Now Watch produced for men, women, and children, will have the word "NOW" prominently on the face of the watch. The marketing and promotion will also feature the concept emphasizing that every hour, every minute, and every second of every day is also "NOW."

About U.S. Registration No. 1,446294:

This mark is owned by the E Gluck Corporation. The E Gluck Corporation is better known as Armitron. It is a large and well established company producing a wide variety of watches. According to their website, Armitron refers to their female line of watches as the Armitron Now Collection. Some of their female watches have the word "now" on the face of the watch. However, that is where the similarities to The Now Watch end. Samples of the Armitron Now Collection can be viewed at their web-site: http://www.armitron.com/WomensMain.html. (The link is also mentioned in box requesting a description of what evidence submitted consists of. Once on the website, if you click on the small pictures under the words Bangles, Bracelets, and Straps, larger visuals appear for comparison purposes.)

With regard to the Armitron Now collection, the word "now" is not prominent nor a distinguishing feature of the watch. There is no indication that the watch is designed so that the wearer of the watch focuses upon the word "now" and the present moment rather than the regular time such as 4:31pm. Nor is their any indication that the marketing or the promotion of the Armitron Now Collection is focused on the concept that the time is always now. The sales description for the Armitron Now Collection implies their watches are good for any time of day but does not emphasize or even mention the meaning of the word "now" in a present moment sense.

There is further evidence that the Armitron Now Watch Collection is distinct from The Now Watch. Armitron watches in general have some kind of writing on the face of the watch describing the product on them such as the words "Armitron," "diamond," and "water resist." That is further indication that placement of the word "now" these ladies' watches is not an attempt to emphasize that the time is always now but rather a consistent way to help market, promote, and sell their products.

We can take this one step further because this tactic, putting some words on the face of the watch representing company names and characteristics of the individual watch, is common throughout the entire watch industry. Words of this nature can be seen on the faces of fashionable watches made by companies such as Cartier, Rolex, Omega, and Brietling, just to mention a few. This serves as further evidence that Armitron's placement of the word "now" on some of its watch faces merely falls in line with the industry standard, and like all of those other watches, the word is not the primary focus of the watch as it is with The Now Watch.

Application of Relevant Dupont Factors:

The Office Action of August 1, 2006, takes into account the relevant Du Pont factors and uses a two part analysis in finding a likelihood of confusion. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. In re E .I. du Pont de Nemours & Co., 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. In re National

Novice Hockey League, Inc., 222 USPQ 638 (TTAB 1984); In re August Storck KG, 218 USPQ 823 (TTAB 1983); In re Int'l Tel. and Tel. Corp., 197 USPQ 910 (TTAB 1978); Guardian Prods. Co., v. Scott Paper Co., 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 et seq.

After the above explanations and comparisons of the two marks and two accompanying products, a re-examination the relevant DuPont factors compels us to recognize that there is no likelihood of confusion.

Setting aside the comparison of the physical components, the appearance and sound, of the marks for the moment, the above description demonstrates that the connotation of the marks and the commercial impression are indeed different. The Now Watch provides an altogether new and unique purpose and set of services compared with any other conventional watches on the market including the Armitron Ladies Now Collection.

The essence of the Now Watch and the reason it was invented and designed is specifically to add a new component to the experience of wearing a watch. It connotes something more, means something more, and leaves a different commercial impression than any other conventional watch on the market. In order to distinguish itself from other regular watches its marketing and promotion emphasizes the unique benefits mentioned above that The Now Watch provides over more conventional watches.

With reference to the physical component of the two marks, a more in-depth analysis can again show the distinctions between "The Now Watch" and U.S. Registration No. 1,446294.

U.S. Registration No. 1,446294 claims just one word, the word "now." First and foremost, there is a clear distinction when two addition words are added thus seeking intellectual property rights for a three-word-phrase, "The Now Watch." Each word in this phrase has been carefully chosen so that the phase sounds best and is most likely to be remembered and repeated with reference to the specific product as described previously and shown in the picture. A brief but detailed description of the three words follows.

Use of the word "the" as opposed the word "a" or no article at all serves to emphasize that the phrase refers to a very specific product that cannot be confused or mistaken for any other product. This mark does not seek to broadly reserve the right to use the word "now" with reference to all watches for any or all purposes. The word "now" is only descriptive. It seeks only to protect the concept of this new multi purpose watch. The use of the noun, the word "watch" serves to attach an object, to the descriptive adjective "now" so that in combination, they have a specific meaning.

This explanation of the three-word-phrase should clarify any potential for confusion with the one word "now" that is protected by U.S. Registration No. 1,446294.

It should be equally apparent when looking at the two marks that they are different. Simply, one is three words and the other is one word. Granted, they share the word "now" but that does not discount the fact that three words appear different than the one word. That does not discount the fact the three words grouped together look different, read different, and sound different when actually pronounced than just one word.

With respect to the differences in physical appearance to the eye and how they sound to the ear as well as the difference in meaning, intent, connotation, commercial impression, as well as marketing, promotion, and approach to sales, the two marks are not likely to be confused for one another.

Therefore, upon further in depth examination of the meaning, purpose, and use of the mark being applied for and U.S. Registration No. 1,446294, the distinctions discussed prove to obviate a likelihood of confusion.

Disclaimers:

The initial refusal noted that the addition of the generic name, WATCH, does not distinguish the mark being applied for from U.S. Registration No. 1,446294.

No claim is made to the exclusive right to use "Watch" apart from the mark as shown.  No claim is made to the exclusive right to use "Now" apart from the mark as shown.  The application is only in reference to the entire phrase "The Now Watch."

Conclusion:

With the proper context surrounding the two marks, it should be clear for any watch shoppers, watch owners, or watch collectors that The Now Watch and the Armitron Ladies Now Collection are two completely different kinds of watches with different names, different meanings, different purposes, and different uses.

"The Now Watch" trademark will help all reasonably prudent consumers identify The Now Watch and distinguish this unique and specific product from any other products.

With trademark protection The Now Watch inventor and the business that grows around it merely seeks to be the only entity that can refer to this new watch concept as "The Now Watch."  There is no claim to be the only entity that can use the concept, just a claim to call it "The Now Watch."

Such trademark protection should give The Now Watch entity the security it desires to move forward and manufacture, market, sell, and promote this new watch concept.  The trademark will provide that head start over the competition that our intellectual property laws seek to bestow upon our inventors to promote the useful arts and sciences.  It will, in fact do so.

| EVIDENCE SECTION | |
| --- | --- |
| EVIDENCE FILE NAME(S) | |
| ORIGINAL PDF FILE | evi_661088188-122157932_._The_Now_Watch_Designs.pdf |
| CONVERTED PDF FILE(S) (1 page) | \\TICRS\EXPORT2\IMAGEOUT2 \788\091\78809166\xml1\RO A0002.JPG |
| DESCRIPTION OF EVIDENCE FILE | A pdf image of The Now Watch to be compared with http://www.armitron.com/WomensMain.html, a website containing images of the products protected by U.S. Registration No. 1,446294. |
| SIGNATURE SECTION | |
| RESPONSE SIGNATURE | /Adam Rothenhaus/ |
| SIGNATORY'S NAME | Adam Rothenhaus |
| SIGNATORY'S POSITION | applicant |
| DATE SIGNED | 10/12/2006 |
| AUTHORIZED SIGNATORY | YES |

| FILING INFORMATION SECTION | |
|---|---|
| SUBMIT DATE | Thu Oct 12 13:09:46 EDT 2006 |
| TEAS STAMP | USPTO/ROA-66.108.81.88-20 061012130946811644-788091 66-340fe1fb1a5b911121f8bc e81b4fbda6215-N/A-N/A-200 61012122157932150 |

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/2009)

## Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **78809166** has been amended as follows:
**Argument(s)**
In response to the substantive refusal(s), please note the following:

Introduction:

The application to trademark the phrase "The Now Watch" was refused due to a likelihood of confusion with the mark, U.S. Registration No. 1,446294.

Upon initial review, that conclusion seems understandable. The two marks apply to a similar class of goods. The application in question for "The Now Watch" refers to watch faces while U.S. Registration No. 1,446294 refers to watches in general.

However the marks do not connote the same meaning or purpose and significant physical portions of the marks are distinct.

Therefore upon a more in-depth examination of the meaning, purpose, and use of the two marks, it should become clear that the two marks are indeed significantly different, and therefore leave no likelihood of confusion.

A better understanding of the two marks and the two accompanying goods and services will provide us with a more complete context before we re-examine the relevant DuPont factors.

About The Now Watch:

The Now Watch is a new concept for a new kind of watch. The Now Watch is the name of the company as well as the name of its primary product. As can be seen by the two samples in the accompanying picture provided as evidence, The Now Watch uses the word "NOW" and places it prominently on the face of a watch. Thus when

people wearing the watch look at their Now Watch, they can still find out the time as they would with any other watch, but will simultaneously be provided with an additional meaning with a distinct purpose. That is, when wearers look at their Now Watch, they will be reminded that it is always the present moment, in other words, now.

Therefore, the Now Watch provides multiple services distinct from any other watch on the market. Depending on the person wearing the watch, the effects of the watch can be motivational, inspirational, and/or relaxing as it helps people live in the present moment while it tells them the time.

Prominent placement of the word "NOW" on the face of the watch is the fundamental concept behind the creation and design of The Now Watch. Each Now Watch produced for men, women, and children, will have the word "NOW" prominently on the face of the watch. The marketing and promotion will also feature the concept emphasizing that every hour, every minute, and every second of every day is also "NOW."

About U.S. Registration No. 1,446294:

This mark is owned by the E Gluck Corporation. The E Gluck Corporation is better known as Armitron. It is a large and well established company producing a wide variety of watches. According to their website, Armitron refers to their female line of watches as the Armitron Now Collection. Some of their female watches have the word "now" on the face of the watch. However, that is where the similarities to The Now Watch end. Samples of the Armitron Now Collection can be viewed at their web-site: http://www.armitron.com/WomensMain.html. (The link is also mentioned in box requesting a description of what evidence submitted consists of. Once on the website, if you click on the small pictures under the words Bangles, Bracelets, and Straps, larger visuals appear for comparison purposes.)

With regard to the Armitron Now collection, the word "now" is not prominent nor a distinguishing feature of the watch. There is no indication that the watch is designed so that the wearer of the watch focuses upon the word "now" and the present moment rather than the regular time such as 4:31pm. Nor is their any indication that the marketing or the promotion of the Armitron Now Collection is focused on the concept that the time is always now. The sales description for the Armitron Now Collection implies their watches are good for any time of day but does not emphasize or even mention the meaning of the word "now" in a present moment sense.

There is further evidence that the Armitron Now Watch Collection is distinct from The Now Watch. Armitron watches in general have some kind of writing on the face of the watch describing the product on them such as the words "Armitron," "diamond," and "water resist." That is further indication that placement of the word "now" these ladies' watches is not an attempt to emphasize that the time is always now but rather a consistent way to help market, promote, and sell their products.

We can take this one step further because this tactic, putting some words on the face of the watch representing company names and characteristics of the individual watch, is common throughout the entire watch industry. Words of this nature can be seen on the faces of fashionable watches made by companies such as Cartier, Rolex, Omega, and Brietling, just to mention a few. This serves as further evidence that Armitron's placement of the word "now" on some of its watch faces merely falls in line with the industry standard, and like all of those other watches, the word is not the primary focus of the watch as it is with The Now Watch.

Application of Relevant Dupont Factors:

The Office Action of August 1, 2006, takes into account the relevant Du Pont factors and uses a two part analysis in finding a likelihood of confusion.   First, the marks are compared for similarities in appearance, sound, connotation

and commercial impression. In re E .I. du Pont de Nemours & Co., 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. In re National Novice Hockey League, Inc., 222 USPQ 638 (TTAB 1984); In re August Storck KG, 218 USPQ 823 (TTAB 1983); In re Int'l Tel. and Tel. Corp., 197 USPQ 910 (TTAB 1978); Guardian Prods. Co., v. Scott Paper Co., 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 et seq.

After the above explanations and comparisons of the two marks and two accompanying products, a re-examination the relevant DuPont factors compels us to recognize that there is no likelihood of confusion.

Setting aside the comparison of the physical components, the appearance and sound, of the marks for the moment, the above description demonstrates that the connotation of the marks and the commercial impression are indeed different. The Now Watch provides an altogether new and unique purpose and set of services compared with any other conventional watches on the market including the Armitron Ladics Now Collection.

The essence of the Now Watch and the reason it was invented and designed is specifically to add a new component to the experience of wearing a watch. It connotes something more, means something more, and leaves a different commercial impression than any other conventional watch on the market. In order to distinguish itself from other regular watches its marketing and promotion emphasizes the unique benefits mentioned above that The Now Watch provides over more conventional watches.

With reference to the physical component of the two marks, a more in-depth analysis can again show the distinctions between "The Now Watch" and U.S. Registration No. 1,446294.

U.S. Registration No. 1,446294 claims just one word, the word "now." First and foremost, there is a clear distinction when two addition words are added thus seeking intellectual property rights for a three-word-phrase, "The Now Watch." Each word in this phrase has been carefully chosen so that the phase sounds best and is most likely to be remembered and repeated with reference to the specific product as described previously and shown in the picture. A brief but detailed description of the three words follows.

Use of the word "the" as opposed the word "a" or no article at all serves to emphasize that the phrase refers to a very specific product that cannot be confused or mistaken for any other product. This mark does not seek to broadly reserve the right to use the word "now" with reference to all watches for any or all purposes. The word "now" is only descriptive. It seeks only to protect the concept of this new multi purpose watch. The use of the noun, the word "watch" serves to attach an object, to the descriptive adjective "now" so that in combination, they have a specific meaning.

This explanation of the three-word-phrase should clarify any potential for confusion with the one word "now" that is protected by U.S. Registration No. 1,446294.

It should be equally apparent when looking at the two marks that they are different. Simply, one is three words and the other is one word. Granted, they share the word "now" but that does not discount the fact that three words appear different than the one word. That does not discount the fact the three words grouped together look different, read different, and sound different when actually pronounced than just one word.

With respect to the differences in physical appearance to the eye and how they sound to the ear as well as the difference in meaning, intent, connotation, commercial impression, as well as marketing, promotion, and approach to sales, the two marks are not likely to be confused for one another.

Therefore, upon further in depth examination of the meaning, purpose, and use of the mark being applied for and

U.S. Registration No. 1,446294, the distinctions discussed prove to obviate a likelihood of confusion.

Disclaimers:

The initial refusal noted that the addition of the generic name, WATCH, does not distinguish the mark being applied for from U.S. Registration No. 1,446294.

No claim is made to the exclusive right to use "Watch" apart from the mark as shown.  No claim is made to the exclusive right to use "Now" apart from the mark as shown.  The application is only in reference to the entire phrase "The Now Watch."

Conclusion:

With the proper context surrounding the two marks, it should be clear for any watch shoppers, watch owners, or watch collectors that The Now Watch and the Armitron Ladies Now Collection are two completely different kinds of watches with different names, different meanings, different purposes, and different uses.

"The Now Watch" trademark will help all reasonably prudent consumers identify The Now Watch and distinguish this unique and specific product from any other products.

With trademark protection The Now Watch inventor and the business that grows around it merely seeks to be the only entity that can refer to this new watch concept as "The Now Watch."  There is no claim to be the only entity that can use the concept, just a claim to call it "The Now Watch."

Such trademark protection should give The Now Watch entity the security it desires to move forward and manufacture, market, sell, and promote this new watch concept.  The trademark will provide that head start over the competition that our intellectual property laws seek to bestow upon our inventors to promote the useful arts and sciences.  It will, in fact do so.

**Evidence**
Evidence in the nature of A pdf image of The Now Watch to be compared with
http://www.armitron.com/WomensMain.html, a website containing images of the products protected by U.S. Registration No. 1,446294. has been attached.
**Original PDF file:**
evi_661088188-122157932_._The_Now_Watch_Designs.pdf
**Converted PDF file(s) (1 page)**
Evidence-1

**Response Signature**
Signature: /Adam Rothenhaus/     Date: 10/12/2006
Signatory's Name: Adam Rothenhaus
Signatory's Position: applicant

Serial Number: 78809166
Internet Transmission Date: Thu Oct 12 13:09:46 EDT 2006

TEAS Stamp: USPTO/ROA-66.108.81.88-20061012130946811
644-78809166-340fe1fb1a5b911121f8bce81b4
fbda6215-N/A-N/A-20061012122157932150

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail USPTO Contact Center (UCC).*

**NOTE**: *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

# EXHIBIT K

Document Description: **Offc Action Outgoing**    Mail / Create Date: **01-Dec-2006**



| To: | Rothenhaus, Adam (arothenhaus@nyc.rr.com) |
|---|---|
| Subject: | TRADEMARK APPLICATION NO. 78809166 - THE NOW WATCH - N/A |
| Sent: | 12/1/06 2:52:19 PM |
| Sent As: | ECOM117@USPTO.GOV |
| Attachments: | |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    78/809166

**APPLICANT:**    Rothenhaus, Adam

**\*78809166\***

**CORRESPONDENT ADDRESS:**
ROTHENHAUS, ADAM
20 E 9TH ST APT 6W
NEW YORK, NY 10003-5944

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:**    THE NOW WATCH

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  N/A

**CORRESPONDENT EMAIL ADDRESS:**
arothenhaus@nyc.rr.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT**:  TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION:**  If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number  78/809166

This responds to the letter received October 12,2006. The disclaimer of the generic term "watch" is accepted. After

careful consideration of the applicant's arguments for allowance, the refusal to register under the provisions of Section 2(d) are maintained for the following reasons:

Taking into account the relevant *Du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq.*

## SIMILARITY OF THE GOODS

The goods in issue appear to be either identical or highly similar. While the applicant has identified the goods as "watch faces" an examination of the picture of applicant's proposed goods shows the term NOW placed to identify the watch, rather than only an element of the goods, such a watch face. Therefore, the goods in issue appear to be identical, or highly similar—watches.

If the goods or services of the respective parties are closely related, the degree of similarity between marks required to support a finding of likelihood of confusion is not as great as would apply with diverse goods or services. *Century 21 Real Estate Corp. v. Century Life of America*, 970 F.2d 874, 877, 23 USPQ2d 1698, 1701 (Fed. Cir. 1992), *cert. denied* 506 U.S. 1034 (1992); *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1987); *ECI Division of E-Systems, Inc. v. Environmental Communications Inc.*, 207 USPQ 443 (TTAB 1980); TMEP §1207.01(b).

## SIMILARITY OF THE MARKS

Cited registration is for the mark NOW, arbitrarily applied to the identified goods, watches. The mark applicant seeks to register consists of the words THE NOW WATCH, "watch" being disclaimed as the generic name of the goods. Disclaimed matter is typically less significant or less dominant when comparing marks. Although a disclaimed portion of a mark certainly cannot be ignored, and the marks must be compared in their entireties, one feature of a mark may be more significant in creating a commercial impression. *In re Dixie Restaurants Inc.*, 105 F.3d 1405, 41 USPQ2d 1531 (Fed. Cir. 1997); *In re National Data Corporation*, 753 F.2d 1056, 224 USPQ 749 (Fed. Cir. 1985); and *In re Appetito Provisions Co. Inc.*, 3 USPQ2d 1553 (TTAB 1987). *See also Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ 2d 1001 (Fed. Cir. 2002); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976); *In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988); *In re Equitable Bancorporation*, 229 USPQ 709 (TTAB 1986).

While the applicant claims that each word in its mark has been carefully selected to create a distinct commercial impression, the generic word "watch" would only be   perceived by viewers as the name of the goods, not necessarily effecting the meaning of the word which creates the major commercial impression in both mark, NOW.

The mere addition of a term to a registered mark does not obviate the similarity between the marks nor does it overcome a likelihood of confusion under Section 2(d). *In re Chatam International Inc.*, 380 F.3d 1340, 71 USPQ2d 1944 (Fed. Cir. 2004) ("GASPAR'S ALE and "JOSE GASPAR GOLD"); *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) ("BENGAL" and "BENGAL LANCER"); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) ("THE LILLY" and "LILLI ANN"); *In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS"); *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES"); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) ("CONFIRM" and

"CONFIRMCELLS"); *In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY'S ACCU TUNE"); *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC"); TMEP §1207.01(b)(iii).

For these reasons, the marks, in fact, create the same commercial impression for identical goods, watches.

While the applicant argues that the registrant's display of its mark on the goods differs from that of the applicant, is not as prominent , and could be perceived as identifying a quality of the watch, such arguments cannot be entertained in an ex parte proceeding.

The presumption under Trademark Act Section 7(b), 15 U.S.C. §1057(b), is that the registrant is the owner of the mark and that use of the mark extends to all goods and/or services identified in the registration. The presumption also implies that the registrant operates in all normal channels of trade and reaches all classes of purchasers of the identified goods and/or services. *In re Melville Corp.*, 18 USPQ2d 1386, 1389 (TTAB 1991); *McDonald's Corp. v. McKinley*, 13 USPQ2d 1895, 1899 (TTAB 1989); *RE/MAX of America, Inc. v. Realty Mart, Inc.*, 207 USPQ 960, 964-5 (TTAB 1980).

Such assertions regarding differing commercial impressions, based on photographs of the respective uses of the mark on the goods cannot be accepted, since they would nullify the Section 7(b) presumptions of registrability offered to the owner of the cited mark. See In re C.F. Hathaway CO., 190 USPQ 343 (TTAB 1976)

Based on the potential use of the mark on the applicant's goods, as indicated in photographs of such items, the following issues are raised or may be raised:

**Identification of Goods**

Currently, applicant identifies its goods as "watch faces"; however, it appears as if the term applicant seeks to register is used to identify the watch as an item , rather than any one element of the watch.

However, the applicant cannot amend the identification clause in this application, since changing  the current identification from "watch faces" to "watches" expands the scope of the initial identification of goods. Unless the applicant can introduce material showing that the term is used on watch faces, as complete goods in trade, amendment of the identification may not be possible.

**Drawing**

If the current photograph will be submitted as the specimen of record, the following issue will arise:

The mark as depicted on the drawing disagrees with the mark as it appears on the specimen, and clarification is required. 37 C.F.R. §2.51; TMEP §807.12.  Specifically, the drawing displays the mark as THE NOW WATCH, and the specimen shows the mark as NOW.

Applicant must either:

(1)  submit a new drawing of the mark which agrees with the specimen but does not materially alter the mark; 37 C.F.R. §2.72(b); TMEP §§807.13(a) and 807.14 *et seq*;

(2)  submit a substitute specimen that shows use of the mark shown in the drawing, with a statement that "the substitute specimen was in use in commerce prior to filing the amendment to allege use," verified with an affidavit or a signed declaration under 37 C.F.R. §2.20; 37 C.F.R. §§2.59(b) and 2.72(b); TMEP §1104.09

(e); or

(3) withdraw the amendment to allege use.  TMEP §1104.10.

> Henry S. Zak
> /Henry S. Zak/
> Examining Attorney
> Law Office 117
> (571) 272-9354

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE:  You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html.  If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail.  THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE.**
- REGULAR MAIL RESPONSE:  To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE: The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a certificate of mailing.  37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- ***General trademark information****: Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- ***Technical help****: For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*

# EXHIBIT L

Document Description: **Response to Office Action**      Mail / Create Date: **24-Dec-2007**

Previous Page            Next Page            You are currently on page 1 of 2

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/2009)

# Response to Office Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 78809166 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 117 |
| **MARK SECTION (no change)** | |
| **ARGUMENT(S)** | |

This is a reply to the office action received via e-mail on June 27, 2007, from Henry S. Zak, Examining Attorney, Law Office 117, regarding serial number 78809166.

This response primarily includes the submission of a new digitized image showing the mark in JPG format in compliance with the length, width, and pixel recommendations.

As a matter of emphasis:  The fundamental desire here is to register the phrase, "The Now Watch." This drawing submitted as evidence contains the full phrase "The Now Watch" as well as a design that precisely matches the phrase I am seeking to register  The design submitted in here is primarily for demonstration purposes to distinguish the mark from U.S. Registration No. 1,446294.

We seek to have the phase "The Now Watch" registered in standard form that will not materially alter the mark. We already have a copyright for the color design submitted as evidence in this application.

With that point of emphasis, as a matter of caution and to be as thorough as possible, this reply will also address the color issue as requested in the office action e-mail of June 27, 2007, despite the fact that it may not ultimately be necessary.  Thus the reply also includes:
1) a list of the colors that are claimed as a feature of the mark
2) a description of where the colors appear in the mark as requested by the office action

We do not want to represent by addressing this element of the office action e-mail of June 27, 2007, that we want to register the phase "The Now Watch" in specialized form at this juncture.

As background, it is again stipulated that the image sent back with the October 12, 2006 reply, was intended to represent a sample of The Now Watch product line, a watch, in order to differentiate the trademark I am seeking from the products protected by U.S. Registration No. 1,446294.  Since then, a similar version of The Now Watch is currently available in the marketplace in various retail stores in the New York metropolitan area and e-tail shops online.  Again, that is the product, not the mark seeking registration that can be seen most clearly in the image

supplied.

The image attached is intended to serve as evidence demonstrating how the phrase "The Now Watch" is being used in commence and should satisfy the primary purpose of this reply. That is to share the drawing in the proper JPG format of the mark we are seeking to resister and thus to distinguish it from U.S. Registration No. 1,446294.

We will next address the color requirements as set forth in 37 C.F.R. §2.52(b)(1); TMEP §807.07 et seq.

The colors red, white, black and grey appear in the mark The Now Watch.

The central part of the drawing includes all four colors. This is the circle in-between the words "The" and "Watch" where the word "NOW" appears on the face of a clock or a watch. The outer edge of the circle along the circumference is black. As we move inward from the black outer edge in, there is a grey circle, about double the thickness of the black outer edge. Moving further inward, the rest of background of the circle is black. The word "NOW" in capital letters in the center of the circle is in white.

Next we will address the hands of the watch or clock and their colors. The minute hand and the hour hand are primarily grey with a white thin rectangle on the inside of both hands. The second hand, a distinguishing feature of the mark, is red. That is the only red on the mark.

The words "The" and "Watch" appear in black. There are times such as on the current version showing on www.thenowwatch.com where the words "The" and "Watch" appear in white for design purposes. That is because the background on the web page is black, so our graphic designer made the words "The" and "Watch" appear on white in this specific version of the webpage.

For purposes of the color requirement, the words "The" and "Watch" can either be black or white, but if only one version is acceptable, let that be that the words "The" and "Watch" appear in black as the image submitted indicates. That image is in fact the company logo.

For further clarification, please see www.thenowwatch.com to see how the phrase and the image is being used in commerce and to understand what precisely it is that we want to trademark. On the site, the TM symbol is next to the image of the phrase "The Now Watch" indicating what it is we want to protect and what it is we want to register.

It is understood that there is still a question of whether there is likelihood of confusion with the mark we seek to register and U.S. Registration No. 1,446294.

Once we are made aware that the fundamental issue regarding our mark and corresponding drawing seeking registration has been presented to the USPTO in a satisfactory manner, and thus the distinction clearly visible, we will proceed to address any further issues presented to us in the USPTO office actions to move the application process along.

| EVIDENCE SECTION | |
| --- | --- |
| **EVIDENCE FILE NAME(S)** | \\TICRS2\EXPORT14\788\091 \78809166\xml1\ROA0002.JP G |
| **DESCRIPTION OF EVIDENCE FILE** | Drawing of mark in proper JPG format |
| **SIGNATURE SECTION** | |

| RESPONSE SIGNATURE | /Adam Rothenhaus/ |
|---|---|
| SIGNATORY'S NAME | Adam Rothenhaus |
| SIGNATORY'S POSITION | applicant |
| DATE SIGNED | 12/24/2007 |
| AUTHORIZED SIGNATORY | YES |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Mon Dec 24 13:35:28 EST 2007 |
| TEAS STAMP | USPTO/ROA-66.108.80.78-20 071224133528266898-788091 66-41038549eb181896af8279 27f332e59dcb8-N/A-N/A-200 71224132417606799 |

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/2009)

# Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **78809166** has been amended as follows:

## ARGUMENT(S)
### In response to the substantive refusal(s), please note the following:

This is a reply to the office action received via e-mail on June 27, 2007, from Henry S. Zak, Examining Attorney, Law Office 117, regarding serial number 78809166.

This response primarily includes the submission of a new digitized image showing the mark in JPG format in compliance with the length, width, and pixel recommendations.

As a matter of emphasis:  The fundamental desire here is to register the phrase, "The Now Watch."  This drawing submitted as evidence contains the full phrase "The Now Watch" as well as a design that precisely matches the phrase I am seeking to register  The design submitted in here is primarily for demonstration purposes to distinguish the mark from U.S. Registration No. 1,446294.

We seek to have the phase "The Now Watch" registered in standard form that will not materially alter the mark.  We already have a copyright for the color design submitted as evidence in this application.

With that point of emphasis, as a matter of caution and to be as thorough as possible, this reply will also address the color issue as requested in the office action e-mail of June 27, 2007, despite the fact that it may not ultimately be

necessary. Thus the reply also includes:
1) a list of the colors that are claimed as a feature of the mark
2) a description of where the colors appear in the mark as requested by the office action

We do not want to represent by addressing this element of the office action e-mail of June 27, 2007, that we want to register the phase "The Now Watch" in specialized form at this juncture.

As background, it is again stipulated that the image sent back with the October 12, 2006 reply, was intended to represent a sample of The Now Watch product line, a watch, in order to differentiate the trademark I am seeking from the products protected by U.S. Registration No. 1,446294. Since then, a similar version of The Now Watch is currently available in the marketplace in various retail stores in the New York metropolitan area and e-tail shops online. Again, that is the product, not the mark seeking registration that can be seen most clearly in the image supplied.

The image attached is intended to serve as evidence demonstrating how the phrase "The Now Watch" is being used in commence and should satisfy the primary purpose of this reply. That is to share the drawing in the proper JPG format of the mark we are seeking to resister and thus to distinguish it from U.S. Registration No. 1,446294.

We will next address the color requirements as set forth in 37 C.F.R. §2.52(b)(1); TMEP §807.07 et seq.

The colors red, white, black and grey appear in the mark The Now Watch.

The central part of the drawing includes all four colors. This is the circle in-between the words "The" and "Watch" where the word "NOW" appears on the face of a clock or a watch. The outer edge of the circle along the circumference is black. As we move inward from the black outer edge in, there is a grey circle, about double the thickness of the black outer edge. Moving further inward, the rest of background of the circle is black. The word "NOW" in capital letters in the center of the circle is in white.

Next we will address the hands of the watch or clock and their colors. The minute hand and the hour hand are primarily grey with a white thin rectangle on the inside of both hands. The second hand, a distinguishing feature of the mark, is red. That is the only red on the mark.

The words "The" and "Watch" appear in black. There are times such as on the current version showing on www.thenowwatch.com where the words "The" and "Watch" appear in white for design purposes. That is because the background on the web page is black, so our graphic designer made the words "The" and "Watch" appear on white in this specific version of the webpage.

For purposes of the color requirement, the words "The" and "Watch" can either be black or white, but if only one version is acceptable, let that be that the words "The" and "Watch" appear in black as the image submitted indicates. That image is in fact the company logo.

For further clarification, please see www.thenowwatch.com to see how the phrase and the image is being used in commerce and to understand what precisely it is that we want to trademark. On the site, the TM symbol is next to the image of the phrase "The Now Watch" indicating what it is we want to protect and what it is we want to register.

It is understood that there is still a question of whether there is likelihood of confusion with the mark we seek to register and  U.S. Registration No. 1,446294.

Once we are made aware that the fundamental issue regarding our mark and corresponding drawing seeking

registration has been presented to the USPTO in a satisfactory manner, and thus the distinction clearly visible, we will proceed to address any further issues presented to us in the USPTO office actions to move the application process along.


**EVIDENCE**
Evidence in the nature of Drawing of mark in proper JPG format has been attached.
Evidence-1

**SIGNATURE(S)**
**Response Signature**
Signature: /Adam Rothenhaus/    Date: 12/24/2007
Signatory's Name: Adam Rothenhaus
Signatory's Position: applicant

The signatory has confirmed that he/she is not represented by either an authorized attorney or Canadian attorney/agent, and that he/she is either (1) the applicant or (2) a person(s) with legal authority to bind the applicant; and if an authorized U.S. attorney or Canadian attorney/agent previously represented him/her in this matter, either he/she has filed a signed revocation of power of attorney with the USPTO or the USPTO has granted the request of his/her prior representative to withdraw.


Serial Number: 78809166
Internet Transmission Date: Mon Dec 24 13:35:28 EST 2007
TEAS Stamp: USPTO/ROA-66.108.80.78-20071224133528266
898-78809166-41038549eb181896af827927f33
2e59dcb8-N/A-N/A-20071224132417606799

---

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail* TrademarkAssistanceCenter@uspto.gov, *or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail* TDR@uspto.gov. *If outside of the normal business hours of the USPTO, please e-mail* Electronic Business Support, *or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail* USPTO Contact Center (UCC).

**NOTE**: *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

# EXHIBIT M

| Document Description: **Offc Action Outgoing** | Mail / Create Date: **25-Jan-2008** |

Previous Page          Next Page        You are currently on page 1    of 2

| **To:** | Rothenhaus, Adam (arothenhaus@nyc.rr.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 78809166 - THE NOW WATCH - N/A |
| **Sent:** | 1/25/08 11:36:09 AM |
| **Sent As:** | ECOM117@USPTO.GOV |
| **Attachments:** | |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**     78/809166

**MARK:** THE NOW WATCH

**CORRESPONDENT ADDRESS:**
ROTHENHAUS, ADAM
20 E 9TH ST APT 6W
NEW YORK, NY 10003-5944

# *78809166*

**RESPOND TO THIS ACTION:**
**http://www.uspto.gov/teas/eTEASpageD.htm**

**GENERAL TRADEMARK INFORMATION:**
**http://www.uspto.gov/main/trademarks.htm**

**APPLICANT:**     Rothenhaus, Adam

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
N/A
**CORRESPONDENT E-MAIL ADDRESS:**
arothenhaus@nyc.rr.com

# OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE: 1/25/2008**

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail

throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

This responds to the letter received December 24, 2007. The proposed amended drawing of the mark is not accepted for the following reason:

The proposed amendment of the drawing is unacceptable because it would materially alter the essence or character of the mark. 37 C.F.R. §2.72; TMEP §§807.14 *et seq*. *See In re Who? Vision Systems, Inc.*, 57 USPQ2d 1211 (TTAB 2000) (amendment from TACILESENSE to TACTILESENSE found to be material alteration); *In re CTB Inc.*, 52 USPQ2d 1471 (TTAB 1999) (proposed amendment of "TURBO AND DESIGN" to typed word "TURBO" is material alteration); *In re Meditech International Corp.*, 25 USPQ2d 1159, 1160 (TTAB 1990) ("[a] drawing consisting of a single blue star, as well as a drawing consisting of a number of blue stars, would both be considered material alterations vis-à-vis a drawing consisting of the typed words 'DESIGN OF BLUE STAR'"); *In re Wine Society of America Inc.*, 12 USPQ2d 1139 (TTAB 1989) (proposed amendment to replace typed drawing of "THE WINE SOCIETY OF AMERICA" with a special form drawing including those words with a crown design and a banner design bearing the words "IN VINO VERITAS" held to be a material alteration); *In re Nationwide Industries Inc.*, 6 USPQ2d 1882 (TTAB 1988) (addition of house mark "SNAP" to product mark "RUST BUSTER" held a material alteration).

The amended drawing contains a stylized design of a watch face, not appearing in the original drawing of record, which only contains the wording THE NOW WATCH in Standard character format.

The mark in a drawing cannot be amended if the change would materially alter the mark. TMEP §807.14. The Office determines whether a proposed amendment materially alters a mark by comparing the proposed amendment with the drawing of the mark filed with the original application. 37 C.F.R. §2.72; TMEP §807.14(c).

If republication of the amended mark would be necessary in order to provide proper notice to third parties for opposition purposes, then the mark has been materially altered and the amendment is not permitted. *In re Who? Vision Systems Inc.*, 57 USPQ2d 1211, 1218 (TTAB 2000). "The modified mark must contain the essence of the original mark, and the new form must create the impression of being essentially the same mark." *Visa International Service Association v. Life Code Systems, Inc.*, 220 USPQ 740, 743 (TTAB 1983). "That is, the new and old forms of the mark must create essentially the same commercial impression." *In re Nationwide Industries Inc.*, 6 USPQ2d 1882, 1885 (TTAB 1988).

While the color claim and location statements are accurate, since the amended drawing cannot be accepted, such language will not be entered into the record.

Inquiry is made if the watch design element is an exact representation of the actual watch of the applicant, or only a stylized version. 37 C.F.R. section 2.61(b)

Even if the substitute drawing were acceptable , the initial refusal to register under the provisions of Section 2(d), based on cited registration no. 1,446,294, would be maintained.

The goods are identical or highly related: watches and watch faces.

If the goods or services of the respective parties are closely related, the degree of similarity between marks required to support a finding of likelihood of confusion is not as great as would apply with diverse goods or services. *Century 21 Real Estate Corp. v. Century Life of America*, 970 F.2d 874, 877, 23 USPQ2d 1698, 1701 (Fed. Cir. 1992), *cert. denied* 506 U.S. 1034 (1992); *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1987); *ECI Division of E-Systems, Inc. v. Environmental Communications Inc.*, 207 USPQ 443 (TTAB 1980); TMEP §1207.01(b).

The marks are compared in their entireties under a Section 2(d) analysis. Nevertheless, one feature of a mark may be recognized as more significant in creating a commercial impression. Greater weight is given to that dominant feature in determining whether there is a likelihood of confusion. *In re National Data Corp.*, 753 F.2d 1056, 224 USPQ 749 (Fed. Cir. 1985); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976). *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1987); TMEP §1207.01(b)(viii).

Under the proposed new drawing of the mark, the watch face is the most predominant element of the entire mark, THE NOW WATCH, being in different colors, and being the largest feature of the overall mark; the fact that the term "watch" is generic and disclaimed entitles it to much less weight in determining the predominant features of the goods, most noticed by potential consumers. The different size and shade of the letters composing the word NOW in the watch face also emphasize the term as the predominent feature of the overall mark. As such, while other wording may be contained in the applicant's mark, the term most likely to be remembered by consumers is the term NOW, identical in appearance, pronunciation and meaning to the cited registered mark NOW.

For these reasons, the 2(d) refusal to register is maintained.

Henry S. Zak
/Henry S. Zak/
Examining Attorney
Law Office 117
(571) 272-9354

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office action should be filed using the form available at http://www.uspto.gov/teas/eTEASpageD.htm. If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification. **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail* TrademarkAssistanceCenter@uspto.gov, *or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving* **technical** *glitches, please e-mail* TDR@uspto.gov. *If outside of the normal business hours of the USPTO, please e-mail* Electronic Business Support, *or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail* USPTO Contact Center (UCC).

**NOTE**: *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

# EXHIBIT N

JAMES REISMAN
MICHAEL I. RACKMAN
GEORGE GOTTLIEB
BARRY A. COOPER
DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
AMY B. GOLDSMITH
TIBERIU WEISZ
MARIA A. SAVIO
RICHARD S. SCHURIN

OF COUNSEL
DIANA MULLER*

* MEMBER OF THE BAR
OF ARGENTINA ONLY

DONNA MIRMAN BROOME
BARBARA H. LOEWENTHAL
MARC P. MISTHAL
FRANK D. DECOLVENAERE
STEVEN STERN
YUVAL H. MARCUS

PATENT AGENT
ZOYA V. CHERNINA

COUNSELORS AT LAW

PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N.Y. 10016-0601
PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com · E-MAIL: info@grr.com

March 25, 2008

**VIA FEDERAL EXPRESS**
**and E-MAIL (arothenhaus@nyc.rr.com)**
Mr. Adam Rothenhaus
20 East 9th Street, Apt. 6W
New York, New York 10003

Re: **E. Gluck Corp.- Infringement of NOW Trademark**

Sir:

Our firm represents E. Gluck Corp. ("Gluck") of Long Island City, New York, with respect to the protection of Gluck's trademarks and related proprietary rights. Gluck is an extremely well-known designer and marketer of watches, and sells its products throughout the world.

Gluck is the exclusive owner of the NOW trademark used for watches. The NOW trademark is the subject of an <u>incontestable</u> registration in the United States Patent and Trademark Office. A copy of our client's registration is enclosed.

We have recently discovered that you have registered the domain name <thenowwatch.com> and, accordingly, that you are using our client's trademark as the dominant part of your domain name. We further understand that the domain name is associated with a website offering watches, including watches bearing the term "now", for sale. A printout of the website associated with <thenowwatch.com> is also enclosed.

We have also been advised that you filed Application Serial No. 78/809,166 to register THE NOW WATCH with the United States Patent and Trademark Office. That application has been refused based on our client's registration.

Be advised that your use of "The Now Watch", as well as your use of the domain name <thenowwatch.com> in connection with the sale of watches with the term

Mr. Adam Rothenhaus
March 25, 2008
Page 2

"now" on their face, creates confusion as to our client's federally protected NOW mark, and therefore constitutes trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1501 et seq. Moreover, since you were aware of Gluck's rights by virtue of the notice provided by the Trademark Office, your infringement is willful. The penalties for willful infringement are severe, and include treble damages and attorney's fees.

Additionally, your registration of the domain name <thenowwatch.com> violates the Anti-Cybersquatting Consumer Protection Act ("ACPA") and your company's registration agreement with GoDaddy.com, Inc., which incorporates the Uniform Domain Name Dispute Resolution Policy ("UDRP"). In particular, your registration and use of the domain name <thenowwatch.com> as described above is actionable under the ACPA and UDRP because your domain name is confusingly similar to a trademark or service mark in which the complainant has rights; because you have no rights or legitimate interests in respect of the domain name; and because <thenowwatch.com> was registered and is being used in bad faith.

On behalf of our client, we request that you immediately cease and desist from using the name "The Now Watch," the domain name <thenowwatch.com> or any other confusingly similar term in connection with watches or the sale of watches. Additionally, we demand that you immediately transfer the domain name <thenowwatch.com> to our client, and that you request GoDaddy.com, Inc. to do the same.

We also advise you that any and all use of our client's trademark, whether as part of an e-mail address, domain name or the like, or in any other way, constitutes infringement of our client's trademark rights, unfair competition and dilution.

Accordingly, we call upon your company to forthwith cease and desist from any act of trademark infringement or unfair competition. Specifically, on behalf of our client, we demand that your company:

1) immediately cease use of the phrase "The Now Watch", the NOW mark (or any other names similar thereto);

2) immediately transfer the domain name <thenowwatch.com> to our client;

3) forward to us documentation reflecting the manufacture, importation and sales of the infringing items to date;

Mr. Adam Rothenhaus
March 25, 2008
Page 3

4)     indicate to us the remaining quantity of infringing products currently in inventory under your company's control; and

5)     provide an accounting to us for all sales of these products made to date, and agree to compensate out client accordingly.

        Our client views this matter with considerable concern.  In view thereof, we expect your affirmative response, or that of your counsel, by **5:00 P.M. on Friday, March 28, 2008**.

        Please be advised that if you do not cease use of our client's trademark and transfer the domain name, our client has already authorized us to take such steps as may be necessary to protect our client's valuable trademark rights.

        This letter constitutes notice of Gluck's trademark rights and is written without waiver of any rights and remedies that Gluck may assert to protect its intellectual property.

                        Very truly yours,

                        GOTTLIEB, RACKMAN & REISMAN, P.C.

                        Marc P. Misthal


MPM
Enclosures
cc:     1:46 Watch Repair and Design Collective (via Federal Express) (w/encls.)
        Néda (via Federal Express) (w/encls.)
        Christopher's (via Federal Express) (w/encls.)
        Beginnings Bleus (via Federal Express) (w/encls.)
        Richard S. Schurin, Esq. (w/o encls.)

Int. Cl.: 14

Prior U.S. Cl.: 27

Reg. No. 1,446,294

## United States Patent and Trademark Office

Registered July 7, 1987

## TRADEMARK
### PRINCIPAL REGISTER

## NOW

E. GLUCK CORPORATION (NEW YORK COR-
    PORATION)
29-10 THOMSON AVENUE
LONG ISLAND CITY, NY 11101

FOR: WATCHES, IN CLASS 14 (U.S. CL. 27).

FIRST USE 9-16-1986; IN COMMERCE
9-16-1986.

SER. NO. 628,672, FILED 11-5-1986.

C. A. SIDOTI, EXAMINING ATTORNEY



the now watch

Because the Time Is Always Now!

Order The Now Watch | Store Locations | About Us | Our Community | Contact Us | Home

Contact Us   |   © Copyright 2007 The Now Watch   |   Website Design: Weaver - Powerful Affordable Websites