# GOTTLIEB, RACKMAN & REISMAN, P.C.
## COUNSELORS AT LAW
PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N.Y. 10016-0601
PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com · E-MAIL: info@grr.com

JAMES REISMAN
MICHAEL I. RACKMAN
GEORGE GOTTLIEB
BARRY A. COOPER
DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
AMY B. GOLDSMITH
TIBERIU WEISZ
MARIA A. SAVIO
RICHARD S. SCHURIN

OF COUNSEL
DIANA MULLER*
* MEMBER OF THE BAR OF ARGENTINA ONLY

DONNA MIRMAN BROOME
BARBARA H. LOEWENTHAL
MARC P. MISTHAL
FRANK D. DECOLVENAERE
STEVEN STERN
YUVAL H. MARCUS

PATENT AGENT
ZOYA V. CHERNINA

June 10, 2008

**Via Facsimile**
Hon. Victor Marrero
United States District Court Judge
Southern District of New York
500 Pearl Street, Suite 660
New York, N.Y. 10007

Re: E. Gluck Corporation v. Adam Rothenhaus
08 Civ. 3466 (VM) (RLE)

Dear Judge Marrero:

This firm represents Plaintiff in the above matter. I write in brief response to Defendant's counsel's letter of this date.

At the last conference, Defendant's counsel agreed to accept service of Plaintiff's Amended Complaint. Accordingly, last week I sent Defendant's counsel a copy of Plaintiff's Amended Complaint via Fedex. I was not aware that Defendant's counsel was requesting that we serve Plaintiff with a waiver of service pursuant to FRCP 4(d). Indeed, FRCP 4(d) relates to the "waiver of service," not service, and such waiver must be "addressed to the individual defendant," not the attorney. Rather, when Defendant's counsel agreed to accept service in open Court, I assumed that delivering a copy of the papers to her via Fedex was sufficient. Nevertheless, when Defendant's counsel advised that she was taking the position that service had allegedly still not been accomplished, rather than create an issue of this, I agreed to serve her client again personally.

As I stated at the last hearing, Plaintiff has no interest in wasting its own money and the Court's time in litigating side issues that are irrelevant to the merits of this dispute. Accordingly, and since Defendant still refuses to accept our explanation regarding the previously filed Affidavit of Service executed by our firm's paralegal, and since this issue is irrelevant to any substantive issue to be decided in this case, we will simply ask the Clerk to withdraw same as Defendant's counsel requests.

It is our hope that all future correspondence to the Court will relate to substantive issues that are directly relevant to this dispute.

Respectfully submitted,

Richard S. Schurin

cc: E. Shieldkret, Esq (by fax)

---

*Handwritten order:* The parties are directed to cease correspondence with the Court with respect to the matters set forth above until they have resolved the disputes in accordance with the guidance the Court provided at the initial conference. If any dispute continues, the parties are directed to address it to Magistrate Judge Ronald Ellis, to whom the matter has been referred.

**SO ORDERED:**
6-10-08
DATE       VICTOR MARRERO, U.S.D.J.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-10-08

TOTAL P.02