UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :
E. GLUCK CORPORATION,               :
                                    :
            Plaintiff,              :
                                    :
    v.                              :    Civil Action No.
                                    :    08 CV 3466 (VM)
ADAM ROTHENHAUS                     :
                                    :
            Defendant.              :
                                    :
------------------------------------x

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S RULE 11 MOTION AND IN SUPPORT OF
PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

---

GOTTLIEB, RACKMAN & REISMAN, P.C.
Richard S. Schurin
Counsel for Plaintiff
270 Madison Avenue
New York, New York 10016
(212) 684-3900

## TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| BACKGROUND | 1 |
| LEGAL STANDARD | 3 |
| A. DEFENDANT'S MOTION IS WITHOUT MERIT | 4 |
|     Plaintiff Made a Reasonable Pre-Filing Investigation. | 4 |
|     Plaintiff Brought this Claim to Protect its Valuable Trademark Rights | 7 |
|     Defendant's Claims Regarding Service are False | 8 |
| B. PLAINTIFF SHOULD BE AWARDED ITS ATTORNEYS FEES | 9 |
| CONCLUSION | 10 |

| Cases | Page |
|---|---|
| Arnold v. ABC Inc., <br> 2007 U.S. Dist. LEXIS 5802 (S.D.N.Y. January 29, 2007) | 7 |
| Baker v. Urban Outfitters, Inc., <br> 254 F. Supp. 2d 346 (S.D.N.Y. 2003) | 4 |
| Caribbean Wholesales & Serv. Corp. v. USA JVC Corp., <br> 101 F. Supp. 2d 236 (S.D.N.Y. 2000) | 4, 10 |
| Eastway Construction Corp. v. City of New York, <br> 762 F2d 243 (2d Cir. 1985) | 3 |
| Knipe v. Skinner, <br> 19 F.3d 72 (2d Cir. 1994) | 3 |
| Nakash v. United States, <br> 708 F. Supp 1354   (S.D.N.Y. 1988) | 4, 10 |
| Safe Strap Co., Inc. v. Koala Corp., <br> 270 F. Supp.2d 407 (S.D.N.Y. 2003) | 3, 7, 10 |
| Simon DeBartolo Group L.P. v. Richard E. Jacobs Group, Inc. <br> 186 F.3d 157 (2d Cir. 1998) | 3 |
| Storey v. Cello Holdings, LLC, <br> 347 F. 3d 370 (2d Cir. 2003) | 2, 6 |
| Syntex Laboratories, Inc v. Norwich Pharmacal Co., <br> 437 F. 2d 566 (2d Cir. 1971) | 2 |
| TCPIP Holding Co., Inc. v. Haar Communications, Inc., <br> 244 F. 3d 88 (2d Cir. 2001) | 2 |

Statutes and Treatises

| | |
|---|---|
| Fed. R. Civ. P. 11(c)(2) | 2 |
| 15 U.S.C. § 1065 | 1 |
| 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* <br> §11:46 at p. 11-96 | 2 |

<u>Statutes and Treatises</u>                                                                                              <u>Page</u>

3. J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*
    §17:8 at pp. 17-10 to 17-11                                                                                          7

4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*
    §25:78 at p. 25:363                                                                                                   6

## PRELIMINARY STATEMENT

Plaintiff E. Gluck Corporation (hereinafter "Plaintiff") submits this memorandum in opposition to Defendant's motion for sanctions. This memorandum is also offered in support of Plaintiff's request for reimbursement of its costs in opposing this motion pursuant to Fed. R. Civ. Proc. 11 (c)(2).

## BACKGROUND

As discussed herein, Defendant's Rule 11 motion is completely and totally without merit. Indeed, Defendant's allegation that Plaintiff and its counsel failed to conduct a reasonable inquiry into the facts and law before filing its Complaint is false and completely unsupported. Similarly false is Defendant's charge that Plaintiff is prosecuting this action for an improper purpose, and that a paralegal from Plaintiff's office filed a defective affidavit of service.

The extreme weakness of Defendant's Rule 11 motion is evidenced by the facts and arguments presented in the preliminary injunction motion that Plaintiff has now filed. (See Docket No. 12.) As discussed therein, Plaintiff owns an incontestable trademark registration for the term NOW for watches that it has been using for over 22 years. Accordingly, under the Lanham Act, Plaintiff's trademark registration is distinctive as a matter of law. See, 15 U.S.C. § 1065. As also discussed therein, the evidence of Defendant's infringement and bad faith is substantial. For example, the fact that Defendant began selling watches and continued using his domain name after his application for registration had been rejected by the Patent and Trademark Office (hereinafter "PTO") because of Plaintiff's prior rights is compelling evidence of bad faith. See, Syntex

Laboratories, Inc v. Norwich Pharmacal Co., 437 F. 2d 566, 569 (2d Cir. 1971) (PTO's refusal to register mark because of similarity to previously registered mark is factor which is entitled to "great weight."); and Storey v. Cello Holdings, LLC, 347 F. 3d 370, 378-379 (2d Cir. 2003) ("The Anticybersquatting Consumer Protection Act treats rights to registration and use of a domain name as contingent upon the registrant's ongoing use of the domain name without a bad faith intent to profit from a mark.")  In this case, Defendant's bad faith is evidenced by his ongoing use of a domain name that the PTO has held creates a likelihood of confusion.

In addition to the above, Defendant's purported fair-use defense is frivolous. Indeed, Defendant applied for a trademark registration, while swearing to the PTO that his use was trademark use, and uses the "tm" symbol next to his mark. (See, Schurin Decl. ¶4, Exhibit C)  Moreover, any use of a word as a domain name is use as a mark as a matter of law. See, TCPIP Holding Co., Inc. v. Haar Communications, Inc., 244 F. 3d 88 (2d Cir. 2001); and 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §11:46 at p. 11-96 ("The Second Circuit has held that any use of a word as a domain name is use as a "mark" and is not eligible for the fair use defense".)  Accordingly, Defendant's purported "fair-use" defense has no merit whatsoever.

This is one of those situations where a Rule 11 motion is itself sanctionable. Accordingly, since Fed. R. Civ. Proc 11(c)(2) provides that the Court may award reasonable expenses, including attorney fees incurred for the

motion, to the prevailing party, Plaintiff respectfully requests that the Court award Plaintiff its attorneys fees in opposing this baseless motion.

## LEGAL STANDARD

A pleading, motion or paper violates Rule 11 if it is frivolous, legally unreasonable or factually without foundation, even though not signed in subjective bad faith.  Simon DeBartolo Group L.P. v. Richard E. Jacobs Group, Inc. 186 F.3d 157, 166 (2d Cir. 1998)   Rule 11 sanctions should be imposed with caution, Knipe v. Skinner, 19 F.3d 72, 78 (2d Cir. 1994), and "any and all doubts must be resolved in favor of the signer." Eastway Construction Corp. v. City of New York, 762 F2d 243, 254 (2d Cir. 1985).  Rule 11 targets situations "where it is patently clear that claim has absolutely no chance of success." Id. at 254.

In addition to the above, Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss. See, Fed. R. Civ. P. 11 advisory committee's note (1993 Amendments).  In assessing whether Rule 11 sanctions should be imposed, the court does not judge the merits of an action.  Rather, a Court determines a collateral issue: whether the attorney has abused the judicial process, and if so, what sanctions would be appropriate.  Rule 11 is not a toy.  A Rule 11 violation is "a serious thing, and an accusation of such wrongdoing is equally serious." Safe Strap Co., Inc. v. Koala Corp., 270 F. Supp.2d 407, 417, 421 (S.D.N.Y. 2003).

Finally, since Rule 11 (c)(2) allows a Court to award reasonable expenses, including attorney fees, to the *prevailing party* on the motion for sanctions, in this case, Plaintiff should be awarded its attorney fees.  See, Fed. R. Civ. P. 11(c)(2);

3

Caribbean Wholesales & Serv. Corp. v. USA JVC Corp., 101 F. Supp. 2d 236, 242 (S.D.N.Y. 2000) (attorneys fees awarded to non-movant); and Nakash v. United States, 708 F. Supp 1354, (S.D.N.Y. 1988) (Attorneys fees awarded to non-movant, noting that any attorney who contemplates filing a Rule 11 motion must consider the very liberal standards that will govern the Court's review of the validity of the substantive motion under attack.) Baker v. Urban Outfitters, Inc., 254 F. Supp. 2d 346, 361 (S.D.N.Y. 2003) ("Given the complete lack of merit of Baker's Rule 11 motion – which Baker and his counsel were warned about – it is appropriate that defendants, the prevailing parties on plaintiff's Rule 11 motion, be compensated for their reasonable expenses and attorneys fees incurred in opposing the motion.")

A.   DEFENDANT'S MOTION IS WITHOUT MERIT

As discussed below, all three grounds asserted by Defendant in support of its Rule 11 motion are baseless, and do not come close to meeting the legal standards for a Rule 11 motion.

Plaintiff Made a Reasonable Pre-Filing Investigation

Defendant's allegation that Plaintiff did not perform a reasonable pre-suit investigation is both false and without any evidentiary support. Rather, and as discussed in the declaration of Richard S. Schurin submitted herewith, some of the pre-filing steps undertaken by Plaintiff include the following:

   1.   Plaintiff purchased one of Defendant's watches from four (4) retailers located in this district. Every watch purchased by Plaintiff and its packaging, was closely examined. Such investigation disclosed that Defendant was using the mark NOW on the face of

4

the watch (the traditional place for a trademark to appear), and that he was using the mark THE NOW WATCH on the box in which the watch was sold. (Schurin ¶ 5a)

2. Defendant's website was closely examined prior to suit. A review of each and every page of Defendant's website disclosed (a) that Defendant was using the mark THE NOW WATCH with a "tm" symbol; and (b) that Defendant had represented that he is seeking to market his watch to a "diverse range" of consumers through various channels of trade, including "mainstream shopping malls."(Schurin ¶ 5b)

3. The entire history of Defendant's failed efforts to secure a trademark registration was reviewed, including every single document in the PTO's file. This review disclosed that Defendant's application to register the mark THE NOW WATCH was refused by the PTO due to a likelihood of confusion with Plaintiff's prior registered mark, and that the trademark examiner had specifically noted in rejecting Defendant's application that the parties' goods are "highly related" and that the marks "are highly similar and convey the same meaning." (Schurin ¶ 5c)

4. Plaintiff's counsel's firm has represented Plaintiff for decades, and has secured substantially all of Plaintiff's trademark registrations, including the incontestable NOW registration at issue herein. In addition thereto, Plaintiff's counsel had recently represented Plaintiff in an action against another infringer of the NOW mark filed in this District entitled, <u>E. Gluck Corp. v. The Now Project et al.</u>, 08 Civ. 3090. Said action was recently successfully settled by Plaintiff, and in that case the defendants agreed not to use the mark NOW in association with watches. In preparation for bringing the instant suit, Plaintiff's counsel reviewed all of the trademark files that it maintains on Plaintiff's NOW mark as well as the above-mentioned recent litigation file. (Schurin ¶ 5d)

5. Plaintiff's counsel has been practicing trademark law for over 10 years, is fully familiar with the Lanham Act and other substantive law at issue in this case, and considered all possible affirmative defenses that Defendant may raise. (Schurin ¶ 6)

6. Finally, Plaintiff's counsel sent Defendant a cease and desist letter, giving Defendant an opportunity to respond to Plaintiff's claims. When Defendant failed to agree to stop selling the infringing watch, Plaintiff brought this action. (Schurin ¶ 2, Exhibit A)

As indicated above, under any objective measure, Plaintiff undertook a reasonable investigation prior to bringing this action. Defendant's charge that Plaintiff "either did not consult the law before making its conclusory allegations of bad faith or made them despite knowledge that there was ample evidence to undermine its claim" is both false and outrageous.

What Defendant also fails to grasp is that with respect to domain name cybersquatting, bad faith can arise either at the time of registration <u>or</u> at any time thereafter. "Thus, a domain name initially registered legally can become illegal through bad faith actions which follow." See, 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §25:78 at p. 25:363 and <u>Storey v. Cello Holdings, LLC</u>, 347 F. 3d 370, 378-379 (2d Cir. 2003) ("The Anticybersquatting Consumer Protection Act treats rights to registration and use of a domain name as contingent upon the registrant's <u>ongoing use</u> of the domain name without a bad faith intent to profit from a mark.") In this case, and as alleged in Plaintiff's Complaint, Defendant's bad faith is evidenced by his use a domain name for a commercial purpose <u>after the PTO had already held</u> that use of such mark in association with the sale of watches would create a likelihood of confusion.

Finally, the facts in the <u>Arnold</u> case that Defendant relies upon are completely distinguishable from the facts in the instant case. In <u>Arnold</u>, the defendant ABC television was using the slogan "WHAT'S YOUR PROBLEM" on a website promoting the television show *Boston Legal*. There was no use of the term on a product, the defendant had not applied to register the term as a trademark or used the "tm" symbol next to the term, and was not using the term

6

as a domain name.  See, <u>Arnold v. ABC Inc.</u>, 2007 U.S. Dist. LEXIS 5802 (S.D.N.Y. January 29, 2007).  Accordingly, the facts in these two cases could not be more different.

Accordingly, and for the reasons discussed above, Defendant's charge that Plaintiff failed to conduct an adequate pre-filing investigation is baseless.

<u>Plaintiff Brought this Claim to Protect its Valuable Trademark Rights</u>

Similarly false and outrageous is Defendant's claim that Plaintiff brought this action for an improper purpose.

It is black letter law that a trademark owner has duty to police and enforce its trademark rights, and the failure to do so may weaken a mark or even result in abandonment. See, e.g., 3. J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §17:8 at pp. 17-10 to 17-11 ("Sometimes a mark becomes abandoned to generic usage as a result of the trademark owner's failure to police the mark, so that widespread usage by competitors leads to generic usage among the relevant public, who see many sellers using the same word or designation.  This happened with such designations as the "Walking Fingers logo," the term "Yellow Pages" for a telephone directory, and the term "Pilates" for a system of physical training.")  Accordingly, in this case if Plaintiff were to allow Defendant to use an essentially identical mark on the identical products, Plaintiff's incontestible mark, which it has used for 22 years and spent millions of

dollars of promoting and advertising would be weakened, and subject to that defense.[1]

Given the above, Defendant's charge that Plaintiff is prosecuting this case for an improper purpose, is again, baseless and false.

Defendant's Claims Regarding Service are False

Defendant's final argument for Rule 11 sanctions, that Plaintiff's paralegal filed a false affidavit regarding service that Plaintiff refuses to withdraw, is also false and without merit.

The licensed process server that Plaintiff's counsel hired, has stated that a copy of the Summons and Complaint, Individual Practices, and ECF Rules were left with Defendant's concierge at Defendant's residence.  (Schurin Decl ¶ 7, Exhibit D).  Indeed, the fact that a copy of the Summons and Complaint was actually received by Defendant in such manner, is not disputed.  Rather, what Defendant apparently complains about is that Plaintiff's paralegal, while attempting to accomplish "nail and mail" service, allegedly mailed a copy of the Complaint to Defendant but did not include a copy of the ECF instructions or Individual Rules in the package.

What Defendant fails to indicate in its papers is that when Defendant raised this as an issue at the last court conference, the issue was resolved. Specifically, at the Court's suggestion, Defendant's counsel agreed to accept

---

[1] For example, one can be sure that if Plaintiff did not have a history of policing and enforcing its mark, the Defendant in this case would be using that fact to argue that Plaintiff's mark is weak or has been abandoned.

service of the Amended Complaint that Plaintiff had indicated that it would be filing. Thereafter, a copy of the Amended Complaint was sent via FedEx directly to Defendant's counsel.[2]

Plaintiff has not made a motion for default, and the issue has been resolved. The fact that Defendant is arguing that it is a Rule 11 violation for Plaintiff not to have withdrawn an affidavit of service that states that the ECF rules and Individual Rules were delivered to Defendant, when allegedly that was not the case, is simply absurd.

B.   PLAINTIFF SHOULD BE AWARDED ITS ATTORNEY FEES

As previously noted, "Rule 11 is not a toy." A Rule 11 violation is "a serious thing, and an accusation of such wrongdoing is equally serious." Safe Strap Co., Inc. v. Koala Corp., 270 F. Supp.2d 407, 421 (S.D.N.Y. 2003). Accordingly, Defendant's charges that Plaintiff failed to perform an adequate pre-filing investigation, and filed its case for an improper purpose are serious accusations. However, and as discussed herein, these charges are totally baseless, and Defendant does not come close to meeting the legal standard for a Rule 11 motion. Indeed, the only possible reason that Defendant could have filed this Rule 11 motion is to attempt to bolster its contemplated motion to dismiss, which, as also discussed herein, is an improper purpose. See, Safe Strap Co., Inc. v. Koala Corp., 270 F. Supp.2d 407, 417, 421 (S.D.N.Y. 2003).

---

[2] At this time, and notwithstanding the fact that it filed this Rule 11 motion, Defendant is still taking the position that it has not been served with the Amended Complaint.

9

Plaintiff has repeatedly asked Defendant to withdraw this motion. (Schurin ¶ 12) Even after Defendant has had the opportunity to review Plaintiff's motion for a preliminary injunction, Defendant has still refused. In these circumstances, Plaintiff clearly should <u>not</u> have been put to the expense of responding to this frivolous motion, and Plaintiff should be awarded it attorney fees in responding to same. See, <u>Caribbean Wholesales & Serv. Corp. v. USA JVC Corp.</u>, 101 F. Supp. 2d 236, 242 (S.D.N.Y. 2000) (attorneys fees awarded to non-movant); and <u>Nakash v. United States</u>, 708 F. Supp 1354, (S.D.N.Y. 1988) (attorneys-fees awarded to non-movant.)

## CONCLUSION

For the reasons discussed herein, Defendant's Rule 11 motion must be denied. In addition, Plaintiff should be awarded its attorney fees incurred in responding to same.

Respectfully submitted,
GOTTLIEB, RACKMAN & REISMAN

Richard S. Schurin (RS 0199)
Counsel for Plaintiff E. Gluck
Corporation

Dated: June 18, 2008