UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X   Civil Action No. 08 CV 3466 (VM)
E. GLUCK CORPORATION,

                    **Plaintiff,**

   v.

ADAM ROTHENHAUS,

                    **Defendant.**
-------------------------------------------------------X

**AFFIDAVIT OF RICHARD S. SCHURIN, ESQ. IN OPPOSITION
TO DEFNDANT'S RULE 11 MOTION AND IN SUPPORT
OF PLAINTIFF'S REQUST FOR ATTORNEY FEES**

Richard S. Schurin, being duly sworn, deposes and says:

1. I am an attorney representing the plaintiff E. Gluck Corporation ("Plaintiff") in the above referenced matter. This Declaration is respectfully submitted in opposition to Defendant's Rule 11 motion and in support of Plaintiff's Request for Attorney Fees.

2. Attached hereto as Exhibit A is a true and correct copy of a cease and desist letter dated March 25, 2008 that was sent to Defendant Adam Rothenhaus.

3. Attached hereto as Exhibit B is a true and correct copy of a letter that I sent to Defendant's counsel on April 29, 2008 indicating that my client had no interest in talking directly to Mr. Rothenhaus, that communications must take place through attorneys, and inviting Defendant's counsel to call me at any time.

4. Attached hereto as Exhibit C is a true and correct copy of the Application that Defendant filed on February 7, 2006. As indicated, in said Application Defendant signed a declaration punishable by fine or imprisonment or

both, under 18 U.S.C. Section 1001 stating in relevant part, that he believed that he was entitled to use the applied-for mark in commerce.

5. A complete investigation into this matter was conducted prior to filing suit. Some of the pre-filing efforts that were undertaken include the following:

a. On March 25, 2008, Plaintiff purchased one of Defendant's watches from four (4) separate retailers located within this judicial district. That same day, all of the watches and the boxes that came in were closely inspected. Such inspection disclosed that the actual watches that Defendant was selling had the NOW mark on the watch face, and had THE NOW WATCH trademark on the top of the box.

b. Each and every page of Defendant's website was examined. Said examination disclosed that Defendant (a) was using the mark THE NOW WATCH with a "tm" symbol; and (b) was seeking to market his watch to a "diverse range" of consumers through various channels of trade, including "mainstream shopping malls."

c. The entire history of Defendant's failed efforts to secure a trademark registration was reviewed, including a review of every single document in the files of the Patent and Trademark Office relating to Defendant's application of the mark THE NOW WATCH. Said documents are publicly available through the PTO's website. This review disclosed that Defendant's application to register the mark THE NOW WATCH was refused by the PTO due to a likelihood of confusion with Plaintiff's prior registered mark, and that the trademark examiner had specifically noted in rejecting Defendant's application that the parties' goods are "highly related" and that the marks "are highly similar and convey the same meaning."

  d. My firm has represented Plaintiff for decades, and has assisted Plaintiff in securing substantially all of Plaintiff's trademark registrations, including the incontestable NOW registration at issue herein. In addition thereto, Plaintiff's counsel had recently represented Plaintiff in an action against another infringer of the NOW mark filed in this District entitled, <u>E. Gluck Corp. v. The Now Project et al.</u>, 08 Civ. 3090. Said action was recently successfully settled by Plaintiff, and in that case the defendants, among other things, agreed not to use the mark NOW in association with watches. In preparation for bringing the instant suit, I reviewed all of the trademark files that it maintains on Plaintiff's NOW mark as well as the above-mentioned recent litigation file.

  6. I have been practicing trademark law for over 10 years, and am fully familiar with the Lanham Act and other the substantive law at issue in this case

  7. Attached hereto as Exhibit D is a true and correct copy of the Affidavit of Service signed by Licensed Process Server, Barry F. German. This is the Affidavit that was filed in this matter.

  8. Attached hereto as Exhibit E is a true and correct copy of the Affirmation of Service signed by Koenig Pierre, a paralegal at Gottlieb, Rackman & Reisman, P.C., under my supervision.

  9. On May 23, 2008, the Court held a pre-trial conference. At the conference Defendant's counsel agreed to accept service of Plaintiff's Amended Complaint.

10. In accordance therewith, on or about June 3, 2008, I sent via FedEx a clerk stamped copy of Plaintiff's Amended Complaint to Defendant's counsel, along with another copy of the ECF Rules and the Court's Individual Rules.

11. On June 9, 2008, I spoke with Defendant's counsel on the phone. One of things that we discussed was whether or not she would withdraw her Rule 11 motion. In our conversation, Ms. Shieldkret indicated that she would not withdraw her Rule 11 motion.

12. Attached hereto as Exhibit F is a true and correct copy of a letter that I sent to Defendant's counsel dated June 12, 2008 wherein I again ask her to withdraw her Rule 11 motion. No response to this letter was ever received.

_____
Richard S. Schurin

Sworn to before me this
18 day of June, 2008.

_____
Notary Public

DAHLIA ANGELA BOWIE
Notary Public, State of New York
No. 01BO6041043
Qualified in Kings County
Certificate Filed in New York County
Commission Expires 5/1/2010

4

**EXHIBIT A**

**GOTTLIEB, RACKMAN & REISMAN**
COUNSELORS AT LAW

PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N.Y. 10016-0601
PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com • E-MAIL: info@grr.com

JAMES REISMAN
MICHAEL I. RACKMAN
GEORGE GOTTLIEB
BARRY A. COOPER
DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
AMY B. GOLDSMITH
TIBERIU WEISZ
MARIA A. SAVIO
RICHARD S. SCHURIN

OF COUNSEL
DIANA MULLER*

* MEMBER OF THE BAR
OF ARGENTINA ONLY

DONNA MIRMAN BROOME
BARBARA H. LOEWENTHAL
MARC P. MISTHAL
FRANK D. DECOLVENAERE
STEVEN STERN
YUVAL H. MARCUS

PATENT AGENT
ZOYA V. CHERNINA

March 25, 2008

**VIA FEDERAL EXPRESS
and E-MAIL (arothenhaus@nyc.rr.com)**
Mr. Adam Rothenhaus
20 East 9th Street, Apt. 6W
New York, New York 10003

      Re:    <u>E. Gluck Corp.- Infringement of NOW Trademark</u>

Sir:

      Our firm represents E. Gluck Corp. ("Gluck") of Long Island City, New York, with respect to the protection of Gluck's trademarks and related proprietary rights. Gluck is an extremely well-known designer and marketer of watches, and sells its products throughout the world.

      Gluck is the exclusive owner of the NOW trademark used for watches. The NOW trademark is the subject of an <u>incontestable</u> registration in the United States Patent and Trademark Office. A copy of our client's registration is enclosed.

      We have recently discovered that you have registered the domain name <thenowwatch.com> and, accordingly, that you are using our client's trademark as the dominant part of your domain name. We further understand that the domain name is associated with a website offering watches, including watches bearing the term "now", for sale. A printout of the website associated with <thenowwatch.com> is also enclosed.

      We have also been advised that you filed Application Serial No. 78/809,166 to register THE NOW WATCH with the United States Patent and Trademark Office. That application has been refused based on our client's registration.

      Be advised that your use of "The Now Watch", as well as your use of the domain name <thenowwatch.com> in connection with the sale of watches with the term

Mr. Adam Rothenhaus
March 25, 2008
Page 2

"now" on their face, creates confusion as to our client's federally protected NOW mark, and therefore constitutes trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1501 et seq. Moreover, since you were aware of Gluck's rights by virtue of the notice provided by the Trademark Office, your infringement is willful. The penalties for willful infringement are severe, and include treble damages and attorney's fees.

      Additionally, your registration of the domain name <thenowwatch.com> violates the Anti-Cybersquatting Consumer Protection Act ("ACPA") and your company's registration agreement with GoDaddy.com, Inc., which incorporates the Uniform Domain Name Dispute Resolution Policy ("UDRP"). In particular, your registration and use of the domain name <thenowwatch.com> as described above is actionable under the ACPA and UDRP because your domain name is confusingly similar to a trademark or service mark in which the complainant has rights; because you have no rights or legitimate interests in respect of the domain name; and because <thenowwatch.com> was registered and is being used in bad faith.

      On behalf of our client, we request that you immediately cease and desist from using the name "The Now Watch," the domain name <thenowwatch.com> or any other confusingly similar term in connection with watches or the sale of watches. Additionally, we demand that you immediately transfer the domain name <thenowwatch.com> to our client, and that you request GoDaddy.com, Inc. to do the same.

      We also advise you that any and all use of our client's trademark, whether as part of an e-mail address, domain name or the like, or in any other way, constitutes infringement of our client's trademark rights, unfair competition and dilution.

      Accordingly, we call upon your company to forthwith cease and desist from any act of trademark infringement or unfair competition. Specifically, on behalf of our client, we demand that your company:

    1)     immediately cease use of the phrase "The Now Watch", the NOW mark (or any other names similar thereto);

    2)     immediately transfer the domain name <thenowwatch.com> to our client;

    3)     forward to us documentation reflecting the manufacture, importation and sales of the infringing items to date;

Mr. Adam Rothenhaus
March 25, 2008
Page 3

    4)    indicate to us the remaining quantity of infringing products currently in inventory under your company's control; and

    5)    provide an accounting to us for all sales of these products made to date, and agree to compensate out client accordingly.

Our client views this matter with considerable concern. In view thereof, we expect your affirmative response, or that of your counsel, by **5:00 P.M. on Friday, March 28, 2008**.

Please be advised that if you do not cease use of our client's trademark and transfer the domain name, our client has already authorized us to take such steps as may be necessary to protect our client's valuable trademark rights.

This letter constitutes notice of Gluck's trademark rights and is written without waiver of any rights and remedies that Gluck may assert to protect its intellectual property.

    Very truly yours,

    GOTTLIEB, RACKMAN & REISMAN, P.C.

    Marc P. Misthal

MPM
Enclosures
cc:    1:46 Watch Repair and Design Collective (via Federal Express) (w/encls.)
    Néda (via Federal Express) (w/encls.)
    Christopher's (via Federal Express) (w/encls.)
    Beginnings Bleus (via Federal Express) (w/encls.)
    Richard S. Schurin, Esq. (w/o encls.)

**EXHIBIT B**

**GOTTLIEB, RACKMAN & REISMAN, P.C.**
COUNSELORS AT LAW

PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N.Y. 10016-0601
PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com · E-MAIL: info@grr.com

JAMES REISMAN
MICHAEL I. RACKMAN
GEORGE GOTTLIEB
BARRY A. COOPER
DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
AMY B. GOLDSMITH
TIBERIU WEISZ
MARIA A. SAVIO
RICHARD S. SCHURIN

DONNA MIRMAN BROOME
BARBARA H. LOEWENTHAL
MARC P. MISTHAL
FRANK D. DECOLVENAERE
STEVEN STERN
YUVAL H. MARCUS

PATENT AGENT
ZOYA V. CHERNINA

OF COUNSEL
DIANA MULLER*

* MEMBER OF THE BAR
OF ARGENTINA ONLY

April 29, 2008

<u>Via First Class Mail</u>
Elizabeth Shieldkret
85-86 67th Avenue
Rego Park, NY 11374

Re: <u>E. Gluck Corp. v. Adam Rothenhaus, 08 Civ. 3466</u>

Dear Ms. Shieldkret:

I write in response to your letter of April 28th, 2008. Please be advised that your client has been served. Since service has been accomplished, there is no need to send you a waiver of service. Please be further advised that proof of service has been filed via ECF, and your client's Answer is due May 12, 2008.

Although your client has received a copy of the Complaint and a copy was sent with my prior correspondence, yet another courtesy copy is enclosed herewith for your use.

Finally, please be advised that my client has no interest in speaking directly to Mr. Rothenhaus at this time. If your client would like to resolve this matter, communications must take place through attorneys. Please feel free to call me at any time to discuss any of the above matters.

Very truly yours,
GOTTLIEB, RACKMAN & REISMAN P.C.

Richard S. Schurin, Esq.

Enclosure

# EXHIBIT C

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 78809166**
**Filing Date: 02/07/2006**

To the Commissioner for Trademarks:
**MARK:** The Now Watch (Standard Characters, see mark)
The literal element of the mark consists of The Now Watch. The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Adam Rothenhaus, a citizen of United States, residing at 20 East 9th Street Apt. 6W, New York, New York, United States, 10003, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 014:  Watch faces

If the applicant is filing under Section 1(b), intent to use, the applicant declares that it has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(b), as amended.

If the applicant is filing under Section 1(a), actual use in commerce, the applicant declares that it is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

If the applicant is filing under Section 44(d), priority based on foreign application, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and asserts a claim of priority based on a specified foreign application(s). 15 U.S.C. Section 1126(d), as amended.

If the applicant is filing under Section 44(e), foreign registration, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and submits a copy of the supporting foreign registration(s), and translation thereof, if appropriate. 15 U. S.C. Section 1126(e), as amended.

The USPTO is authorized to communicate with the applicant or its representative at the following email address: arothenhaus@nyc.rr.com.

A fee payment in the amount of $275 will be submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or

imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /Adam Rothenhaus/   Date: 02/07/2006
Signatory's Name: Adam Rothenhaus
Signatory's Position: Owner
Mailing Address:
   Rothenhaus, Adam
   20 East 9th Street Apt. 6W
   New York, New York 10003

RAM Sale Number: 373
RAM Accounting Date: 02/08/2006

Serial Number: 78809166
Internet Transmission Date: Tue Feb 07 16:40:27 EST 2006
TEAS Stamp: USPTO/FTK-66.108.84.90-20060207164027921
015-78809166-30026732fcf52dfc2b2ac783f4d
dc3819ff-CC-373-20060207160609084795

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail* TrademarkAssistanceCenter@uspto.gov, *or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving* **technical** *glitches, please e-mail* TDR@uspto.gov. *If outside of the normal business hours of the USPTO, please e-mail* Electronic Business Support, *or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail* USPTO Contact Center (UCC).

**NOTE**: *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

**EXHIBIT D**

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK    Attorney: GOTTLIEB, RACKMAN & REISMAN, P.C.
ATTN: GERI SMITH

E. GLUCK CORPORATION

                                           Plaintiff(s)

Index # 08 CV 3466 (MARRERO)

- against -

ADAM ROTHENHAUS

                                           Defendant(s)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

BARRY F. GERMAN BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 21, 2008 at 03:35 PM at

20 E. 9TH ST, APT. 6W
NEW YORK, NY 10003-5944

deponent served the within SUMMONS AND COMPLAINT, THE INDIVIDUAL PRACTICES OF THE HON. VICTOR A. MARRERO, THE INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE * on ADAM ROTHENHAUS therein named,

**SUITABLE AGE** by delivering thereat a true copy of each to KEVIN SMITH a person of suitable age and discretion. Said premises is Defendant's dwelling house within the state. He identified himself as the CONCIERGE of the Defendant.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| MALE | WHITE | BLACK | 35 | 5'9 | 180 |

MUSTACHE/BEARD

PERSON SPOKEN TO REFUSED TO STATE TRUE FIRST AND/OR LAST NAMES

PERSON REFUSED TO ALLOW YOUR DEPONENT ACCESS INTO SAID BUILDING.

**MILITARY SERVICE** Person spoken to was asked whether the Defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the Defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

* RONALD I. ELLIS, 3RD AMENDED INSTRUCTIONS FOR FILING AN ELECTRONIC CASE OR APPEAL

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on: April 22, 2008

| JOEL GRABER | JOSEPH KNIGHT | JONATHAN GRABER | BARRY F. GERMAN |
|---|---|---|---|
| Notary Public, State of New York | Notary Public, State of New York | Notary Public, State of New York | License #: 982866 |
| No. 02GR4699723 | No. 01KN6178241 | No. 01GR6156780 | Invoice #: 461155 |
| Qualified in New York County | Qualified In New York County | Qualified in New York County | |
| Expires February 10, 2010 | Expires November 26, 2011 | Expires December 4, 2010 | |

UNITED PROCESS SERVICE, INC., 3RD FLOOR, 315 BROADWAY, NEW YORK, NY 10007 - (212) 619-0728

**EXHIBIT E**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK
-------------------------------------------------------------------x

E. GLUCK CORPORATION,

                *Plaintiff*,

v.

ADAM ROTHENHAUS,

                *Defendant*.
-------------------------------------------------------------------x

Civil Action No.
**08 CIV 3466**

**AFFIRMATION OF SERVICE**

I, Koenig Pierre, declare under penalty of perjury that I have served a copy of the Summons, Complaint, the Individual Practices of Judge Victor Marrero and Magistrate Judge Ronald L. Ellis and the 3rd Amended Instructions for Filing an Electronic Case or Appeal upon Adam Rothenhaus (in connection with the above referenced matter) whose address is 20 E. 9th St. Apt. 6W, New York, NY 10003-5944 by First Class Mail.

**DATED:** New York, NY
           April 23, 2008

_____
Koenig Pierre

Gottlieb, Rackman & Reisman, P.C.
270 Madison Avenue, 8th Floor
New York, NY 10016
(Phone) 212-684-3900
(Fax) 212-684-3999

Sworn to me before this ___23rd___
day of ___April 2008___.

_____
Notary Public

JUAN M. COLON
Notary Public, State of New York
No. 01CO6170639
Qualified in New York County
Commission Expires July 16, 2011



**EXHIBIT F**

# GOTTLIEB, RACKMAN & REISMAN, P.C.

COUNSELORS AT LAW

PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N.Y. 10016-0601
PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com · E-MAIL: info@grr.com

JAMES REISMAN
MICHAEL I. RACKMAN
GEORGE GOTTLIEB
BARRY A. COOPER
DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
AMY B. GOLDSMITH
TIBERIU WEISZ
MARIA A. SAVIO
RICHARD S. SCHURIN
MARC P. MISTHAL
STEVEN STERN

DONNA MIRMAN BROOME
BARBARA H. LOEWENTHAL
FRANK D. DECOLVENAERE
YUVAL H. MARCUS
BARRY R. LEWIN
JOSHUA R. MATTHEWS

PATENT AGENT
ZOYA V. CHERNINA

LAW CLERK
LESLEY J. MATTY

OF COUNSEL
DIANA MULLER *

*MEMBER OF THE BAR
OF ARGENTINA ONLY

June 12, 2008

**Via Facsimile and e-mail**
Elizabeth Shieldkret, Esq.
85-86 67th Avenue
Rego Park, N.Y. 11374

Re: E. Gluck Corporation v. Adam Rothenhaus
08 Civ. 3466 (VM)

Dear Ms. Shieldkret:

I write concerning your Rule 11 motion. In our phone conversation of earlier this week you indicated that you would not withdraw your motion. As you know our response is due next Wednesday, June 18th.

I am writing to ask you <u>again</u> to withdraw your motion, and to please review Plaintiff's memorandum of law and affidavits in support of Plaintiff's motion for a preliminary injunction. As explained therein, Plaintiff's case is clearly <u>not</u> frivolous.

Please also be aware of the following facts:

1. I intend to start working on the opposition to your Rule 11 motion on Monday June 16th. Accordingly, if you decide to withdraw your motion please communicate that to me before June 16th.

2. If you decide not to withdraw your motion, and we are forced to spend the time and money opposing same, please be advised that we intend to seek reimbursement of Plaintiff's own attorney's fees incurred in opposing you motion. Please see <u>Caribbean Wholesales and Service Corp. v. JVC Corp.</u>, 101 F. Supp 2d 236, 245 (SDNY 2000).

Should you have any questions, please do not hesitate to contact me.

Very truly yours,
GOTTLIEB, RACKMAN & REISMAN

Richard S. Schurin

```
************ -COMM. JOURNAL- ************ DATE JUN-12-2008 ***** TIME 16:30 ********

         MODE = MEMORY TRANSMISSION          START=JUN-12 16:29     END=JUN-12 16:30

             FILE NO.=692

    STN   COMM.   ONE-TOUCH/   STATION NAME/TEL NO.                  PAGES      DURATION
    NO.           ABBR NO.

    001   OK      *            917189970291                          002/002    00:00:36


                                                        -GOTTLIEB RACKMAN        -
    ********************************** -           - ***** -     212 6843999- *********
```

## GOTTLIEB, RACKMAN & REISMAN, P.C.
270 Madison Avenue
8th Floor
New York, New York 10016-0601
Telephone: (212) 684-3900
Fax: (212) 684-3999

### FACSIMILE COVER SHEET

| | |
|---|---|
| CONFIDENTIALITY NOTE: The information contained in this facsimile message is privileged and confidential, intended only for the use of the individual or entity named below. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address listed above via the United States Postal Service. We will reimburse for postage on all such returned messages. | |
| **TO:** | Elizabeth Shieldkret, Esq. |
| **COMPANY:** | |
| **FAX NO.** | (718) 997-0291 |
| **FROM:** | Richard S. Schurin, Esq. |
| We are sending a communication of 2 page(s) (including this cover sheet). Please call (212) 684-3900 immediately if transmission is interrupted or of poor quality. | |
| June 12, 2008 | 0172/510 |

**Message:**