IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

E. GLUCK CORPORATION,

                                Plaintiff,

                v.

ADAM ROTHENHAUS,

                             Defendant.

Civil Action No.:
08 Civ. 3466 (VM)(RLE)

Filed Electronically

**DECLARATION OF ELIZABETH SHIELDKRET
IN SUPPORT OF DEFENDANT'S MOTION FOR
SANCTIONS PURSUANT TO RULE 11, FED. R. CIV. P.**

       I, Elizabeth Shieldkret, under penalty of perjury, state as follows:

       1.    I am a member of the bar of this Court and counsel for the Defendant in this action.  I make this declaration in support of Plaintiff's Motion for Sanctions Pursuant to Rule 11, Fed. R. Civ. P.

       2.    At the May 23, 2008 Interim Pretrial Conference with the Court, I did not agree to accept service of the First Amended Complaint.  I agreed to accept and return an waiver of service pursuant to Rule 4(d), Fed. R. Civ. P.

       3.    Attached as Exhibit 1 hereto is a true and correct copy of the Summons issued on June 4, 2008, the first page of First Amended Complaint with the clerk stamp and the signature page of the First Amended Complaint.

       4.    Attached as Exhibit 2 hereto is a true and correct copy of my April 14, 2008 letter to Marc Misthal, Esq. of Plaintiff's counsel, Gottlieb, Rackman & Reisman, P.C.

5.    Attached as Exhibit 3 hereto is a true and correct copy of the April 17, 2008 letter I received from Richard S. Schurin, Esq. and the enveloped in which in was sent postmarked on April 21. 2008 with $0.41 postage.  The letter purported to contain a courtesy copy of the complaint.  Neither the fax nor mailed letter contained the complaint.

6.    Attached as Exhibit 4 hereto is a true and correct copy of an Office Action (with selected attachments) and Response to Office Action in Plaintiff's application for a trademark Serial No. 78/722564.

7.    Attached as Exhibit 5 hereto is a true and correct copy of my April 28, 2008 letter to Richard S. Schurin, Esq.

8.    Attached as Exhibit 6 hereto is a true and correct copy of April 29, 2008 letter I received from Richard S. Schurin, Esq.

Dated:  June 25, 2008

By: *Elizabeth Shieldkret*
Elizabeth Shieldkret (ES 0625)
85-86 67th Avenue
Rego Park, NY 11374
(718) 997-0290
es@eshieldkret.com

Attorney for Defendant,
Adam Rothenhaus

Exhibit 1

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

E. GLUCK CORPORATION,

Plaintiff,

v.

ADAM ROTHENHAUS,

Defendant.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 3466

TO: (Name and address of Defendant)

Adam Rothenhaus
20 E. 9th St., Suite 6W
New York, NY 10003
(212) 982-2336

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Richard S. Schurin
270 Madison Avenue, 8th Fl.
New York, NY 10016
(212) 684-3900
rschurin@grr.com

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JUN 0 4 2008

CLERK _____

(By) DEPUTY CLERK

DATE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X          Civil Action No. 08 CV 3466 (VM)

E. GLUCK CORPORATION,

                                        Plaintiff,          **FIRST AMENDED**
                                                            **COMPLAINT**
                    v.

ADAM ROTHENHAUS,

                                        Defendant.
-------------------------------------------------X

   Plaintiff, E. Gluck Corporation, by and through its undersigned counsel, for its

First Amended Complaint against defendant Adam Rothenhaus states and alleges as

follows:

1.  This is a case of trademark infringement, unfair competition and cybersquatting

   under the Lanham Act, 15 U.S.C. § 1051 et seq.

## THE PARTIES

2.  Plaintiff E. Gluck Corporation ("plaintiff") is a New York Corporation having a

   principal place of business in Long Island City, New York.

3.  Plaintiff is one of the largest watch companies in the United States.  As part of its

   business, plaintiff creates, designs and has manufactured for sale, watches

   which it sells under various trademarks. The trademarks owned by plaintiff

   include the NOW trademark at issue herein.

4.  Plaintiff's NOW trademark is the subject of a valid and incontestable United

   States Trademark Registration, first registered in 1986.  Over the last twenty-two

   (22) years, plaintiff has extensively advertised and promoted its NOW branded

1

(2)    That defendant abandon his Application for Trademark Registration, and that defendant be permanently prohibited from seeking to register any mark incorporating the term "NOW" for watches or watch related products.

(3)    That defendant be required to deliver up for destruction all infringing products, promotional material, boxes, labels, packages, containers and all other materials, together with all means, including plates, molds, matrixes etc. for making or reproducing the same pursuant to 15 U.S.C. § 1118 and the common law.

(4)    That damages be awarded to plaintiff in the full amount plaintiff has sustained as a consequence of defendant's acts, together with any and all profits of defendant, which are attributable or arise out of or form such wrongful acts or infringement.

(5)    That statutory damages be awarded to plaintiff.

(6)    That plaintiff recover from defendant all of its litigation expenses, including reasonable attorney fees and costs pursuant to 15 U.S.C. §1117 and all other applicable laws.

(7)    That plaintiff have such other, further or additional relief as this court may deem just and proper.

Respectfully submitted,
GOTTLIEB, RACKMAN & REISMAN
Attorneys for Plaintiff

Dated: June 4, 2008

Richard S. Schurin (RS0199)
270 Madison Avenue 8th Floor
New York, NY 10016
(212) 684-3900

12

Exhibit 2

ELIZABETH SHIELDKRET
ATTORNEY AT LAW
85-86 67TH AVENUE
REGO PARK, NY 11374

TEL: 718-997-0290
FAX: 718-997-0291
es@eshieldkret.com
www.eshieldkret.com

April 14, 2008

By Fax
Confirmation By Mail

Marc P. Misthal, Esq.
Gottlieb Rackman & Reisman, P.C.
270 Madison Avenue
New York, NY  10016-0601

Re: The Now Watch

Dear Mr. Misthal:

I represent Adam Rothenhaus.  I write in response to your March 25, 2008 e-mail.
Please direct correspondence concerning this matter to my attention.

In your e-mail you wrote, "your use of 'The Now Watch' as well as your use of the
domain name 'thenowwatch.com' **in connection with** the sale of watches with the term
'now' on their face creates confusion as to our client's federally protected NOW mark."
(emphasis added.)  It is not clear from your writing whether you mean the domain
name "creates confusion," or only the sale of watches in connection with the domain
name "creates confusion."  You do not assert, however, that the design of Mr.
Rothenhaus's watch is in any way an infringement of Gluck's mark.  Indeed, Mr.
Rothenhaus believes that he has sufficiently distinguished his use from your client's
registration so that there is no likelihood of confusion between the two.

You did not say Mr. Rothenhaus's website and use of The Now Watch "is likely to cause
confusion," the legal standard.  Instead you said the use "creates confusion."  Are you
aware of instances of actual confusion by purchasers or potential purchasers? If so,
please describe the circumstances of each such incident.

Marc P. Misthal, Esq.                                                              Page 2 of 2
April 14, 2008

You also write:

> We also advise you that any and all use of our client's trademark, whether
> as part of an e-mail address, domain name or the like, or in any other
> way, constitutes infringement of our client's trademark rights, unfair
> competition and dilution.

Your client has a registration on the three-letter, standard English word "now." Your
claim that any use of the word "now" as part of an e-mail address, domain name or in
any other way constitutes trademark infringement, unfair competition and dilution is
problematic for your client. Such a position is either egregious overreaching or justifies
cancellation of the mark for an extensive period of lack of enforcement against
numerous users. Please cite to me a case related to any standard English word that
supports your above-quoted assertion.

What factual bases do you have for claiming that Mr. Rothenhaus has "no rights or
legitimate interests in respect of the domain name," thenowwatch.com? Please also
provide all factual bases for your assertion that the domain "was registered and is being
used in bad faith." Your correspondence fails to identify any factual support for your
assertions and demands, and ignores the factors enumerated in 15 U.S.C. § 1125(d)(1)(B).

Under these circumstances, your demand that Mr. Rothenhaus sign over the domain
name does not appear to be based on either fact or law. You claim to have reviewed
Mr. Rothenhaus's registration agreement with GoDaddy. Before you make accusations
against my client to GoDaddy or anyone else, you must have an articulable basis in fact
and law.

You write that Gluck sells its products throughout the world. Please identify each
country where Gluck claims rights in "now" for watches through use, registration or
international treaty.

I look forward to receiving the above-requested information.

                                        Very truly yours,

                                        Elizabeth Shieldkret

                                        Elizabeth Shieldkret

Exhibit 3

# GOTTLIEB, RACKMAN & REISMAN, P.C.

COUNSELORS AT LAW

PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N.Y. 10016-0601
PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com · E-MAIL: info@grr.com

JAMES REISMAN
MICHAEL I. RACKMAN
GEORGE GOTTLIEB
BARRY A. COOPER
DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
AMY B. GOLDSMITH
TIBERIU WEISZ
MARIA A. SAVIO
RICHARD S. SCHURIN

OF COUNSEL
DIANA MULLER*

* MEMBER OF THE BAR
OF ARGENTINA ONLY

DONNA MIRMAN BROOME
BARBARA H. LOEWENTHAL
MARC P. MISTHAL
FRANK D. DECOLVENAERE
STEVEN STERN
YUVAL H. MARCUS

PATENT AGENT
ZOYA V. CHERNINA

April 17, 2008

**Via Fax and U.S. Mail**
Elizabeth Shieldkret, Esq.
85-86 67th Avenue
Rego Park, N.Y. 11374

Re:    E. Gluck Corp. v. Adam Rothenhaus
       08 Civ. 3466

Dear Ms. Shieldkret:

This firm represents E. Gluck Corporation. We write in reply to your letter dated April 14, 2008.

Our cease and desist letter required your client's substantive response on or before March 28, 2008. Since your client failed to provide us with a substantive response by such date, we commenced an action against him in the Southern District of New York. A copy of said Complaint is enclosed herewith. Please let us know if you will accept service of same on behalf of your client.

In response to your letter, if your client agrees to stop selling and recall the infringing watches and immediately removes his Website, we will provide you with the relevant discovery that you request on an informal basis. Otherwise, you can seek such discovery in the context of the civil action.

Should you have any questions regarding this matter, please do not hesitate to call me.

Very truly yours,
GOTTLIEB, RACKMAN & REISMAN

Richard S. Schurin

Enclosure



049.J82O34997
$00.410
04/21/2008
Mailed From 10016
US POSTAGE

neopost™

Elizabeth Shielkkret, Esq.
85-86 67th Avenue
Rego Park, N.Y. 11374

GOTTLIEB, RACKMAN & REISMAN, P.C.
270 MADISON AVENUE, NEW YORK, N.Y. 10016-0601

Exhibit 4

| To: | E. Gluck Corporation (efiling@grr.com) |
| Subject: | TRADEMARK APPLICATION NO. 78722564 - ROBOWATCH - 172/490 |
| Sent: | 3/31/2006 4:12:41 PM |
| Sent As: | ECOM104@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |
| | Attachment - 16 |
| | Attachment - 17 |
| | Attachment - 18 |
| | Attachment - 19 |
| | Attachment - 20 |
| | Attachment - 21 |
| | Attachment - 22 |
| | Attachment - 23 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:    78/722564

**APPLICANT**:    E. Gluck Corporation

**\*78722564\***

**CORRESPONDENT ADDRESS**:
JAMES REISMAN
GOTTLIEB, RACKMAN & REISMAN, P.C.
270 MADISON AVE FL 8
NEW YORK, NY 10016-0601

**RETURN ADDRESS**:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK**:    ROBOWATCH

**CORRESPONDENT'S REFERENCE/DOCKET NO**:    172/490

**CORRESPONDENT EMAIL ADDRESS**:

Please provide in all correspondence:

1. Filing date, serial number, mark and

efiling@grr.com

applicant's name.
2.  Date of this Office Action.
3.  Examining Attorney's name and
    Law Office number.
4.  Your telephone number and e-mail address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**:  TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION**:  If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number  78/722564

The assigned examining attorney reviewed the referenced application and determined the following:

## Section 2(d) Likelihood of Confusion Refusal

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified goods, so resembles the mark in U.S. Registration No. 2462720 as to be likely to cause confusion, to cause mistake, or to deceive.  TMEP §§1207.01 *et seq.*  See the enclosed registration.

A likelihood of confusion determination requires a two-part analysis.  First, the marks are compared for similarities in appearance, sound, connotation and commercial impression.  *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973).  Second, the goods are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely.  *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq.*

The applicant's mark is ROBOWATCH, and the registrant's mark is ROBOBAND.  The marks are highly similar in sound, appearance, meaning, connotation and commercial impression.

The applicant's watches are highly related to Registrant's watch bands and watch components, namely, springbars. Watches, watch bands and parts are often manufactured by single sources.  Additionally, they are sold in the same channels of trade.  See attached third-party registrations showing the applicant's and the registrant's goods originating from a single source.

Because the marks are highly similar in sound, appearance, connotation and commercial impression and because the goods are highly related, registration is refused.  Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

## Response Guidelines for TEAS Plus Applicants

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index/html: (1) responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). NOTE: In addition to the above, the applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

/LeighLowry/

Leigh A. Lowry

Examining Attorney

U.S. Patent and Trademark Office

Law Office 104

(571) 272-9725

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE.**
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE: The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a certificate of mailing. 37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

**Print: Mar 31, 2006**                    **75812394**

**DESIGN MARK**

**Serial Number**
75812394

**Status**
REGISTERED

**Word Mark**
ROBOBAND

**Standard Character Mark**
No

**Registration Number**
2462720

**Date Registered**
2001/06/19

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
Regal Industries, Inc. CORPORATION PENNSYLVANIA 606-622 Spring Garden
Street Philadelphia PENNSYLVANIA 19123

**Goods/Services**
Class Status -- ACTIVE. IC 014. US  002 027 028 050.  G & S: Watch
bands and watch components, namely, springbars.  First Use:
2000/06/30.  First Use In Commerce: 2000/06/30.

**Filing Date**
1999/09/30

**Examining Attorney**
CLARKE, NANCY

**Attorney of Record**
Jason M. Drangel

-1-

ROBOBAND

**Print: Mar 31, 2006**                     **75666142**

**DESIGN MARK**

**Serial Number**
75666142

**Status**
REGISTERED

**Word Mark**
KREISLER

**Standard Character Mark**
No

**Registration Number**
2380875

**Date Registered**
2000/08/29

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
Regal Industries, Inc. CORPORATION PENNSYLVANIA 606-622 Spring Garden
Street Philadelphia PENNSYLVANIA 19123

**Goods/Services**
Class Status -- ACTIVE.  IC 014.  US  002 027 028 050.  G & S:
Watches, watch bands and watch components, namely, springbars.  First
Use: 1955/09/00.  First Use In Commerce: 1955/09/00.

**Prior Registration(s)**
0750165;1275068;1771348

**Section 2f Statement**
2(F) ENTIRE MARK

**Filing Date**
1999/03/23

**Examining Attorney**
MENARD, MARLENE

**Attorney of Record**

-1-

PTO Form 1957 (Rev 9-2005)
OMB No. 0651-0050 (Exp 04/2009)

# Response to Office Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 78722564 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 104 |
| **MARK SECTION (no change)** | |
| **ARGUMENT(S)** | |

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant       : E. Gluck Corporation
Trademark     : ROBOWATCH
Application No.  : 78/722564

Filing Date      : September 28, 2005
Examining Attorney  : Leigh A. Lowry
                     Law office 104
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

### RESPONSE TO OFFICE ACTION

S I R:

     This is in Response to the Office Action of March 31, 2006 regarding the above-referenced Trademark Application.

### R E M A R K S

     The Examining Attorney has refused registration of the above-identified application under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), based on a perceived likelihood of confusion with U.S. Registration No. 2,462,720 for ROBOBAND currently assigned to General Strap, Ins. d/b/a Vogue Strap ("Vogue Strap").

     Applicant respectfully disagrees with the Examining Attorney's objection and submits that no such likelihood of confusion is present on the merits as evidenced by the fact that Applicant has entered into a Consent Agreement with the owner of the cited registration Vogue Strap, wherein the Applicant and Vogue Strap have agreed that based upon their knowledge of their "own customers and the marketplace in general," the trademarks ROBOBAND and ROBOWATCH are not confusingly similar. In said Consent Agreement, Vogue Strap indicates that since it does not believe that the marks are similar, it has no objection to Applicant's use and registration of the trademark ROBOWATCH for watches. Importantly, in the agreement, the parties agree to monitor the marketplace for confusion and act to eliminate confusion, were it to occur.

Applicant respectfully submits that the parties' views on the likelihood of confusion in the marketplace must carry "great weight," since, as participants in the marketplace for many years, they are in the best position to know whether there is in fact a likelihood of confusion. See, *In Re. Four Seasons Hotel Ltd.*, 26 U.S.P.Q.2d 1701, 1702 (Fed. Cir. 1993) citing *Bongrain Int' (Am. Corp. v. Delice Defrance, Inc.*, 1 U.S.P.Q.2d 1775, 1778 (Fed. Cir. 1987)

## CONCLUSION

Accordingly, withdrawal of the Examining Attorney's rejection of the Applicant's mark under Section 2(d) of the Trademark Act is hereby respectfully requested.

In view of the foregoing, Applicant submits that the application is now in condition for allowance and publication for the purposes of opposition and such publication is hereby respectfully requested. The undersigned invites the Examining Attorney to discuss with him by telephone any issues that may expedite acceptance of the subject mark.

Respectfully submitted,
GOTTLIEB, RACKMAN & REISMAN

By:   /s/_____

Richard S. Schurin

Dated: New York, New York
September 22, 2006

## EVIDENCE SECTION

| EVIDENCE FILE NAME(S) | |
|---|---|
| ORIGINAL PDF FILE | evi_1239227110-101655724_._ConsentAgreement.pdf |
| CONVERTED PDF FILE(S) (1 page) | \\TICRS\EXPORT3\IMAGEOUT3 \787\225\78722564\xml1\RO A0002.JPG |
| DESCRIPTION OF EVIDENCE FILE | Consent Agreement |

## SIGNATURE SECTION

| | |
|---|---|
| DECLARATION SIGNATURE | The filing Attorney has elected not to submit the signed declaration, believing no supporting declaration is required under the *Trademark Rules of Practice*. |
| RESPONSE SIGNATURE | /Richard S. Schurin/ |
| SIGNATORY'S NAME | Richard S. Schurin |
| SIGNATORY'S POSITION | Attorney |
| DATE SIGNED | 09/25/2006 |
| AUTHORIZED SIGNATORY | YES |

| FILING INFORMATION SECTION | |
|---|---|
| SUBMIT DATE | Mon Sep 25 10:31:42 EDT 2006 |
| TEAS STAMP | USPTO/ROA-12.39.227.110-2<br>0060925103142687778-78722<br>564-3408287e2696b45595b73<br>bda1b149ae793-N/A-N/A-200<br>60925101655724405 |

PTO-Form-1957-(Rev-3/2624)<br>OMB-No.-0651-0050-(Exp-04-2009)

## Response to Office Action

**To the Commissioner for Trademarks:**

Application serial no. **78722564** has been amended as follows:
**Argument(s)**
In response to the substantive refusal(s), please note the following:

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant | : E. Gluck Corporation |
| Trademark | : ROBOWATCH |
| Application No. | : 78/722564 |
| | |
| Filing Date | : September 28, 2005 |
| Examining Attorney | : Leigh A. Lowry |
| | Law office 104 |

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

### RESPONSE TO OFFICE ACTION

S I R:

This is in Response to the Office Action of March 31, 2006 regarding the above-referenced Trademark Application.

### R E M A R K S

The Examining Attorney has refused registration of the above-identified application under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), based on a perceived likelihood of confusion with U.S. Registration No. 2,462,720 for ROBOBAND currently assigned to General Strap, Ins. d/b/a Vogue Strap ("Vogue Strap").

Applicant respectfully disagrees with the Examining Attorney's objection and submits that no such likelihood of confusion is present on the merits as evidenced by the fact that Applicant has entered into a Consent Agreement with the owner of the cited registration Vogue Strap, wherein the Applicant and Vogue Strap have agreed that based upon their knowledge of their "own customers and the marketplace in general," the

trademarks ROBOBAND and ROBOWATCH are not confusingly similar. In said Consent Agreement, Vogue Strap indicates that since it does not believe that the marks are similar, it has no objection to Applicant's use and registration of the trademark ROBOWATCH for watches. Importantly, in the agreement, the parties agree to monitor the marketplace for confusion and act to eliminate confusion, were it to occur.

Applicant respectfully submits that the parties' views on the likelihood of confusion in the marketplace must carry "great weight," since, as participants in the marketplace for many years, they are in the best position to know whether there is in fact a likelihood of confusion. See, *In Re. Four Seasons Hotel Ltd.*, 26 U.S.P.Q.2d 1701, 1702 (Fed. Cir. 1993) citing *Bongrain Int' (Am. Corp. v. Delice Defrance, Inc.*, 1 U.S.P.Q.2d 1775, 1778 (Fed. Cir. 1987)

## CONCLUSION

Accordingly, withdrawal of the Examining Attorney's rejection of the Applicant's mark under Section 2(d) of the Trademark Act is hereby respectfully requested.

In view of the foregoing, Applicant submits that the application is now in condition for allowance and publication for the purposes of opposition and such publication is hereby respectfully requested. The undersigned invites the Examining Attorney to discuss with him by telephone any issues that may expedite acceptance of the subject mark.

Respectfully submitted,
GOTTLIEB, RACKMAN & REISMAN

By:   /s/_____
Richard S. Schurin

Dated: New York, New York
September 22, 2006

**Evidence**
Evidence in the nature of Consent Agreement has been attached.
**Original PDF file:**
evi_1239227110-101655724_._ConsentAgreement.pdf
**Converted PDF file(s) (1 page)**
Evidence-1
**Declaration Signature**
I hereby elect to bypass the submission of a signed declaration, because I believe a declaration is not required by the rules of practice. I understand that the examining attorney could still, upon later review, require a signed declaration.
**Response Signature**
Signature: /Richard S. Schurin/   Date: 09/25/2006
Signatory's Name: Richard S. Schurin
Signatory's Position: Attorney

Serial Number: 78722564
Internet Transmission Date: Mon Sep 25 10:31:42 EDT 2006
TEAS Stamp: USPTO/ROA-12.39.227.110-2006092510314268

7778-78722564-3408287e2696b45595b73bda1b
149ae793-N/A-N/A-20060925101655724405



Fax Number:    718-706-6326
                      718-786-4153
                      718-784-2155

**E. GLUCK CORPORATION**
29-10    Thomson    Avenue
Long Island City, N. Y. 11101
718-784-0700

June 13th, 2006
David Greenwald
VOGUESTRAP
31-00 47th Avenue
Long Island City, NY 11101

Re:    Trademarks: ROBOBAND/ROBOWATCH

Dear David:

It was a pleasure speaking with you again. With regard to the matter that we discussed, I am glad that you agree that a co-existence agreement is appropriate in this situation. This letter will confirm the terms of our agreement, which E. Gluck Corporation ("EGC") will use to try to obtain a trademark registration for ROBOWATCH.

First, for the reasons noted in the paragraph below, we both agree that the trademarks ROBOBAND and ROBOWATCH are not confusingly similar, and on that basis, VOGUESTRAP has no objection to EGC's use and registration of the trademark ROBOWATCH for watches.

Second, based on our knowledge of our own customers and the marketplace in general, VOGUESTRAP and EGC both believe that no one would think of ROBOBAND when they see ROBOWATCH. We attribute this to the different impressions created by the terms "watch" and "band", and the fact that VOGUESTRAP has never sold ROBOBAND watches.

Finally, to avoid any possible confusion, EGC and VOGUESTRAP agree to monitor the marketplace for potential confusion, and, if confusion is ever suspected, to take reasonable steps to eliminate that confusion. Thank you again.

Very truly yours,

Sidney Gluck

Accepted by:
VOGUESTRAP

By:                            (David Greenwald)
Name:
Date: June 13, 2006

Exhibit 5

ELIZABETH SHIELDKRET
ATTORNEY AT LAW
85-86 67TH AVENUE
REGO PARK, NY 11374
TEL: 718-997-0290
FAX: 718-997-0291
es@eshieldkret.com
www.eshieldkret.com

April 28, 2008

By Fax
Confirmation By Mail

Richard S. Schurin, Esq.
Gottlieb Rackman & Reisman, P.C.
270 Madison Avenue
New York, NY 10016-0601

Re: Gluck v. Rothenhaus, 08 Civ. 3466 (VM)

Dear Mr. Schurin:

You faxed me a letter on April 17, 2008 stating that you were enclosing a copy of the Complaint in the above-referenced action. You did not fax the Complaint. Your hard copy of the letter was not postmarked until April 21, 2008 and again, contrary to your written representation, did not contain a copy of the Complaint.

It appears that you attempted to serve Mr. Rothenhaus, but that service was defective for numerous reasons. To date, Mr. Rothenhaus has not been properly served. It is not necessary to attempt to serve Mr. Rothenhaus again if you send either Mr. Rothenhaus or me a waiver of service pursuant to Rule 4(d), Fed. R. Civ. P.

Pursuant to DR 7-104(B), this is notice that Mr. Rothenhaus would like to speak with Mr. Gluck to discuss this matter. Can you arrange a time for your client to meet with Mr. Rothenhaus next week or soon thereafter? This is not a waiver of your duties under DR 7-104(A).

Very truly yours,

Elizabeth Shieldkret

Elizabeth Shieldkret

Exhibit 6

# GOTTLIEB, RACKMAN & REISMAN, P.C.

## COUNSELORS AT LAW

PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE

NEW YORK, N.Y. 10016-0601

PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999

WEB: http://www.grr.com · E-MAIL: info@grr.com

JAMES REISMAN
MICHAEL I. RACKMAN
GEORGE GOTTLIEB
BARRY A. COOPER
DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
AMY B. GOLDSMITH
TIBERIU WEISZ
MARIA A. SAVIO
RICHARD S. SCHURIN

OF COUNSEL
DIANA MULLER*

* MEMBER OF THE BAR
OF ARGENTINA ONLY

DONNA MIRMAN BROOME
BARBARA H. LOEWENTHAL
MARC P. MISTHAL
FRANK D. DECOLVENAERE
STEVEN STERN
YUVAL H. MARCUS

PATENT AGENT
ZOYA V. CHERNINA

April 29, 2008

<u>Via First Class Mail</u>
Elizabeth Shieldkret
85-86 67th Avenue
Rego Park, NY 11374

Re: <u>E. Gluck Corp. v. Adam Rothenhaus, 08 Civ. 3466</u>

Dear Ms. Shieldkret:

I write in response to your letter of April 28th, 2008.  Please be advised that your client has been served.  Since service has been accomplished, there is no need to send you a waiver of service.  Please be further advised that proof of service has been filed via ECF, and your client's Answer is due May 12, 2008.

Although your client has received a copy of the Complaint and a copy was sent with my prior correspondence, yet another courtesy copy is enclosed herewith for your use.

Finally, please be advised that my client has no interest in speaking directly to Mr. Rothenhaus at this time.  If your client would like to resolve this matter, communications must take place through attorneys.  Please feel free to call me at any time to discuss any of the above matters.

Very truly yours,
GOTTLIEB, RACKMAN & REISMAN P.C.

Richard S. Schurin, Esq.

Enclosure