IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| E. GLUCK CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 08 Civ. 3466 (VM)(RLE)  Filed Electronically |
| Plaintiff, |
| v. |
| ADAM ROTHENHAUS, |
| Defendant. |

**DEFENDANT'S MOTION
PURSUANT TO RULE 12, FED. R. CIV. P.**

Defendant Adam Rothenhaus respectfully moves pursuant to Rule 12(b)(6), Fed. R. Civ. P. to dismiss Plaintiff, E. Gluck Corporation's First Amended Complaint. Plaintiff's conclusory allegations in its amended complaint are legally insufficient and unsupported by fact. Plaintiff has already had the opportunity to amend once and it has been unable to plead all the necessary elements of its claims and unable to support its claims with a plausible factual basis.

**1.      The Legal Standard**

In light of the recent Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007), the Second Circuit spelled out a "plausibility" standard for motions to dismiss which requires a pleader to amplify a claim with the factual allegations needed to render the claims plausible. *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). The pleading must contain "enough facts to state a claim for relief that is

plausible on its face" but if the plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Bell Atlantic* at 1974.

> In considering a motion to dismiss pursuant to Rule 12(b)(6), a court construes the complaint broadly, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers*, 282 F.3d at 152. However, mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (citation and quotation marks omitted). A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

*Stephens v. Shuttle Associates, LLC*, 547 F. Supp. 2d 269 (S.D.N.Y. 2008); *Bruno v. Metropolitan Transportation Authority*, 544 F.Supp. 2d 393) (S.D.N.Y 2008).

"In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, as well as 'documents that the plaintiff[s] either possessed or knew about upon which they relied in bringing the suit.'" *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007).

**2.     Plaintiff's Cybersquatting Claim Must Be Dismissed**

Plaintiff alleges that it has a cause of action under The Anticybersquatting Consumer Protection Act (ACPA).  First Amended Complaint (FAC) ¶¶ 37-44.

The ACPA was intended to protect a *bona fide* trademark owner against a domain-name registrant who has acquired rights in a domain name to free ride on the strength of the trademark. *Storey v. Cello Holdings, LLC*, 347 F.3d 370, 381 (2d Cir. 2003). The Act, however, creates the potential for "reverse domain-name hijacking" or the overreaching use of the mechanisms established to remedy cybersquatting against a registrant with a legitimate interest in his domain name. *Id.* at 373.

To state a claim for cybersquatting 15 U.S.C. § 1125(d), Plaintiff must plead:

> (1) It has a distinctive mark; 15 U.S.C. § 1125(d)(1)(A)(ii)(I)
>
> (2) Defendant registered, trafficked in, or used a domain name that is identical or confusingly similar to Plaintiff's distinctive mark; 15 U.S.C. § 1125(d)(1)(A)(ii) and
>
> (3) Defendant had a bad faith intent to profit from that mark. 15 U.S.C. § 1125(d)(1)(A)(i)

Plaintiff has failed to satisfy these requirements.

First, Plaintiff is unable to plead any facts to support bad faith on the part of Defendant. In the First Amended Complaint, Plaintiff alleges:

> **Upon information and belief**, and once again without plaintiff's knowledge, permission or consent, in or about February 2005, defendant registered the domain name <www.thenowwatch.com>. Said domain name is associated with defendant's commercial Website offering watches for sale. FAC ¶ 22 (emphasis added)
>
> On August 1, 2006, the defendant's application for registration was refused by the Trademark Office because of a likelihood of confusion with plaintiff's prior registered mark. . . . FAC ¶ 17
>
> **Upon information and belief**, at the time defendant registered the domain name <www.thenowwatch.com>, defendant had actual and constructive notice of plaintiff's trademark rights in the trademark NOW, and knew that his use of THE NOW WATCH would create a likelihood of confusion. **Upon information and belief**, defendant has registered and maintained the domain name <www.thenowwatch.com> with the intent to divert customers from plaintiff and knew that the registration and use of the domain name <www.thenowwatch.com> in association with the sale of watches violate plaintiff's rights. FAC ¶ 23. (emphasis added)

As the Second Circuit stated in denying preliminary injunction and dismissing a Lanham Act claim under Rule 12(b)(6), conclusory allegations or legal conclusions

masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Dow Jones & Co., Inc. v. Int'l Security Exchange, Inc. et al*, 451 F.3d 295 (2d Cir. 2006).

Plaintiff did not adequately plead the ACPA claim. Its allegations are speculation without reference to facts, and conclusory statements made almost entirely "upon information and belief." The only facts Plaintiff pleaded – that Defendant registered his website in February 2005 and learned of their registration from the Trademark Office on August 1, 2006 – directly contradict its conclusion that "at the time defendant registered the domain name <www.thenowwatch.com>, defendant had actual and constructive notice of plaintiff's trademark rights in the trademark NOW." FAC ¶ 23.

Plaintiff conclusory allegation that, "Upon information and belief and the for reasons described herein and to be discovered in this case, defendant has acted in bad faith in registering an maintaining his domain name" (FAC ¶ 42) is insufficient as a matter of law. See. *Twombly*, 127 S.Ct. at 1094-65 (stating that a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")

In particular, Plaintiff has not adequately satisfied the standard for pleading bad faith. Plaintiff must plead something more than conclusory allegations. *Arnold v. ABC, Inc.*, 2007 U.S. Dist. LEXIS 5802 at *12 (S.D.N.Y. Jan. 29, 2007). The plaintiff in *Arnold*, did plead some factual allegations to support an inference of bad faith, they were insufficient because "[p]rior knowledge of a senior user's mark does not, without more, create an inference of bad faith." Playtex Products, Inc. v. Georgia-Pacific Corp., 390 F.3d 158, 166 (2d Cir. 2004) (citations omitted). Arnold at *11.

"Instead, bad faith requires a showing that Defendants intended "to trade on the good will of the trademark holder by creating confusion as to source or sponsorship." *Arnold* at *12 (S.D.N.Y. Jan. 29, 2007) (citations omitted).

Accordingly to the Supreme Court in *Twombly*, Plaintiff must allege some facts which render the claims plausible. It cannot merely show that Defendant knew of its mark; it must allege something "more" that links the knowledge to some intent to trade on Plaintiff's mark. For example, Plaintiff makes the wholly unsupported conclusion that Defendant registered his website "with the intent to divert customers from plaintiff." FAC ¶ 23. Plaintiff makes no factual allegations to support this. An inquiry into what "documents that the plaintiff[s] either possessed or knew about upon which they relied in bringing the suit" (*Patane* at 112) is warranted because Plaintiff asserted in response to Defendant's Rule 11 Motion[1] that it investigated Defendant's website and product. Dkt 17, pp. 4-6. Accordingly, Plaintiff does not – and cannot – allege that Defendant's website looks like Plaintiff's or that it fails to identify its true owner or any of the enumerated statutory factors of bad faith for cybersquatting in 15 U.S.C. § 1125(d)(1)(B)(i).

A plaintiff's obligation to provide the ground of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic* at 1964-65. Plaintiff's allegations fail because it only recites the requirements of the cause of action, without providing any factual support.

---

[1]    In light of that pending motion, it is surprising that Plaintiff asserts, "Having **received no response** to its March 25, 2008 letter, on April 9, 2008 plaintiff commenced this action." ¶ 28. Plaintiff never denied receiving Defendant's March 26, 2008 response.

As discussed in Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction, Dkt 24, one issue in this case is whether Plaintiff has a mark at all. The evidence Plaintiff appends to the First Amended Complaint and incorporates by reference creates a serious legal issue about whether Plaintiff has an incontestable or even a distinctive mark. Plaintiff's own exhibits support a finding that Plaintiff either never used the "Now" mark to identify its goods or abandoned that use and instead used "Armitron" or "Armitron Now." Their catalogs, advertisements, in-store displays and watches systematically utilize "Now" in conjunction with "Armitron." Moreover, whether Plaintiff's registration is valid is a question of law.[2]

### 3.    Plaintiff's Trademark Claims Must Be Dismissed

Plaintiff's trademark claims are pleaded in the same conclusory and non-factual fashion. Plaintiff does not allege that the goods have the same target customers (Evident from Plaintiff's exhibits is that Plaintiff only sells women's watches with its "Armitron Now" mark). Plaintiff does not allege that they sell through the same channels of trade. The "mere assertion" that use constitutes trademark infringement without any factual allegations concerning the nature of the use, does not give the defendants fair notice of the claims against them and does not show, by facts alleged, that the plaintiff is entitled to relief. As noted, *supra*, when a complaint consists of "conclusory allegations unsupported by factual assertions" it fails even the liberal standards of Rule 12 (b)(6). *Dow Jones & Co., Inc. v. Int'l Security Exchange, Inc. et al*, 451 F.3d 295, 307 (2d Cir. 2006).

---

[2]    Plaintiff's failure to use "Now" alone as a mark contradicts sworn statements it made in the Patent and Trademark Office to obtain its registration, "incontestable" status and renewal.

Plaintiff relies heavily on Office Actions from the PTO. This reliance is misplaced because the Examiner had no way of knowing that Plaintiff's mark was actually used with "Armitron" in the market. The exhibits to the First Amended Complaint were never before the Examiner. The Examiner was unable to address Defendant's arguments on the merits, stating, "such arguments cannot be entertained in an ex parte proceeding." First Amended Complaint, Ex. F, p. 3.

In this case, Plaintiff requests relief for which it does not even plead a claim. Plaintiff's claim false designation of origin under 15 U.S.C. § 1125(a). ¶48. However, Plaintiff asks for the remedies associated with a false affiliation or sponsorship claim. First Amended Complaint, p. 11 ¶ B.

### 4.    Plaintiff Cannot Overcome Defendant's Fair Use Defense

*Arnold v. ABC, Inc.*, 2007 U.S. Dist. LEXIS 5802 (S.D.N.Y. Jan. 29, 2007), makes clear that conclusory allegations in a complaint do not satisfy the pleading requirements for Lanham Act claims. The Plaintiff has the burden to prove, not only likelihood of confusion, but also that its mark merits protection. *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 115 (2d Cir. 2006) and the pleadings must reflect that. In *Arnold*, the Southern District addressed Lanham Act claims on a mark which was a common English phrase. Here, the mark is the common word, "Now." The Court found Defendant's use to be a fair use of the mark based, in part, on good faith. In dismissing the complaint pursuant to Rule 12, Fed. R. Civ. P. the Court held that a Plaintiff cannot merely allege the conclusion of bad faith. Plaintiff must plead facts that at least give rise to the inference of bad faith. *Arnold* at *11.

Like the Plaintiff in *Arnold*, Plaintiff here does not allege any facts to give rise to an inference of bad faith. It is clear that Plaintiff was not aware of such facts, and, as described *supra*, ignored facts that supported good faith, but pled its claims anyway, despite the clear requirements of *Arnold*. In the instant case, as in *Arnold*, there is nothing more than Plaintiff's conclusory allegation of confusion as to source or sponsorship.

5. **Conclusion**

Plaintiff has already had one opportunity to amend and was unable to plead a factual basis to support its claims. Plaintiff is unable to plead the necessary elements of the cybersquatting claim. Plaintiff has only alleged conclusory allegations that its claims are conceivable, not plausible. Accordingly, the First Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

Dated: July 11, 2008

By: *Elizabeth Shieldkret*
Elizabeth Shieldkret (ES 0625)
85-86 67th Avenue
Rego Park, NY 11374
(718) 997-0290
es@eshieldkret.com

Attorney for Defendant,
Adam Rothenhaus