UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
E. GLUCK CORPORATION,                                        :
:
           Plaintiff,                          :
:
   v.                                                      :   Civil Action No.
:   08 CV 3466 (VM)
ADAM ROTHENHAUS,                                             :
:
           Defendant.                          :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

    Plaintiff E. Gluck Corporation ("Plaintiff") submits this Memorandum of Law in opposition to the motion of Adam Rothenhaus ("Defendant") to dismiss the First Amended Complaint. As discussed herein, Defendant's Motion is so totally without merit as to be frivolous, and should be denied in its entirety.

I.    THE STANDARD FOR A MOTION TO DISMISS

    A complaint may not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Bernheim v. Litt, 79 F. 3d 318, 321 (2d Cir. 1996); Allen v. West-Point Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). Thus, the issue is not whether a plaintiff will ultimately prevail, but whether the plaintiff is to be entitled to offer evidence to support its claims. Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995). In reviewing a Rule 12(b)(6) motion, the Court must accept the factual allegations of the Complaint as true, and must also draw all inferences in favor of the non-moving party. Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).

II.   **PLAINTIFF'S FIRST AMENDED COMPLAINT PROPERLY PLEADS A CLAIM FOR CYBERSQUATTING**

In the first part of his brief, Defendant contends that Plaintiff's claim under the Anticybersquatting Consumer Protection Act (ACPA) should be dismissed. However, Defendant apparently concedes that Plaintiff has pleaded facts sufficient to satisfy the first two elements of its claim and argues only that Plaintiff has failed to adequately allege the third element, namely, that "defendant has a bad faith intent to profit from that mark." As shown below, Defendant's argument in this regard is totally without merit, and, in one respect, is based upon an alleged fact that Defendant <u>simply fabricated</u>.

Plaintiff's First Amended Complaint alleges the following facts:

- Plaintiff is the owner is a valid and incontestable trademark for the term NOW, first registered in 1986. Said mark has been in use for over 22 years, has been extensively advertised and promoted, and Plaintiff has achieved substantial commercial success selling watches under the NOW trademark. (FAC ¶ 4)

- For over 20 years, Plaintiff's NOW branded watches have been sold nationwide to the public through thousands of retailers. (FAC ¶ 11)

- Plaintiff owns an incontestable trademark registration, which is conclusive evidence of the validity of the mark and Plaintiff's ownership thereof. (FAC ¶¶ 13-14)

- In or about February 2005, Defendant registered the domain name thenowwatch.com, and said domain name is associated with Defendant's commercial Website offering watches for sale. (FAC ¶ 22)

- <u>At the time he registered this domain name</u>, Defendant had actual and constructive notice of plaintiff's trademark rights in the trademark NOW, and knew that his use of THE NOW MARK would create a likelihood of confusion. (FAC ¶ 23) (emphasis supplied)

- In February, 2006, Defendant filed an intent-to-use application to register the trademark THE NOW WATCH for use on "watch faces." (FAC ¶ 16)

2

- In August 2006, Defendant's application was refused by the Trademark Office because of a likelihood of confusion with Plaintiff's prior registered mark. In multiple instances, Defendant sought to overcome the Trademark Office's rejection, but failed each time. (FAC ¶ ¶ 17-21)

- Defendant <u>registered and maintained</u> the domain name <thenowwatch.com> <u>with the intent to divert customers from Plaintiff</u> and knew that his registration and use of the domain name, <thenowwatch.com> in association with the sale of watches would violate plaintiff's rights. (FAC ¶ 24) (emphasis supplied)

- Defendant <u>registered and has maintained</u> the domain name <thenowwatch.com> <u>with the knowledge of plaintiff's ownership of a federal registration for NOW, and Plaintiff's longstanding use</u> of the NOW mark in association with the sale of watches. (FAC ¶ 39) (emphasis supplied)

- Defendant intent is to divert customers from Plaintiff, and profit from the name and notoriety of Plaintiff's NOW mark. (FAC ¶ ¶ 40 and 41)

- For the reasons described herein and to be discovered in this case, **Defendant has acted in bad faith** in registering and maintaining his domain name. (FAC ¶ 42) (emphasis supplied)

There can be no doubt but that the above facts allege a cybersquatting claim.

As an initial matter, Defendant's statement that Plaintiff's First Amended Complaint alleges that Defendant "learned of their (Plaintiff's) registration from the Trademark Office on August 1, 2006" (Def.'s Brief p. 4) is a <u>complete fabrication.</u> The First Amended Complaint says no such thing, and to the contrary, consistently alleges that Defendant was aware of Plaintiff's rights at the time it registered its domain name. (See, FAC ¶ ¶23, 24 and 39). Accordingly, Defendant's argument based on this point is completely and totally bogus.

Defendant's position is equally defective on legal grounds. Indeed, courts have specifically held that allegations that a defendant registered a domain

name, and used it in bad faith knowing that the domain name incorporated the plaintiff's trademark, state an ACPA claim. See, <u>V'Soske, Inc. v. Vsoske.com</u>, 2001 U.S. Dist. LEXIS 6675 (S.D.N.Y. May 23, 2001)("The amended complaint specifically alleges that Dixon registered vsoske.com in bad faith. Taking this allegation as true, as I must do on a motion for judgment on the pleadings, I conclude that V'soske has sufficiently stated a claim for cyberpiracy under the ACPA.").

Defendant's argument that the above allegations are conclusory is also wholly unsupported by any relevant case law. Indeed, Defendant does not cite to a single case where a court has dismissed an ACPA claim where the plaintiff made similar allegations. Defendant's citation to <u>Arnold v. ABC, Inc.</u>, does not support his argument. The allegations of bad faith in that case were found to be insufficient because there were no allegations that anyone who was associated with the "Boston Legal" television show was aware of plaintiff's mark. Here, Plaintiff has specifically alleged that the Defendant knew of Plaintiff's mark when he registered the domain name <u>and</u> after his application was rejected by the Trademark Office, yet continued to use thenowwatch.com domain name to promote and sell a watch that uses plaintiff's NOW mark on its face.

Lastly, Defendant's claim that there is "a serious legal issue about whether Plaintiff's has an incontestable or even a distinctive mark" (Def's Brief p. 6) is devoid of any merit, and not properly raised on a motion to dismiss. On a motion to dismiss, the only inquiry is whether the complaint properly alleges facts that would support the claims asserted. Plaintiff has alleged that it owns a distinctive

mark that is the subject of an incontestable registration, and a copy of the incontestable registration is attached to the Complaint. (FAC ¶ ¶23, 24 and 39) For the purposes of this motion, those allegations <u>must</u> be accepted as true.

III.    PLAINTIFF'S FIRST AMENDED COMPLAINT PROPERLY PLEADS A CLAIM OF TRADEMARK INFRINGEMENT

While Defendant's motion as it relates to Plaintiff's cybersquatting claim is meritless, his motion to dismiss Plaintiff's trademark claim is even worse, and indeed frivolous.

To state a claim for trademark infringement, the following elements must be alleged: (1) a valid mark entitled to Lanham Act protection and (2) the likelihood that the defendant's use of the mark will cause confusion. See <u>Cadbury Beverages, Inc. v. Cott Corp.</u>, 73 F.3d 474, 477 (2d Cir. 1996). Plaintiff's First Amended Complaint satisfies each of these required elements in spades. Indeed, the First Amended Complaint alleges that Plaintiff has been using the mark NOW for watches for more than twenty years, that its NOW branded watches are sold through the largest retailers in the United States and that Plaintiff is the owner of an incontestable trademark registration for its NOW mark for watches (FAC, ¶¶ 10-15). It is beyond any reasonable dispute that Plaintiff's First Amended Complaint alleges specific facts that Plaintiff owns a valid mark entitled to Lanham Act protection.

Similarly, the First Amended Complaint alleges specific facts about Defendant's allegedly infringing use. Specifically, the First Amended Complaint alleges that Defendant uses plaintiff's NOW mark on watches, and the confusingly similar mark THE NOW WATCH on packaging for watches and as a

5

domain name for a website that sells NOW branded watches. (FAC, ¶ 25) Plaintiff also alleges that Defendant indicates on a page on his Website that he is seeking to market his watch to a "diverse range" of consumers through various channels of trade, including "mainstream shopping malls." (FAC, ¶ 26) Plaintiff's Amended Complaint specifically alleges that such uses are likely to cause confusion and constitute infringement of Plaintiff's rights. (FAC, ¶¶ 31 and 32)

These allegations, and others in the First Amended Complaint, <u>clearly</u> give Defendant notice of the specific actions that he has taken that Plaintiff claims infringe upon its NOW mark and are likely to cause confusion in the marketplace. It is simply impossible to understand how Defendant can claim otherwise.

Finally, Defendant makes a half-hearted argument that Plaintiff's allegations are deficient because Plaintiff has not alleged that the Defendant's products have the same target customers or travel in the same channels of trade as plaintiff's products. (Def.'s Brief p. 6.) In support of this "argument" Defendant does not cite a single case. Obviously, there is no requirement for a plaintiff to specifically plead that the products travel in the same channels of trade. Indeed, that is just one of the *non-exclusive* <u>Polaroid</u> factors relevant to the issue of likelihood of confusion. However, even if that was a requirement to properly plead a claim for trademark infringement, (which obviously it is not), Plaintiff's First Amended Complaint does include such allegations. See, FAC ¶ 11 and 12, wherein Plaintiff alleges that it sells its products to thousands of store on a nationwide basis, as well as through large retail stores, and FAC ¶ 26, wherein

Plaintiff alleges that Defendant "is seeking to market his watch to a 'diverse range' of consumers through various channels of trade, including 'mainstream shopping malls.'" While Defendant may disagree that in fact his products are sold in the same malls where Plaintiff's products are sold, for purposes of a motion to dismiss, Plaintiff's allegations that the products travel in the same channels of trade must be accepted as true.

IV.  DEFENDANT'S FAIR USE DEFENSE CANNOT BE DETERMINED ON A MOTION TO DISMISS, AND IS WITHOUT ANY MERIT ANYWAY

Finally, Defendant's reliance on the defense of "fair use" is completely misplaced and meritless. As a preliminary matter, Courts have routinely rejected a "fair use" defense as the basis for a motion to dismiss because the merits of such a defense cannot be decided at the pleadings stage. See M. Shanken Commuications, Inc. v. Cigar500.com, No. 07 Civ. 7371, 2008 U.S. Dist. LEXIS 51997 (S.D.N.Y. Jul. 7, 2008)(denying motion to dismiss based on "fair use" defense); Merck & Co., Inc. v. Mediplan Health Consulting , Inc., 425 F. Supp.2d 402 (S.D.N.Y. 2006)(denying motion to dismiss based on "fair use" defense). Accordingly, there is simply no basis to decide Defendant's fair use defense in the context of a motion to dismiss.

Further, there is absolutely no merit to Defendant's "fair use" defense because Defendant cannot establish, as is required, that he is using the marks NOW and THE NOW WATCH in a descriptive, non-trademark sense. To the contrary, Plaintiff has alleged in the First Amended Complaint that Defendant is using the words NOW and THE NOW WATCH as trademarks. Plaintiff's First Amended Complaint alleges that, without the consent of Plaintiff, Defendant has

7

applied for trademark registration for the mark THE NOW WATCH (FAC, ¶ 16). Court's have held that this is <u>conclusive evidence</u> of trademark use sufficient to defeat any fair use defense. See <u>Adjusters Int'l v. Public Adjusters Int'l</u>, No. 92 Civ. 1426, 1996 U.S. Dist. LEXIS 12604 (N.D.N.Y. Aug. 27, 1996)(rejecting "fair use" defense finding the fact that a defendant had filed an application for trademark registration is "highly persuasive, if not conclusive, evidence that defendants were using the words . . . in a trademark sense."). Were this not enough, Defendant has also registered the domain name thenowwatch.com (FAC, ¶ 22), which the Second Circuit has held is always trademark use, <u>TCPIP Holding Co., Inc. v. Haar Communications, Inc.</u>, 244 F. 3d 88 (2d Cir. 2001) (Any use of a word as a domain name is use as a mark, and is not eligible for the fair use defense.), and is advertising and distributing in the United States watches that defendant identifies as "THE NOW WATCH" (FAC, ¶ 24) which watches have the word NOW on their faces (FAC, ¶ 25). Further, photographs of Defendant's infringing use of NOW on his watches and of THE NOW WATCH on packaging and on a website at the thenowwatch.com website are attached as exhibits to the First Amended Complaint. Needless to say, these allegations and exhibits, taken as true as they must in a motion to dismiss, overwhelm any possible fair use defense.[1]

---

[1] The <u>Arnold</u> case cited by Defendant is distinguishable for many reasons. In that case, the plaintiff owned a registration for the phrase WHAT'S YOUR PROBLEM for an unknown television show and sued the Walt Disney Company for using that same phrase in advertisements for the well-known television show "Boston Legal." Unlike the situation here, in <u>Arnold</u>, the mark used by the defendant was not placed on the goods themselves but rather in advertising materials. Here, Defendant has not cited a single case in support of his theory

## CONCLUSION

For all of the foregoing reasons, Defendant's motion to dismiss should be denied in all respects.

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiff
E. Gluck Corporation
270 Madison Avenue
New York, New York 10016

By: _____
Richard S. Schurin (RS 0199)
Yuval H. Marcus (YM 5348)

Dated:     New York, New York
           July 17, 2008

---

that the use of a word on the face of a product can be considered a descriptive "fair use." Further, the Court in <u>Arnold</u> based its decision, in part, on the fact that the plaintiff's mark had not established secondary meaning. As such, the court found it unlikely that the defendants would use an unknown mark in bad faith to promote their better known television show.