UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X     Civ. No. 08 CV 3466 (VM)(RLE)
E. GLUCK CORPORATION,

                          Plaintiff,

          v.

ADAM ROTHENHAUS,

                          Defendant.
---------------------------------------------------X

### SUPPLEMENTAL DECLARATION OF RICHARD S. SCHURIN, ESQ. IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY RELIEF

Richard S. Schurin, under penalty of perjury, states as follows:

1.      I am an attorney representing the Plaintiff E. Gluck Corporation ("Plaintiff") in the above referenced matter.  This Supplemental Declaration is respectfully submitted in further support of Plaintiff's Motion for Preliminary Relief.

2.      Attached hereto as Exhibit DD is a true and correct copy of the Administrative Panel Decision of the World Intellectual Property Association ("WIPO") in the matter entitled <u>E. Gluck Corporation v. James L. Clark d/b/a Animationwerks</u>, Case No. D2000-1651.

_____
Richard S. Schurin

Dated:      July 29, 2008

# EXHIBIT DD



# WIPO Arbitration and Mediation Center

## ADMINISTRATIVE PANEL DECISION

### E. Gluck Corporation v. James L. Clark d/b/a Animationwerks

### Case No. D2000-1651

## 1.    The Parties

The Complainant is: E. Gluck Corporation, a New York corporation with a principal place of business at 29-10 Thompson Avenue, Long Island City, New York 11101, U.S.A. The Complainant is represented by: Amy B. Goldsmith, Esq. and Marc P. Misthal, Esq., Gottlieb, Rackman & Reisman, P.C., 270 Madison Ave., New York, New York 10016, U.S.A.

The Respondent is James L. Clark d/b/a Animationwerks, 300 E. Canon Perdido Suite C-1, Santa Barbara, California 93101, U.S.A. The Respondent is represented by: Victoria A. Carver, Esq., Carver Law, Pacific Technology Center, 5385 Hollister Avenue no. 212, Santa Barbara, California 93111, U.S.A.

## 2.    The Domain Name and Registrar

The domain name in dispute is: <nowwatch.com>.

The registrar for the disputed domain name is: Network Solutions, Inc. (NSI), 505 Huntmar Park Drive, Herndon, Virginia 20170, U.S.A.

## 3.    Procedural History

This dispute is to be resolved in accordance with the Uniform Domain Name Dispute Resolution Policy(the Policy) and Rules (the Rules) approved by the Internet Corporation for Assigned Names and Numbers (ICANN) on October 24, 1999, and the World Intellectual Property Organization Arbitration and Mediation Center's Supplemental Rules for the Uniform Domain Name Dispute Resolution Policy (the Center, the Supplemental Rules).

The Complaint was filed on November 28, 2000. On November 30, 2000, the Center requested that the Registrar NSI check and report back on the registrant for the domain

name <nowwatch.com>. On December 5, 2000, NSI reported to the Center that the registrant was the Respondent.

On January 5, 2001, the Center notified the Respondent about the Complaint by e-mail and registered mail, and this proceeding officially began. The Center received Respondent's Response by e-mail on January 24, 2001 and in hard copy on January 26, 2001.

On February 2, 2001, the Administrative Panel submitted a Declaration of Impartiality and Independence and the Center proceeded to appoint the Panel on February 6, 2001.

The Panel finds the Center has adhered to the Policy and Rules in administering this Case.

This Decision is due by February 19, 2001.

## 4.    Factual Background

The Complainant is a New York corporation that manufactures and sells watches. On its United States federal trademark application the Complainant claims to have begun selling watches using the "NOW" name on September 16, 1986. From that date to the present, Complainant claims to have sold hundreds of thousands of NOW watches totalling millions of dollars in sales in department and discount stores.

The Respondent is an individual doing business in Santa Barbara, California as Animationwerks. On February 24, 1999, the Respondent registered the disputed domain name <nowwatch.com>. Later, on July 28, 1999, Respondent applied to register "NOW" as a United States federal trademark to be used to sell watches, but his two applications were both rejected on December 21, 1999 by the United States Patent and Trademark Office because they infringed already existing trademarks, including the Complainant's . The Complainant wrote to the Respondent and alleged trademark infringement on August 31, 2000 because the Respondent was selling watches at the disputed domain name website (Exhibit K). Thereafter, Respondent ceased selling watches at the website but did not transfer the domain name to Complainant as Complainant had requested. Instead, Respondent began using the disputed domain name to point to another website that offered children's videos for sale.

The Complainant has initiated this proceeding in order to seek transfer of the disputed domain name <nowwatch.com>.

## 5.    The Parties' Contentions

### The Complainant's Contentions:

- The presence of the word "watch" does not distinguish the disputed domain name <nowwatch.com> from Complainant's registered trademark NOW. By using Complainant's mark in connection with a generic word identifying the same goods for which Complainant uses the mark, Respondent is confusing consumers into believing the website at <nowwatch.com> is associated in some way with Complainant.

- The presence of a top level domain name does not preclude a finding of confusing similarity.

- The Respondent lacks in rights or legitimate interests in the disputed domain name since the Complainant in no way authorized the Respondent to use its trademark in the name.

- There is no evidence that Respondent, before any notice of the dispute, was using or was preparing to use the <nowwatch.com> domain name in connection with a bona fide offering of goods or services. For a use to be bona fide under the Policy, it must be a non-infringing use since trademark law prevents the use of a mark in conjunction with goods or services similar to those for which the mark was already registered.

- Where a party has registered and used a domain name in bad faith, that party cannot be found to have made a bona fide offering of goods and services.

- Respondent's knowledge of Complainant's prior use of the disputed domain name is evidence of bad faith.

- The passive holding of a domain name can be in bad faith.


**The Respondent's Contentions**

- A search on the U.S. Trademark Agency database discloses six (6) trademarks registered to others comprised of the terms NOW and WATCH for use with a variety of goods and services.

- The phrase "NOW WATCH" is comprised of common English words and is in widespread use on the Internet.

- Complainant does not have the exclusive right to use the term "now" in conjunction with watches and related goods.

- Respondent's trademark applications to register the mark "NOW WATCH" were made in good faith.

- Respondent's registration of various domain names incorporating the trademarks of third parties were made in good faith.

- Respondent has made preparations to use and is currently using the domain name <nowwatch.com> in connection with a bona fide offering of services, ie, as an advertising and promotional site for Firehouse Tales, childrens' videos.

**6.    Discussion and Findings**

In order for Complainant to prevail and have the disputed domain name <nowwatch.com> transferred to it, Complainant must prove the following (the Policy, para 4(a)(i-iii):

- the domain name is identical or confusingly similar to a trademark or service mark in which the Complainant has rights; and

- the Respondent has no rights or legitimate interests in respect of the domain name; and

- the domain name was registered and is being used in bad faith

**Identical or Confusingly Similar**

The Complainant has provided exemplary copies of its registration of the NOW mark for watches: United States principal register trademark registration no. 1,446,294 dated July 7, 1987 in international class 14 for use with watches (Complaint Exhibit D).

The disputed domain name, <nowwatch.com>, adds only the generic "watch" and the irrelevant top level domain "com".  Thus, Respondent's domain name is, at best, confusingly similar to Complainant's trademark, the more so as Respondent shortly after registering the disputed domain name sought to apply it to the same class of goods as the Complainant, viz., watches.

The Panel is aware that the disputed domain name, <nowwatch.com>, can be used in a second sense, as in "look now".  However, the Respondent registered the domain name and attempted to use it to sell upscale watches.  Therefore, the Panel finds it is appropriate to use the disputed domain name in the sense of "now timepieces".

The Panel finds the disputed domain name <nowwatch.com> is, at best, confusingly similar to Complainant's trademark.

**Legitimate Rights or Interests**

Under these provisions of the Policy, the Panel looks to determine whether, before receiving notice of the dispute, the Respondent was using the domain name in connection with a bona fide offering of goods and services; or the Respondent was commonly known by the name in dispute; or the Respondent was making a legitimate noncommercial or fair use of the domain name.  (the Policy 4(c)(i-iii)

Here, the Respondent claims to be making a bona fide offering of goods and services, ie, Respondent uses the disputed domain name website to point to a second website offering Firehouse Tales children's videos.  The Panel does not believe this qualifies as using the website to make a bona fide offering of goods and services, firstly, because the second website selling Firehouse videos does not seem to have much to do with the Respondent.

Secondly, and more importantly, the Panel finds the Respondent initially registered the disputed domain name and tried to obtain the associated trademarks in order to pursue the same business as Complainant, ie, to sell watches.  At that point the domain name selling

watches infringed the Complainant's trademark rights. The Panel finds this is the appropriate point to determine whether the Respondent was using the domain name to make a bona fide offering of goods and services, and the Panel finds Respondent's infringing use was not a bona fide use (*Chanel, Inc. v. Estco Technology Group*, WIPO No. D2000-0413, September 18, 2000) .

As a result, the Panel finds the Respondent has no legitimate rights or interests in the disputed domain name.

**Registered and Used in Bad Faith**

The Respondent claims to have applied on July 28, 1999 to register a United States federal NOW WATCH trademark for watches in good faith as he was unaware of Complainant's rights. The Panel does not find this believable under the circumstances, for Complainant's trademark had been registered on the United States principal register on July 7, 1987, and Complainant has provided ample evidence of its widespread sales and advertising since that date (Complaint, Exhibit F). Even after this was explained to the Respondent by the United States Patent and Trademark Office (Complaint Exhibit G), the Respondent proceeded to use the disputed domain name to sell watches in competition with the Complainant.

The Respondent seems to be asking for a personal exception based on his ignorance of the significance of Complainant's registration and prior use, but the Panel does not believe it would be wise to accept such a subjective standard. The Panel finds the Complainant's trademark registration and advertising and sales all over the United States provided reasonable notice to all concerned, including the Respondent.

Even if the Panel gives the Respondent the benefit of the little doubt the Panel can muster, Respondent's behavior after being notified by Complainant dispels this doubt. Respondent tried to contrive another use for the domain name by pointing it to a children's video website with which, in the Panel's opinion, the Respondent has doubtful ties of recent vintage. And finally, the Panel does not believe a businessman who endeavors to sell goods from watches to children's videos can be in any doubt that when he registers four (4) domain name versions of the illustrious automobile trademark "Ferrari", he is infringing others' trademark rights (Response p. 4).

The specific bad faith registration provisions of the Policy are perhaps not applicable, but they are illustrative and not exhaustive (*Pharmacia & Upjohn Company v. Xanax Advocates*, WIPO Case No. D2000-0817, September 10, 2000). The Panel has no doubt that the facts as summarized in this opinion clearly point to Respondent's bad faith in registration and use of the disputed domain name.

7.    **Decision**

The Panel finds that the Respondent registered a domain name confusingly similar to the trademark of the Complainant. The Panel further finds the Respondent had no legitimate rights or interests in the domain name and registered and was using it in bad faith. Therefore, in accord with the Policy para 4(i) and Rule 15, the Panel orders that the

disputed domain name, <nowwatch.com>, be transferred from the Respondent, James L. Clark d/b/a Animationwerks, to the Complainant, E. Gluck Corporation.

_____

Dennis A. Foster
Sole Panelist

Dated:  February 19, 2001