IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. GLUCK CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> ADAM ROTHENHAUS, <br><br> Defendant. | Civil Action No.: <br> 08 Civ. 3466 (VM)(RLE) <br><br><br> Filed Electronically |

**REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION
PURSUANT TO RULE 12, FED. R. CIV. P.**

Defendant submits this Reply Memorandum in Support of Defendant's Motion Pursuant to Rule 12, Fed. R. Civ. P. Plaintiff's First Amended Complaint ("FAC") must be dismissed because the claims do not meet the plausibility standard in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) and *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

**1.    Plaintiff Did Not Attempt to Meet The Supreme Court's Pleading Standard**

Plaintiff does not attempt to argue that it met the plausibility standard under *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), and *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). Opposition, p. 1 (Dkt. 28). Plaintiff's claims are speculative and implausible given the explanations in the FAC and its exhibits. The Second Circuit's flexible plausibility standard "obliges a pleader to amplify a claim with some factual

allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal* at 157-58. The FAC presents obvious alternative explanations and Plaintiff failed in its obligation to amplify its factual allegations to render its claims plausible.

Plaintiff avers that it met the pleading requirements based on the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41 (1957), which was expressly rejected by the Supreme Court a year before Plaintiff filed the FAC. Defendant's Motion (Dkt 27) set out in detail the developments brought about by *Twombly*. The Court said of the "no set of facts" language of *Conley*, "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly* at 1969.

**2.     Plaintiff's Cybersquatting Claim Must Be Dismissed**

To assert that it has met its burden of pleading the bad faith element of its cybersquatting claim, Plaintiff cites *V'Soske v. Vsoske.com*, 2001 U.S. Dist Lexis 6675 (S.D.N.Y. 2001), a case decided before *Twombly*. Plaintiff asserts that its claims should survive because it pleaded bad faith.[1] Opposition pp. 3-4. Plaintiff's formulaic recitation of the elements of the claim is not sufficient. *Twombly* at 1964-65. Plaintiff did not amplify the claim with the facts that render it plausible. For example, there is no factual allegation to support a finding that Defendant registered the domain in bad faith. "On a motion to dismiss, courts are not bound to accept as true a legal conclusion

---

[1]     Plaintiff erroneously claims that Defendant conceded the other elements of the cybersquatting claim. Opposition, p. 2. Plaintiff failed to plead facts to allege that it has a protectible mark at all and that the domain name is confusingly similar. (Dkt 27,

couched as a factual allegation. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 1965 (internal quotes omitted.)

Exhibit D to the FAC establishes that the PTO informed Defendant of Plaintiff's mark on August 1, 2006. Plaintiff alleges Defendant registered the website in February 2005. FAC ¶ 22. There is absolutely no factual support rendering plausible Plaintiff's conclusory allegations that Defendant both (1) had notice of Plaintiff's mark when he registered the domain and (2) knew that use of the domain would create a likelihood of confusion. FAC ¶ 23. Mere conclusions of law or unwarranted deductions of fact need not be accepted as true. *Stephens v. Shuttle Associates, LLC*, 547 F. Supp. 2d 269 (S.D.N.Y. 2008); *Bruno v. Metropolitan Transportation Authority*, 544 F. Supp. 2d 393 (S.D.N.Y 2008).

Even prior knowledge of a senior user's mark is not inconsistent with good faith. *Savin Corp. v. Savin Group*, 391 F.3d 439, 460 (2d Cir. 2004). So Plaintiff also pleaded that Defendant registered his domain "with the intent to divert consumers from plaintiff" and that Defendant knew that his actions "would violate plaintiff's rights." FAC ¶ 23. This is not a factual allegation, but a recitation of the elements of the claim lifted from 15 U.S.C. § 1125(d)(1)(B)(i)(V). A complaint, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly Id.* at 1964-65.

Plaintiff does not – because it cannot – plead facts about any actions Defendant took to support the alleged intent to divert consumers. For example, Plaintiff does not allege Defendant uses Plaintiff's name or "Armitron" mark on his website or in advertising. Plaintiff does not allege the site emulates the look of Plaintiff's website or products, or in any way tries to convey to a consumer that it is visiting Plaintiff's

---

Motion, pp. 6-7; *infra*, pp. 6-8). Plaintiff's cybersquatting claim fails for its inability to

website or doing business with Plaintiff. In this regard, Plaintiff fails to amplify its conclusory allegations and recitation of elements of the claim with supporting facts to render its claim plausible. Defendant's website, (excerpt at FAC Exhibit K; Dkt. 25, Exhibit DG) is incorporated in the FAC by reference. *V'Soske* at *17-*18; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d. Cir. 2002). On the site, Defendant tells his own story about the creation of his watch.

The FAC suffers from the same problem as the complaint in *Twombly*. Twombly pleaded "upon information and belief" that the defendants entered into a "contract, combination or conspiracy" and "have agreed not to compete" to state an antitrust claim. On its face, Twombly pleaded the necessary elements of the claim. What was missing, however, were facts to support any such agreement. The Court required a pleading with sufficient factual allegations to suggest that an agreement was made; it found a conclusory allegation of agreement "at some unidentified point does not supply facts adequate" to plead the claim. *Twombly* at 1965. "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at note 3.

> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "show that the pleader is entitled to relief". . . Terms like 'conspiracy' or even 'agreement' are border-line; they might well be sufficient in conjunction with a more specific allegation – for example, identifying a written agreement or even a basis for inferring a tacit agreement, . . . but a court is not required to accept such terms as a sufficient basis for a complaint. *Id.* at 1966.

The *Twombly* Court required facts to support a plausible suggestion of a conspiracy. It considered alternate reasons for the defendant's behavior and required the plaintiff to overcome the "obvious alternative explanation." *Id*. at 1971-72. This did

---

amplify its claim with facts on any one of these elements, including bad faith.

not impose a heightened pleading standard. The complaint was dismissed because the "plaintiffs here have not nudged their claims across the line from conceivable to plausible." *Id.* at 1973.

The term at issue here is 'bad faith.' Like the plaintiff in *Twombly*, Plaintiff makes an allegation upon information and belief by mimicking the legal standard, not by alleging specific facts that support a finding of bad faith. Like the allegation in *Twombly*, bad faith requires something "more." Bad faith is the "intent to obtain [a] free ride on the reputation of the trademark owner." *McGregor-Doniger, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1137 (2d Cir. 1979). "Prior knowledge of a senior user's mark does not, without more, create an inference of bad faith. *Playtex Products, Inc. v. Georgia-Pacific Corp.*, 390 F.3d 158, 166 (2d Cir. 2004).[2] Plaintiff fails to plead facts to supply "more."

Just as in *Twombly*, there is an obvious alternative explanation for Defendant's behavior. As stated in the FAC (Exhibit E), Defendant placed "Now" on the face of a watch to provide the wearer with "an additional meaning with a distinct purpose. That is, when wearers look at their Now Watch, they will be reminded that it is always the present moment, in other words, now." FAC, Exhibit E, p. 1. The message of "Now" on the face of a watch made adopting "The Now Watch" as the name of the company and a description of the watch a reasonable business decision and made registering the domain, thenowwatch.com, logical. Just as in *Twombly*, the Defendant was motivated by "lawful independent goals." *Id.* at 1971. Plaintiff has been unable to cite a case to support its allegation that use of a mark after a non-final refusal from the PTO

---

[2] Plaintiff attempts to distinguish the instant case from *Arnold v. ABC, Inc.*, 2007 U.S. Dist. LEXIS 5802 at *12 (S.D.N.Y. Jan. 29, 2007) by claiming that Plaintiff alleged knowledge by Defendant of Plaintiff's mark. Opp., p. 4. As noted, *supra*, in *Savin* and *Playtex*, knowledge alone is legally insufficient to support bad faith. The complaints in both cases failed to allege sufficient facts to make a claim of bad faith plausible.

evidences any bad faith: the intent to trade on the reputation of a trademark owner.[3] Plaintiff fails to – because it cannot – allege facts that Defendant's website, watch or packaging (FAC Exhibit I) are designed to trade on Plaintiff's reputation.

Plaintiff has not attempted to explain how its conclusory pleading is plausible given the obvious alternative explanation provided in the FAC itself.  Plaintiff does not allege that Defendant copied its watches.  Plaintiff does not allege that Defendant's website leads customers to believe they are at Armitron's site.  Plaintiff does not claim similarity in the packaging or advertising.  Plaintiff does not plead facts to support any of the statutory bases for a finding of bad faith under 15 U.S.C. § 1125(d)(1)(B)(i).  In the absence of these supporting facts, and the presence of an obvious alternative explanation, Plaintiff's claim is not plausible and must be dismissed.

### 3.      Plaintiff's Trademark Claims Must Be Dismissed

Plaintiff must show (1) that it owns a valid mark that merits protection, and (2) Defendant's mark results in a likelihood of confusion between the two marks to an appreciable number of consumers.  *See Brennan's, Inc. v. Brennan's Rest., L.L.C.*, 360 F.3d 125, 129, 135 (2d Cir. 2004); Opposition, p. 5, citing *Cadbury Beverages, Inc. v. Cott Corp.*, 73 F.3d 474, 477 (2d Cir. 1996).  Again, Plaintiff failed to plead facts to make its claims plausible.  Plaintiff incorrectly asserts that no such factual pleading is necessary. Opposition, pp. 4-5.  In *Dow Jones & Co., Inc. v. Int'l Security Exchange, Inc. et al*, 451 F.3d 295, 307-08 (2d Cir. 2006), the Second Circuit upheld dismissal of a Lanham Act claim under Rule 12(b)(6), finding that conclusory allegations or legal conclusions

---

[3]   The PTO's refusal to register is "a factor which, while not conclusive, is entitled to great weight" on the issue of likelihood of confusion, not bad faith.  *Syntex Laboratories, Inc. v. Norwich Pharmacal Co.*, 437 F. 2d 566, 569 (2d Cir. 1971).  The

masquerading as factual conclusions will not suffice to prevent a motion to dismiss.. A complaint must show by facts alleged that the plaintiff is entitled to relief. *Id.* at 307.

The advertisements and other documents attached as Exhibit A to the FAC demonstrate that Plaintiff does not use "Now" to identify the source of its watches (and thus serve the function of a trademark, 15 U.S.C. § 1127). Instead, Plaintiff uses "Now by Armitron," "Armitron Now" or some combination with "Armitron." In its Opposition, Plaintiff does not attempt to argue the plausibility of its pleading that "Now" alone is protectible.

If "Now" alone does not both create a separate and distinct commercial impression and serve to indicate Plaintiff as the source, it fails as a mark. *Id.*; *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 115 (2d Cir. 2006). The exhibits to the FAC support the conclusion that consumers associate "Armitron" with Plaintiff, and even perhaps "Armitron Now" with Plaintiff, but not that consumers associate "Now" alone with Plaintiff. *Phillip Morris v. Inc. v. R.J. Reynolds, Tobacco Co.*, 188 U.S.P.Q. 289 (S.D.N.Y. 1975). When a complaint presents alternative theories, one which supports a claim[4] and one which undermines it, it is up to the Plaintiff to provide factual support to nudge its claim from conceivable to plausible. *Twombly* at 1973. Plaintiff fails to do so.[5]

---

responses to the Office Actions demonstrate Defendant's ongoing basis for believing he could properly use "The Now Watch." FAC Exhibits E, G.

[4] Plaintiff's alleges that "[o]ver the last twenty-two years, plaintiff has extensively advertised and promoted its NOW branded watch and has achieved substantial commercial success selling watches under the NOW trademark. FAC ¶ 4.

[5] Nor does Plaintiff address the issue that registration and incontestability are statutory constructs, requiring the operation of law to make them valid or protectible. When the evidence attached to the Complaint supports a finding that the mark is not used as in the registration, it is incumbent on Plaintiff to amplify factual allegations to make its claims plausible. *Iqbal* at 157-58.

Plaintiff's claim that it is not required to plead specific facts which would support a finding of infringement (Opposition, p. 6) also ignores the plausibility standard. Plaintiff's Opposition fails to explain how its conclusory pleadings (e.g., FAC ¶¶ 31, 32) meet the plausibility standard when the complaint itself demonstrates differences in the marks, the customers, the watches, the packaging, (FAC Exhibits, A, I) and the advertising, including Defendant's website (FAC Exhibit K). Plaintiff's mere assertion that Defendant's use constitutes trademark infringement does not show, by facts alleged, even if true, that Plaintiff is entitled to relief. *Twombly* at 1965, n. 3. When a complaint consists of "conclusory allegations unsupported by factual assertions" it fails even the liberal standards of Rule 12 (b)(6). *Dow Jones & Co., Inc. v. Int'l Security Exchange, Inc. et al*, 451 F.3d 295, 307 (2d Cir. 2006). Where, as here, there are exhibits and other facts which make Plaintiff's claim implausible, Plaintiff must provide greater factual amplification to demonstrate it is entitled to relief. *Iqbal* at 157-58.

Plaintiff does not deny that it requests relief for which it did not plead a claim. Plaintiff claims false designation of origin under 15 U.S.C. § 1125(a). FAC ¶48. Plaintiff, however, asked for the remedies associated with a false affiliation or sponsorship claim. FAC, p. 11 ¶ B. Plaintiff should be precluded from asserting any false affiliation claims.

**4.     Plaintiff Cannot Overcome Defendant's Fair Use Defense**

Contrary to Plaintiff claims, (Opposition, p. 7), courts can, and have, dismissed cases at the pleading stage based on an assertion of fair use. *Arnold v. ABC, Inc.*, 2007 U.S. Dist. LEXIS 5802 (S.D.N.Y. Jan. 29, 2007).[6] Plaintiff argues that because it pleaded

---

[6]     Plaintiff asserts that *Arnold* is distinguishable because the fair use did not occur on the goods themselves but in advertising. There are numerous cases where fair use was found for use on the goods. For example, in *Car-Freshner Corp. v. S.C. Johnson & Son, Inc.*, 70 F.3d 267, 270 (2d Cir. 1995) the Court found fair use of the mark – the shape

that "Now" is used as a trademark, the FAC cannot be dismissed for fair use (Opposition, pp. 7-8) and relies on pre-*Twombly* cases for support. Plaintiff made no attempt to argue that the FAC met the plausibility standard.

The facts set forth in the FAC demonstrates the use of "Now" (1) other than as a mark (2) in a descriptive sense (Exhibit I) and (3) Defendant's good faith in adopting the mark (Exhibit E). "Now" on the face of the watch conveys a message: the dictionary definition of "the present moment." TMEP § 1202.03(f)(i).[7] In light of the evidence pleaded in support of the obvious alternative explanation of fair use, Plaintiff's conclusory allegations of infringement by "Now" on the face of the watch (e.g., FAC ¶¶ 31, 32) do not meet the plausibility standard. Moreover, *Arnold* requires a Plaintiff to plead facts sufficient to give rise to an inference of bad faith. As discussed, *supra*, pp. 5-6, Plaintiff has failed to do so. In the context of these facts and standards, Plaintiff has not amplified its claim with sufficient facts to make Plaintiff's claim plausible.

### 5. Conclusion

Plaintiff is unable to plead the necessary elements of the cybersquatting claim. It failed to plead that Defendant registered the domain in bad faith or that he continued to use it in bad faith. On its Lanham Act claims, Plaintiff has only alleged conclusory allegations that its mark is protectible and infringed. Plaintiff admits that, although it asked for relief based on a false sponsorship or affiliation claim, it never pleaded such a

---

of the goods – for pine-tree-shaped air fresheners. In *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 12-13 (2d Cir. 1976) the Court found fair use for various "Safari" marks on boots. In *Dessert Beauty, Inc. v. Fox*, 2008 U.S. Dist. Lexis 58039 (S.D.N.Y. July 31, 2008), the Court found fair use for the mark "love potion" on perfumes.

[7]   Court can take judicial notice of dictionary definitions and public documents. *Dessert Beauty* at *16-17; *V'Soske* at *17-18.

claim. Moreover, Plaintiff cannot sufficiently allege a trademark claim based on the use of "Now" on a watch face because it is a fair use.

Plaintiff has already had one opportunity to amend and there is no reason to believe another attempt at amendment would be fruitful. Accordingly, the First Amended Complaint should be dismissed with prejudice.

                                              Respectfully submitted,

Dated: August 12, 2008                  By: *Elizabeth Shieldkret*
                                              Elizabeth Shieldkret (ES 0625)
                                              85-86 67th Avenue
                                              Rego Park, NY 11374
                                              (718) 997-0290
                                              es@eshieldkret.com

                                              Attorney for Defendant,
                                              Adam Rothenhaus